# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
|   *Plaintiff*, | |
|      v. | Case No. 6:20-cv-00423-JFH |
| JEFFREY LOWE, | |
| LAUREN LOWE, | |
| GREATER WYNNEWOOD EXOTIC ANIMAL PARK, LLC, and | |
| TIGER KING, LLC, | |
|   *Defendants*. | |

## UNITED STATES' RESPONSE TO MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANTS

The United States respectfully requests that the Court deny Daniel J. Card's Motion to Withdraw as Counsel of Record for Defendants (Dkt. 77) without prejudice and order Mr. Card to remain counsel of record until a new attorney makes an appearance as counsel for Defendants.[1]

On March 17, 2021, Mr. Card moved to withdraw as counsel for all Defendants for health reasons. Dkt. 77. No other attorney has appeared on behalf of Defendants in this litigation. Mr.

---

[1] Over email communication, counsel for the United States informed Mr. Card that it would not oppose his motion to withdraw provided that he complete briefing on the pending motions or ensure that the new attorney would be able to, so as not to delay the litigation. However, the United States was unaware that Mr. Card's motion would not identify a new attorney for Defendants or provide any information on when one could be expected. Additionally, the United States subsequently discovered Defendants' history of delaying other litigation by having no attorney appear on their behalf. Given this information, the United States now opposes the motion, insofar as it leaves Defendants with no counsel and the probability of impeding the progress of this litigation.

Card's motion does not mention any substitute counsel or a timeframe by which new counsel will appear. While the United States does not oppose Mr. Card's withdrawal *per se*, allowing Mr. Card to withdraw without another attorney in place could significantly delay this litigation. Given Defendants' pattern and practice of disregarding this Court's deadlines and orders, Defendants' history of delay in obtaining new counsel in other litigation, and the time-sensitive nature of the United States' claims, the Court should deny Mr. Card's motion and permit him to refile once a new attorney has appeared.

## I.    LEGAL STANDARD

The district court has discretion to grant or deny an attorney's motion to withdraw. *See Abell v. Babbitt*, 176 F.3d 488, at *2 (10th Cir. 1999) (unpublished); *Pepe v. Koreny*, 189 F.3d 478, at *2 (10th Cir. 1999) (unpublished). This discretion is inherent in the Court's power to control its own docket. *Pepe*, 189 F.3d 478, at *2. "Generally, district courts consider whether the case will be disrupted by the withdrawal of counsel." *Sanders v. Sw. Bell Tel., L.P.*, No. 03-CV-0452-CVE-FHM, 2009 WL 1765981, at *2 (N.D. Okla. June 16, 2009) (citing *Whiting v. Lacara*, 187 F.3d 317, 321 (2d Cir. 1999)). This entails considering whether "the withdrawal will disrupt or delay a case, and whether the withdrawal will prejudice opposing parties." *Leaton v. Navajo Refinery*, No. 09-CV 382 WPL/CG, 2011 WL 13262486, at *2 (D.N.M. Feb. 24, 2011).

## II.   ARGUMENT

If Mr. Card is permitted to withdraw without any other counsel appearing to represent Defendants, this litigation is likely to be significantly delayed. Defendants Greater Wynnewood Exotic Animal Park, LLC and Tiger King, LLC may not proceed *pro se* because they are not natural persons. *See* LCvR 17.1; *Tal v. Hogan*, 453 F.3d 1244, 1254-55 (10th Cir. 2006). Counsel is required for these Defendants to participate in this litigation.

There are several pending and upcoming matters which will be disrupted if Defendants do not have counsel. As the Court recently found in its order granting the United States' Motion to Enforce, Defendants are currently in violation of the Court's January 15, 2021 Order. Dkt. 78 at 11. Among other things, the Court found that Defendants have failed to produce all acquisition and disposition records for animals added to or missing from their inventories since June 22, 2020, and failed to retain a qualified attending veterinarian under formal arrangements consistent with the requirements of 9 C.F.R. §§ 1.1 and 2.40. Dkt. 78 at 5-9. The Court has

2

ordered Defendants to comply with these provisions by April 2, 2021, Dkt. 80, but as of the date of this filing, Defendants not yet completed these obligations.  The Court also has set a hearing on May 12, 2021, for Defendants to show cause why they should not be found in civil contempt. Dkt. 78 at 11.  Without counsel, it is highly unlikely that Defendants will take the necessary steps to comply with the Court's orders and provide the requisite information to the United States. Further, without new counsel, it is likely that Defendants would seek to delay the May 12, 2021 show cause hearing and any hearing the Court may set regarding Defendants' Motion to Dismiss, Dkt. 73.

While in some situations it would be sufficient for the Court to establish a deadline by which Defendants should obtain new counsel, Defendants in this case have shown a unique disregard for court orders and deadlines, which could render that approach ineffective.  Several times in this litigation, Defendants have filed documents out of time—such as their responses to the United States' Second Motion for Preliminary Injunction and Motion for a Temporary Restraining Order—or not at all—such as their response to the United States' Motion to Enforce. Defendants have also willfully ignored court orders and their own stipulated agreements, to the detriment of the animals in their care.  *See* Dkt. 78 at 11; Dkt. 72 at 1-10; Dkt. 32 at 10-11.

