IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br>             v.<br><br>JEFFREY LOWE,<br><br>LAUREN LOWE,<br><br>GREATER WYNNEWOOD EXOTIC ANIMAL PARK, LLC, and<br><br>TIGER KING, LLC,<br><br>*Defendants*. | Case No. 6:20-cv-00423-JFH |

**UNITED STATES' NOTICE OF DEFENDANTS' CONTINUED NONCOMPLIANCE**

In advance of the May 12, 2021 Show Cause Hearing, the United States hereby notifies the Court that Defendants continue to ignore, defy, and violate the Court's Orders.  Dkt. Nos. 65 (January 15, 2021 Order granting the United States' motions for temporary restraining order and preliminary injunction), 78 (March 22, 2021 Order granting the United States' motion to enforce), 80 (March 26, 2021 Order giving Defendants until April 2, 2021 to comply).  Not only have Defendants failed to come into compliance with the Court's January 15, 2021, March 22, 2021, and March 26, 2021 Orders, but they continue to knowingly and willfully violate those orders, even with a looming Show Cause Hearing.

**I.     Procedural Background**

Defendants' repeated failure to comply with court-ordered deadlines and injunctive relief in this case has been well-documented in the United States' Motion to Enforce the Court's January 15, 2021 Order & the Parties Stipulation, Dkt. No. 72, the United States' Notice of Defendants' Noncompliance, Dkt. No. 83, and other filings and orders, Dkt. Nos. 76, 78, 80, and is incorporated here by reference.

1

The Court has scheduled a Show Cause Hearing on May 12, 2021, during which Defendants will be required to show cause why civil contempt sanctions should not be entered against them. Dkt. No. 78 at 11.

## II. Defendants Continue to Ignore, Defy, and Violate the Court's Orders.

### A. Defendants Continue to Unlawfully Exhibit Their Animals to the Public.

On January 15, 2021, this Court ordered "Defendants, including anyone acting directly or indirectly, through them or on their behalf, . . . [to] immediately cease exhibiting animals protected by the [Endangered Species Act] and the [Animal Welfare Act (AWA)] without a valid [United States Department of Agriculture (USDA)] exhibitor's license." Dkt. No. 65 at 33. "Allow[ing] other members of the public onto the Thackerville Location for the purpose of viewing and filming the animals" constitutes exhibiting. *Id.* at 24-25. However, on or about May 6, 2021, less than one week before the Court's Show Cause Hearing, Defendants again allowed members of the press onto the Tiger King Park property in Thackerville to film their animals. *See* Mike Rogers, *Feds seize big cats from Tiger King Park in Thackerville*, KXII, https://www.kxii.com/2021/05/06/feds-seize-big-cats-from-jeff-lowes-property-in-thackerville/ (last visited May 11, 2021); *see also In re: Martine Colette, An Individual; Wildlife Waystation, A Cal. Corp.*, AWA Docket No. 03-0034, 2009 WL 2710082, *11 (U.S.D.A. 2009) ("Members of the press are generally considered 'the public' for Animal Welfare Act purposes."). Defendants still do not possess a valid USDA exhibitor's license. *See* Dkt. No. 65 at 26 ("As exhibitors, subject to the provisions of the AWA, Defendants are prohibited from exhibiting their animals without a valid exhibitor's license.") (citations omitted). Thus, Defendants are continuing to exhibit their animals without a license in violation of the Court's Orders. *Id.* at 33; *see also* Dkt. No. 80 at 2 (requiring Defendants to "fully comply with the Court's January 15, 2021 Order").

### B. Defendants Failed to Provide a Disposition Record for an Additional Dead Animal.

On January 15, 2021, the Court also ordered Defendants to "submit acquisition and disposition records to counsel for the United States within 7 days of any change to the December 16, 2020 animal inventory, including the birth *or death of any animal*." Dkt. No. 65 at 34 (emphasis added); *see also* Dkt. Nos. 78, 80. On May 1, 2021, Dr. Fryer informed the USDA that Georgie, one of Defendants' two red foxes, "was found dead unexpectedly." *See* Exhibit 1

(Dr. Fryer's May 1, 2021 email to USDA). Apparently, Defendants did not even contact their own veterinarian regarding the condition of this animal. According to Dr. Fryer, she was not made aware of the animal's death until she visited the Thackerville facility on April 30, 2021, otherwise she "would have alerted [USDA] sooner." *Id.* To date, Defendants have not provided the United States with a disposition record for this animal. Without such record, the United States does not know the date or circumstances surrounding this animal's death. Such information is particularly important in cases like this one where Georgie was not examined at the veterinary clinic and there were "[n]o medical concerns [] noted about Georgie by staff previous to finding the animal deceased." *See* Exhibit 2 (Dr. Fryer's May 5, 2021 email to USDA). The United States requires this information to accurately track Defendants' animals and to ensure that they are receiving adequate care.

After Dr. Fryer alerted the USDA that Georgie died, the United States reminded Defendants' counsel about Defendants' obligation to produce said disposition record, but, to date, the United States has neither received a disposition record nor a response. *See* Exhibit 3 (Attorney Strippoli's May 4, 2021 email to Attorney Card). Despite court orders requiring that they produce the disposition record within 7 days of an animal's death, a reminder and request to produce the disposition record, and a looming Show Cause Hearing, Defendants still have not submitted Georgie's disposition record.

