IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY LOWE, LAUREN LOWE, GREATER WYNNEWOOD EXOTIC ANIMAL PARK, LLC, and TIGER KING, LLC,<br><br>Defendants. | Case No. 20-cv-0423-JFH |

**OPINION AND ORDER**

This matter is before the Court following a hearing held on May 12, 2021, at which Defendants Jeffrey Lowe a/k/a Jeff Lowe ("Jeff Lowe"), Lauren Lowe, Greater Wynnewood Exotic Animal Park, LLC ("GWEAP, LLC") and Tiger King, LLC (collectively referred to as "Defendants") were ordered to show cause why they should not be found in contempt for violating the Court's January 15, 2021 Order. For the reasons set forth below, the Court finds Defendants in civil contempt and imposes sanctions accordingly.

      I.      FACTUAL AND PROCEDURAL BACKGROUND

On November 25, 2020, the United States filed its first motion for preliminary injunction requesting that the Court: (1) require Defendants to provide a complete and accurate inventory of the animals in their custody or control; (2) prohibit Defendants from acquiring or disposing of any animals without notice to the United States and consent of the Court; (3) require Defendants to

submit complete and accurate veterinary records; and (4) authorize inspectors from the USDA's Animal and Plant Health Inspection Services ("APHIS") to conduct inspections of the Thackerville Facility. Dkt. No. 9; Dkt. No. 10 at 31-32.

On December 14, 2020, the parties filed a stipulation in which they agreed, in pertinent part, that: (1) on or before December 15, 2020, Defendants would provide the United States with a complete inventory of all ESA and AWA protected animals in their custody or control; (2) during the pendency of the case, Defendants would not acquire or dispose of any ESA or AWA protected animal without first meeting and conferring with the United States and obtaining leave of Court; (3) APHIS would conduct routine inspections of the Thackerville Facility, the first of which would occur on December 15, 2020; and (4) thereafter, APHIS would conduct unnoticed inspections of the Thackerville Facility, not to exceed one inspection every 21 days, at USDA's discretion. Dkt. No. 23 at 2. The Court approved the parties' stipulation and vacated the December 16, 2020 hearing. Dkt. No. 25.

On December 23, 2020, the United States filed a second motion for preliminary injunction, citing additional ESA and AWA violations following the December 15, 2020 inspection. Dkt. No. 27; Dkt. No. 28 at 13-14. In its motion, the United States requested that, pending adjudication of its claims, the Court order Defendants to: (1) immediately cease exhibiting animals without a valid exhibitor's license; (2) retain an attending veterinarian, as required under the AWA; (3) provide acquisition and disposition records for all animals missing since the June 2020 inspection; (4) submit veterinary records after treatment of an animal; and (5) submit acquisition and disposition records after any change to the December 16, 2020 inventory. Dkt. No. 27; Dkt. No. 28 at 33-34.

On December 30, 2020, the United States also filed a motion for a temporary restraining order. The United States claimed that on or about December 21, 2020, Defendants authorized the

euthanasia of a tiger cub with metabolic bone disease and secondary fracture without conferring with the United States or seeking leave of Court, in violation of the parties' stipulation. Dkt. No. 32 at 23-24. In its motion for temporary restraining order, the United States sought an order requiring Defendants to relinquish custody and control of all Big Cat cubs one year old or younger, along with the cubs' respective mothers, to the United States for temporary placement at reputable facilities selected by the United States. Dkt. No. 32 at 32.

On January 12, 2021, the Court held an evidentiary hearing on the United States' requests for a preliminary injunction and a temporary restraining order. Dkt. No. 35. Based on the arguments and evidence presented at the hearing, the Court concluded that the United States was entitled to preliminary injunctive relief. Dkt. No. 65 at 32. On January 15, 2021, the Court entered an Order requiring that Defendants: (1) immediately cease exhibiting animals protected by the ESA and the AWA without a valid USDA exhibitor's license; (2) retain a qualified attending veterinarian under formal arrangements consistent with the requirements of 9 C.F.R. §§ 1.1, 2.40, no later than January 29, 2021; (3) provide acquisition and disposition records for any and all animals added to or missing from their inventories since June 22, 2020, no later than January 22, 2021; (4) submit complete and accurate veterinary records to counsel for the United States within 7 days of any animal being treated by a veterinarian; (5) submit acquisition and disposition records to counsel for the United States within 7 days of any change to the animal inventory; (6) immediately relinquish all Big Cats one year old or younger, along with their respective mothers, to the United States; (7) not acquire or dispose of any ESA or AWA protected animal without first conferring with the United States and obtaining leave of Court; and (8) permit APHIS to conduct routine inspections of the Thackerville Facility up to every three weeks, at the USDA's discretion. Dkt. No. 65 at 33-34.