In other litigation, Defendants have shown a similar disregard for court orders, including defying orders to obtain an entry of appearance for new counsel.  *Big Cat Rescue Corp. v. G.W. Exotic Animal Memorial Foundation*, No. CIV-14-377-SLP (W.D. Okla.), in which Defendant Greater Wynnewood Exotic Animal Park, LLC was an intervenor and counterclaim defendant, provides a prime example.  On August 24, 2018, the District Court for the Western District of Oklahoma granted Greater Wynnewood's counsels' motion to withdraw and ordered Greater Wynnewood to secure an entry of appearance for new counsel within 30 days.  Order, *Big Cat Rescue Corp. v. G.W. Exotic Animal Mem'l Found.*, No. CIV-14-377-SLP (W.D. Okla. Aug. 24, 2018), Dkt. 407.  Greater Wynnewood *still* has not complied with that order, roughly two and a half years later.  In that litigation, there are currently pending motions to hold Greater Wynnewood and its owner, Jeffrey Lowe, in contempt for failure to comply with court orders— including a motion for contempt that has been pending ever since counsel withdrew in 2018.  *See* Joint Report of Plaintiff & Receiver on Certain Pending Motions at 2-5, 2 n.1, *Big Cat Rescue Corp.*, No. CIV-14-377-SLP (Aug. 11, 2020), Dkt. 413.

In another case, *Big Cat Rescue Corp. v. Schreibvogel*, No. CIV-16-155-SLP (W.D. Okla.), counsel for Greater Wynnewood Development Group, LLC ("GWDG")—another entity controlled by Mr. Lowe[2]—moved to withdraw. The court granted the motion on September 6, 2018, and ordered GWDG to obtain counsel within 30 days. Order, *Big Cat Rescue Corp. v. Schreibvogel*, No. CIV-16-155-SLP (W.D. Okla. Sept. 6, 2018), Dkt. 133. On August 29, 2019, the court entered a default judgment against GWDG based on its "failure to obtain new counsel and its failure to otherwise obey or respond to the Court's orders in this case." Order at 3, *Big Cat Rescue Corp. v. Schreibvogel*, No. CIV-16-155-SLP (Aug. 29, 2019), Dkt. 142. The court found that the plaintiff had been "prejudiced by GWDG's failure to obtain counsel" and "the judicial process has been interfered with substantially by GWDG's actions." *Id.* Counsel for GWDG finally appeared in the case after almost two years of unnecessary delay and nonparticipation by GWDG.

Like in those other cases, there is no reason to suspect that Defendants are unable to secure other counsel. *See id.* ("The Court has been provided with no indication that GWDG is unable to obtain substituted counsel; it simply has declined to do so."). Indeed, Defendants appear to be represented by an attorney named James Wirth in other matters. *See* Christina Morales, *Justice Department Sues Jeffrey Lowe of 'Tiger King' Over Treatment of Animals*, N.Y. Times (Nov. 20, 2020), https://www.nytimes.com/2020/11/20/us/jeffrey-lowe-tiger-king.html (identifying James M. Wirth as "Mr. Lowe's lawyer"); Ex. E to the United States' 2d Motion for Preliminary Injunction, Dkt. 28-7 at 32 (Facebook post from Greater Wynnewood Exotic Animal Park referencing "our Attorney[s] from Wirth Law Office in Tulsa"); Business Entities Search for "Tiger King LLC", Oklahoma Secretary of State, https://www.sos.ok.gov/corp/order/orderDetail.aspx?doc=46682270002 (last visited March 29, 2021) (listing James M. Wirth as the registered agent for Tiger King, LLC).

Given Defendants' past abuses, the withdrawal of Defendants' counsel could lead to a prolonged delay in this litigation, which would prejudice the interests of the United States and potentially result in additional harm to the animals in Defendants' control and care. This case is inherently time-sensitive because it concerns the welfare and treatment of live animals.

---

[2] *See* Order at 3, *Big Cat Rescue Corp. v. Schreibvogel*, No. CIV-16-155-SLP (August 24, 2020), Dkt. 179 (holding Mr. Lowe in contempt for failure to comply with court orders because although he was not a party in the case, he was the "sole member and controller of GWDG").

4

Defendants have caused animals in their possession—including animals listed as threatened or endangered under the Endangered Species Act—unnecessary suffering and death. The Court has already ruled that "the health and safety of the animals remaining in Defendants care continues to be at risk of irreparable harm" and warrants preliminary injunctive relief (which Defendants have largely failed to comply with). Dkt. 65 at 29. If Defendants do not have counsel and cannot participate as this litigation progresses, it will delay the resolution of the serious claims in this case and risk "the health, safety, and wellbeing of the approximately 150 animals currently in Defendants['] care." Dkt. 65 at 31.

## III.   Conclusion

The United States respectfully requests that this Court deny Mr. Card's Motion to Withdraw and order Mr. Card to remain Defendants' counsel until a new attorney has made an appearance as counsel of record for Defendants and is prepared to move forward with this litigation in a timely fashion.

DATED: March 29, 2021

Respectfully Submitted,

JEAN E. WILLIAMS
Acting Assistant Attorney General
Environment and Natural Resources Division

/s/ *Briena Strippoli*
BRIENA STRIPPOLI
Trial Attorney
MARY HOLLINGSWORTH
Senior Trial Attorney
DEVON LEA FLANAGAN
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
Mary.Hollingsworth@usdoj.gov | 202-598-1043
Briena.Strippoli@usdoj.gov | 202-598-0412
Devon.Flanagan@usdoj.gov | 202-305-0201
Fax: 202-305-0275

CHRISTOPHER J. WILSON
Acting United States Attorney
SUSAN BRANDON, Civil Chief
United States Attorney's Office
Eastern District of Oklahoma
520 Denison Avenue
Muskogee, OK 74401

*Attorneys for the United States of America*