### C. Defendants Are Continuing to Breed Animals and Have Failed to Provide Acquisition Records.

The Court's January 15, 2021 Order required Defendants to "submit acquisition . . . records to counsel for the United States within 7 days of any change to the December 16, 2020 animal inventory, including *the birth . . . of any animal*." Dkt. No. 65 at 34 (emphasis added); *see* Dkt. Nos. 78, 80; *see also* 9 C.F.R. § 2.75(b). The United States has learned that the Thackerville facility currently contains three new lemur pups born to three different mothers. Exhibit 1, Attach. Client Communication. Defendants have submitted *no* acquisition records for any animals born at the Thackerville facility since the January 15, 2021 Order, including these three new lemur pups. Further, there is no evidence or representation that Defendants have separated the intact male and female lemurs or that Defendants have taken their veterinarian's advice to neuter the male lemurs. *Id.*; *see* Dkt. No. 65 at 34 (the Court's January 15, 2021 Order prohibited Defendants from acquiring any ESA or AWA protected animals, which includes the

3

birth of new animals, without first conferring with the United States and obtaining leave of Court). The United States reminded Defendants' counsel about Defendants' obligation to produce acquisition records for the three new lemur pups, but, to date, has neither received the acquisition records nor a response. *See* Exhibit 3. Thus, Defendants are continuing to violate the Court's Orders by not producing the requisite acquisition records.

### D. Defendants Refusal to Comply with the Court Ordered Procedure for Euthanizing Animals Has Caused a Red Fox Unnecessary Suffering.

The Court's January 15, 2021 Order also prohibited Defendants from disposing of, including euthanizing, any animal covered by the ESA or the AWA without first conferring with the United States and obtaining leave of court. Dkt. No. 65 at 34. On May 1, 2021, Dr. Fryer notified the USDA that the other red fox, which had been diagnosed with prostatic cancer, was losing significant weight, straining to defecate, and was "not doing well" and "need[ed] to be euthanized." Exhibit 1. Defendants never contacted the United States about euthanizing this red fox. Instead, after learning about the red fox's condition, the United States proactively reached out to Defendants' counsel to convey that, based on Dr. Fryer's veterinary assessment and recommendation, the United States did not oppose humane euthanasia. Exhibit 3. The United States reminded Defendants' counsel that, pursuant to the Court's orders, Defendants would need to file a motion to seek leave of Court. Exhibit 3. The United States never received a response from Defendants. And, as this Court is aware, Defendants never filed a motion with the Court. To the best of the United States' knowledge, the red fox has not been euthanized; instead, it has been suffering unnecessarily since Dr. Fryer's April 30, 2021 recommendation. Exhibits 1 & 3.

### III.   Conclusion

The Court has clear and convincing evidence that valid court orders have been issued on January 15, 2021, March 22, 2021, and March 26, 2021, that Defendants knew of those orders, and that Defendants have continued to violate those orders. This continued recalcitrance further supports civil contempt sanctions. *See* Dkt. No. 78 at 10-11 (This Court stating that it has inherent authority to impose contempt sanction "to discourage misconduct and protect the integrity of judicial proceedings.") (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50-51 (1991); *Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246, 1255-57 (10th Cir. 2015)).

DATED: May 11, 2021　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　JEAN E. WILLIAMS
　　　　　　　　　　　　　　　　　　Acting Assistant Attorney General
　　　　　　　　　　　　　　　　　　Environment and Natural Resources Division


　　　　　　　　　　　　　　　　　　/s/ *Briena Strippoli*
　　　　　　　　　　　　　　　　　　BRIENA STRIPPOLI
　　　　　　　　　　　　　　　　　　Trial Attorney
　　　　　　　　　　　　　　　　　　MARY HOLLINGSWORTH
　　　　　　　　　　　　　　　　　　Senior Trial Attorney
　　　　　　　　　　　　　　　　　　DEVON LEA FLANAGAN
　　　　　　　　　　　　　　　　　　Trial Attorney
　　　　　　　　　　　　　　　　　　United States Department of Justice
　　　　　　　　　　　　　　　　　　Environment & Natural Resources Division
　　　　　　　　　　　　　　　　　　Wildlife & Marine Resources Section
　　　　　　　　　　　　　　　　　　P.O. Box 7611, Ben Franklin Station
　　　　　　　　　　　　　　　　　　Washington, D.C. 20044-7611
　　　　　　　　　　　　　　　　　　Briena.Strippoli@usdoj.gov | 202-598-0412
　　　　　　　　　　　　　　　　　　Mary.Hollingsworth@usdoj.gov | 202-598-1043
　　　　　　　　　　　　　　　　　　Devon.Flanagan@usdoj.gov | 202-305-0201
　　　　　　　　　　　　　　　　　　Fax: 202-305-0275

　　　　　　　　　　　　　　　　　　CHRISTOPHER J. WILSON
　　　　　　　　　　　　　　　　　　Acting United States Attorney
　　　　　　　　　　　　　　　　　　SUSAN BRANDON, Civil Chief
　　　　　　　　　　　　　　　　　　United States Attorney's Office
　　　　　　　　　　　　　　　　　　Eastern District of Oklahoma
　　　　　　　　　　　　　　　　　　520 Denison Avenue
　　　　　　　　　　　　　　　　　　Muskogee, OK 74401

　　　　　　　　　　　　　　　　　　*Attorneys for the United States of America*