On February 12, 2021, the United States filed a motion to enforce the Court's January 15, 2021 Order, asserting that Defendants failed to comply with the Order by: (1) failing to provide complete and accurate acquisition and disposition records; (2) failing to retain a qualified attending veterinarian under formal arrangements consistent with the requirements of 9 C.F.R. §§ 1.1, 2.40; and (3) breeding animals without conferring with the United States and without leave of Court. Dkt. No. 72 at 3-10. Defendants did not file a response to the United States' motion. On March 8, 2021, the United States requested that the motion to enforce be deemed confessed due to Defendants' failure to respond. Dkt. No. 76. On March 22, 2021, the Court granted both motions and ordered Defendants to comply with its January 15, 2021 Order no later than April 2, 2021. Dkt. No. 78; Dkt. No. 80. The Court also set a show cause hearing for May 12, 2021.

On April 12, 2021, the United States filed a notice of noncompliance, asserting that Defendants remained out of compliance with the Court's orders. Dkt. No. 83. Specifically, the United States alleged that, as of April 12, 2021, Defendants had not submitted a program of veterinary care that complies with 9 C.F.R. § 2.40(b) and had not provided documentation to establish that the veterinarian they employed has the requisite training and/or experience in the care and management of Big Cats. Dkt. No. 83 at 3. The United States also alleged that Defendants had made no representation and submitted no evidence that they had ceased breeding their animals, that non-fixed male and female animals had been separated, or that the male and female animals remaining in the same enclosures had been neutered or spayed. *Id.* at 4. Further, according to the United States, Defendants had not conferred with the United States, sought leave from the Court, or produced any acquisition records for the births of new animals. *Id.* Finally, the United States alleged that Defendants still had not produced adequate acquisition and disposition records for the animals in their care. *Id.* at 4. According to the United States, on April 2, 2021, counsel for

4

Defendants sent photographs of eight pages of records to counsel for the United States, which depicted documents previously produced and deemed deficient in the Court's March 22, 2021 Order. *Id.* Defendants did not respond to the United States April 12, 2021 notice of noncompliance or the allegations contained therein.

## II.     LEGAL STANDARD

"A district court may exercise broad discretion in using its contempt power to assure compliance with its orders." *Rodriguez v. IBP, Inc.*, 243 F.3d 1221, 1231 (10th Cir. 2001); *see also* 18 U.S.C. § 401(3) (stating that courts "have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as ... [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command"). Civil contempt "is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance." *Law v. Nat'l Collegiate Athletic Ass'n*, 134 F.3d 1438, 1442 (10th Cir. 1998) (citations omitted). Accordingly, courts may employ sanctions in civil contempt proceedings "for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *Id.* (citation omitted).

Civil contempt sanctions are warranted where the Court finds "by clear and convincing evidence, that a valid court order existed, that [the defendant] had knowledge of the order, and that [Defendants] disobeyed the order." *ClearOne Commc'ns, Inc. v. Bowers*, 651 F.3d 1200, 1210 (10th Cir. 2011). The Court may impose coercive civil fines "as long as the offending party can avoid them by complying with the court's order." *Law v. Nat'l Collegiate Athletic Ass'n*, 134 F.3d 1438, 1443 (10th Cir. 1998). In setting the amount of the fine, the Court should "consider the character and magnitude of the harm threatened by continued contumacy, and the probable

effectiveness of any suggested sanction in bringing about the result desired." *United Mine Workers of Am.*, 330 U.S. at 304.

### III.   DISCUSSION

The Court held a hearing on May 12, 2021, at which Defendants were to required to show cause why they should not be found in contempt for violating the Court's January 15, 2021 and March 22, 2021 Orders. With regard to acquisition and disposition records, counsel for Defendants stated that all of the relevant records in Defendants' possession had been provided to the United States and that Defendants relied upon their veterinarian to produce records regarding animal births to the USDA. Defendants further stated that they attempted to communicate and provide additional documentation directly to the USDA, who was not responsive and would not receive the documents Defendants attempted to produce.[1] With regard to an adequate program of veterinary care by a qualified veterinarian, Defendants stated that they believed that the veterinarian they currently employ meets all necessary requirements.

Notwithstanding the conclusory arguments made by Defendants and their counsel, there were no evidentiary facts presented at the hearing to refute the United States' allegations of noncompliance set forth in its motion to enforce the Court's January 15, 2021 Order [Dkt. No. 72] or its April 12, 2021 notice of noncompliance [Dkt. No. 83]. Based on the lack of evidence presented at the hearing and Defendants' failure to respond to the United States' motion to enforce

---

[1]  The Court notes that in a December 28, 2020 motion to amend the parties' stipulation, Defendants complained that, during the December 15, 2020 inspection, APHIS inspectors were improperly questioning Defendants and requesting documents at the behest of counsel for the United States. Dkt. No. 30 at 3. Defendants characterized this as an "ethical breach" and requested that the parties' stipulation be modified . . . to safeguard against the inspectors improperly receiving information and documents from Defendants. *Id.* Accordingly, Defendants' effort to explain their non-compliance with the Court's orders by suggesting that APHIS inspectors would not speak with them, or receive documents directly from them, is not only ironic but disingenuous.

6

the Court's January 15, 2021 Order and April 12, 2021 notice of noncompliance, the Court deemed the facts and allegations set forth therein confessed. Therefore, the Court finds, by clear and convincing evidence, that Defendants are in civil contempt.[2]

Coercive sanctions for civil contempt must meet three conditions. First, the contemnor must always be able to purge the contempt through compliance. *See Hicks ex rel. Feiock*, 485 U.S. 624, 650 (1988) (finding that the respondent "carries something even better than the 'keys to the prison' in his own pocket: as long as he meets the conditions of his informal probation, he will never enter the jail"). Second, civil contempt sanctions imposed to coerce compliance with a court order "cannot be any greater than necessary to ensure such compliance" and cannot be so excessive as to be punitive in nature. *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991). Third, the sanction must remain coercive: "[W]hen civil contempt sanctions lose their coercive effect, they become punitive and violate the contemnor's due process rights." *In re Lawrence*, 279 F.3d 1294, 1300 (11th Cir. 2002) (citation omitted).

In this case, the Court finds that the civil contempt sanction of a daily fine meets the above conditions. Such a fine is narrowly tailored to achieving the goal of full compliance with the Court's January 15, 2021 and March 22, 2021 Orders and Defendants can avoid the fine by coming into compliance as set forth in those Orders. The Court will also consider imposing a sanction to compensate the United States for any damages sustained by reason of Defendants' noncompliance. *See Law*, 134 F.3d 1442. The United States may file an application by May 28, 2021 setting forth any actual damages, such as fees, costs or expenses incurred, as a result of Defendants' failure to comply with the Court's January 15, 2021 and March 22, 2021 Orders.

---

[2] The Court notes that the United States filed a notice of Defendant's continued noncompliance on May 11, 2021. Dkt. No. 93. The Court's findings are not based on that notice or the allegations contained therein, as Defendants' time to respond to the notice has not yet expired.

As to Defendants' financial resources, the United States argued that Defendants have significant financial resources, citing several public statements made by Defendants, including an August 18, 2020 post on Facebook by Defendants that they had "millions upon millions of dollars in licensing deals that will pay for anything," which was corroborated by Defendants' counsel at a January 8, 2020 hearing before this Court in which counsel represented that Defendants had licensing deals that provide them with revenue and the financial ability to care for the animals in their custody.  The United States also stated that as recently as April 17, 2021 in an Instagram interview Defendants represented that Defendant Lauren Lowe is making $10,000 per week based on her Only Fans account and that a company out of Miami has given them almost $1,000,000 to produce videos.  Defendants did not dispute any of the United States' representations regarding the significance of their financial resources.

Having found Defendants in civil contempt, and having considered the undisputed information provided regarding Defendants' financial resources, the Court HEREBY ORDERS that:

(1) Defendants shall be fined $1,000 per day, beginning May 12, 2021, until they are in full compliance with the requirements set forth in the Court's January 15, 2021 and March 22, 2021 Orders.  Dkt. No. 65; Dkt. No. 78;

(2) By May 28, 2021, the United States may submit an accounting of any actual damages it has incurred as a result of Defendants' noncompliance for the Court's consideration;

(3) The Court will consider further sanctions if Defendants are not fully compliant with its January 15, 2021 and March 22, 2021 Orders by June 11, 2021.

Dated this 14th day of May 2021.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE