# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br>               v.<br><br>JEFFREY LOWE,<br><br>LAUREN LOWE,<br><br>GREATER WYNNEWOOD EXOTIC ANIMAL PARK, LLC, and<br><br>TIGER KING, LLC,<br><br>*Defendants*. | Case No. 6:20-cv-00423-JFH |

## UNITED STATES' MOTION FOR COSTS

**I.    INTRODUCTION**

Pursuant to the Court's May 14, 2021 Order, the United States respectfully submits this application for damages sustained by the government as a result of Defendants' noncompliance with the Court's January 15, 2021 and March 22, 2021 Orders. *See* Dkt. 97 at 7.

On January 15, 2021, this Court granted the United States' motions for preliminary injunction and temporary restraining order. Dkt. 65. In the Court's Order, Defendants were required to take certain steps to ensure their animals receive adequate care, to preserve the status quo regarding their inventory of animals, and to account for animals added to or missing from their inventories since the June 22, 2020 inventory. *Id*. at 33-35. The United States has expended much time and resources in the last four months in response to Defendants' failure to comply with the Court's Order, ranging from communicating with opposing counsel and the veterinarian employed by Defendants to filing notices and a motion with the Court to executing a warrant to remove six vulnerable Big Cats. These numerous steps were necessary in this unique case because noncompliance with the Court's Orders has resulted in and will likely continue to result in the

1

unnecessary suffering of animals protected by the Endangered Species Act ("ESA") and Animal Welfare Act ("AWA").

As described below and in the attached supporting materials, the United States' application is based on an assessment of the costs the United States has incurred as a direct result of Defendants' failure to comply with the Court's Orders. *See* Exhibit 1 (Hollingsworth Declaration). The United States hereby submits this application for damages through May 12, 2021, in the amount of $40,757.16.[1]

## II. FACTUAL BACKGROUND

On December 15, 2021, the Court approved a stipulation in which Defendants agreed not to acquire or dispose of any animal covered by the ESA or the AWA absent leave of court. Dkt. 25. On January 15, 2021, the Court issued an order requiring, in relevant part, Defendants to (1) "provide acquisition and disposition records for any and all animals added to or missing from their inventories since June 22, 2020, no later than January 22, 2021," and (2) retain a qualified attending veterinarian under formal arrangements consistent with the requirements of 9 C.F.R. §§ 1.1, 2.40, no later than January 29, 2021." Dkt. 65 at 33.

Counsel for the United States contacted counsel for Defendants on January 22, 23, 24, 25, 29 and February 3 and 4 regarding Defendants' failure to comply with the Court's January 15, 2021 Order and provided information to help Defendants come into compliance. *See* Exhibit 7 (Email Correspondence between Department of Justice and Attorney Card). Despite the numerous attempts to address the noncompliance with Defendants' counsel, Defendants failed to provide the required records, documentation to establish their veterinarian's qualifications, or a program of veterinary care that complies with AWA regulations. Moreover, during the February 4, 2021 meet and confer, the United States reminded Defendants' counsel that Defendants were required to separate intact male and female animals to ensure that they would not "acquire" any additional animals. *See also* Dkt. 72 at 9-10. Nevertheless, as of May 17—five days after the show cause hearing and the date of the execution of the government's second warrant to seize the remaining Big Cats at Tiger King Park—a number of female Big Cats were still being housed with male Big Cats.

---

[1] Because the Court directed the United States to submit an application for damages, if any have been incurred, on May 12, 2021, during the show cause hearing, the current application addresses costs and fees incurred through that date with minor exceptions. *See* Dkt. 94.

The United States filed a motion to enforce the Court's order, which the Court granted on March 22, 2021. Dkt. 78. In that Order, the Court confirmed that "acquisition includes the birth of new animals." *Id*. at 10 (citing 9 C.F.R. § 2.75(b)(1)). On March 26, 2021, the Court ordered Defendants to come into compliance no later than April 2, 2021. Dkt. 80 at 2. When Defendants made no effort to comply with the Court's Order, the United States filed a notice of noncompliance and evidence supporting the imposition of daily sanctions. Dkt. 83. On May 12, 2021, the Court held a hearing at which Defendants failed to show cause for their noncompliance with the Court's orders. The Court found Defendants to be in contempt of court. Dkt. 97 at 7. To date, Defendants still have not come into compliance.

As described in detail in the search warrant application for the first warrant executed by the United States on May 6, 2021, the head zookeeper for Tiger King Park testified in a deposition on January 22, 2021—a week after the Court issued its January 15, 2021 Order—that there were "active breeders" at Tiger King Park and identified two pairs that were actively breeding at that time. Affidavit in Support of an Application Under Rule 41 for a Warrant to Search and Seize at ¶¶ 13, 35, *United States v. 21619 Jimbo Road, 21469 Jimbo Road, 21371 Jimbo Road, Thackerville, Oklahoma 73459*, 6:21-mj-00218-SPS, Dkt. 1. Based on Defendants' inventories and observations by U.S. Department of Agriculture ("USDA") inspectors, the United States identified two additional females still at the zoo who had been regularly used for breeding purposes. *Id*. at ¶¶ 13, 34, 46, & Attachment A (Aff. of Dr. Laurie Gage) at ¶ 49. Based on a Big Cat's average gestation period of 109 days, the United States had reason to believe that the "active breeders" could give birth before or around the date identified for the execution of the warrant to remove all of the Big Cats. *See id*., Attachment A at ¶ 49. In light of Defendants' failure to provide acquisition records for <u>any</u> litters born at Tiger King Park or to employ a qualified veterinarian, the United States had probable cause to believe that any cubs born to the breeding females would be at "grave risk" if they were born at Tiger King Park. *See id*. at ¶ 38. In addition, based on information provided by Defendants' former veterinarian and observations made by inspectors during the February 2021 inspection, the United States also had probable cause to believe that at least two Big Cats were in need of veterinary care. *See id*. at ¶ 46, Attachment A at ¶ 39, & Attachment C (Property to be Seized). Accordingly, the United States added a second operation solely as a result of Defendants' continued noncompliance with the Court's Orders. In fact, thus far, one of the four breeding females seized on May 6, 2021 has given birth to three cubs. *See*

3

Exhibit 8 (Acquisition Record for Three Cubs). Based on the average gestation period of a Big Cat, the female cat was bred on or around January 31, 2021.

## III. LEGAL BACKGROUND

An "award of costs and expenses, including attorney fees, in a [contempt] proceeding of this sort is a matter that rests within the discretion of the trial court." *Donovan v. Hackney, Inc.*, 769 F.2d 650, 654 (10th Cir. 1985); *In the Matter of the Grand Jury Subpoena of June 12, 1986*, 690 F. Supp. 1451, 1455 (D. Md. 1988) ("The decision as to the amount of fees falls within the equitable discretion of the Court."). "Judicial sanctions in civil contempt proceedings may in a proper case be employed for either or both of two purposes[:] to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *United States v. United Mine Workers*, 330 U.S. 258, 303-04 (1947); *see also O'Connor v. Midwest Pipe Fabrications*, 972 F.2d 1204, 1211 (10th Cir. 1992). "[I]f a fine is imposed for compensatory purposes, the amount of the fine must be based upon the complainant's actual losses sustained as a result of the contumacy." *O'Connor*, 972 F.2d at 1211 (citation omitted); *see also Law v. Nat'l Collegiate Athletic Ass'n*, 134 F.3d 1438, 1443 (10th Cir. 1998). A compensatory sanction "serves to make reparation to the injured party, restoring that party to the position it would have held had the court's order been obeyed." *Hartman v. Lyng*, 884 F.2d 1103, 1106 (8th Cir. 1989). The government may be awarded reasonable attorney fees and costs for "the efforts expended that were necessary to secure the contemptor's [sic] compliance with the court's order and to obtain compensation for damages done." *In the Matter of the Grand Jury Subpoena of June 12, 1986*, 690 F. Supp. at 1454-55 (citations omitted).

## IV. ARGUMENT

On May 12, 2021, the Court found Defendants in civil contempt for their repeated failure to comply with the Court's Orders. *See* Dkt. 97 at 6-7. Even faced with a daily fine, Defendants have made little effort to comply with those orders. Defendants' noncompliance is frustrating and creates unnecessary work for both the government and the Court; but it results in suffering and, in some cases, life-threatening conditions for the animals.[2] In light of the significant repercussions

---

[2] For example, based on the information currently available to the United States, Defendants no longer employ a veterinarian, let alone a qualified attending veterinarian. Exhibit 9 (May 26, 2021 Email Correspondence with Dr. Fryer). As of May 18, 2021, no qualified veterinarian had humanely euthanized the fox discussed during the show cause hearing, who is currently being subjected to conditions that are inhumane in his condition.

4

of Defendants' noncompliance and the significant costs and fees incurred by the United States as a result of the noncompliance, the United States respectfully requests that the Court issue an order imposing a compensatory sanction to reimburse the United States for costs incurred as of May 12, 2021.

The United States' application for damages seeks the reasonable costs and fees associated with the government's effort to encourage Defendants' compliance and to directly address their noncompliance. Undersigned counsel and co-counsel have reviewed time records, emails, notes and conferred with each other to identify the time spent addressing Defendants' noncompliance. *See* Exhibit 1 (Hollingsworth Declaration). Specifically, the United States requests fees for the time spent contacting Defendants' counsel regarding Defendants' noncompliance and educating counsel regarding AWA regulatory requirements, preparing the motion to enforce (Dkt. 72) and first notice of noncompliance (Dkt. 83) and supporting exhibits, reviewing evidence of noncompliance, and preparing for the show cause hearing. This time also included working through drafts of the motion to enforce and notice of noncompliance and closely reviewing documents previously provided to the government as well as those provided during this litigation in an attempt to reconcile inconsistencies in Defendants' documentation.[3] In addition, counsel reviewed other evidence reflecting inconsistencies in Defendants' representations and spoke with witnesses to transfers of animals from Greater Wynnewood Exotic Animal Park and Tiger King Park. The total damages sought for Department of Justice attorney time spent trying to obtain Defendants' compliance is $36,328.41. *See* Exhibit 6 (Collier Declaration).

In addition, the United States includes some costs incurred by the U.S. Fish and Wildlife Service and USDA relating to the execution of the May 6 warrant. Specifically, the government includes only those costs incurred by the agencies from having to send agents and veterinarians to Tiger King Park to assess the condition of Defendants' animals and remove some of the most vulnerable animals, including breeding and/or pregnant females. This includes $3,656.75 in costs for USDA to send veterinarians to check on the condition of the animals and ensure the animals' safety during the seizure and transfer. *See* Exhibit 10 (Gibbens Declaration). It also includes $772

---

[3] For example, Defendants' documentation includes inconsistent statements about birth dates and parents, causes of death, dates of death, transfer dates, and names of animals.

in per diem costs for FWS to send four agents to assist in the seizure. *See* Exhibit 1 ¶ 12 (Hollingsworth Declaration).

The United States conservatively requests only a portion of the costs associated with Defendants' noncompliance in this case. Although USDA has expended significant resources assisting the Department of Justice with the assessment of documents previously provided by facility representatives at Greater Wynnewood Exotic Animal Park with those documents provided by Defendants since the United States initiated this action, contacting the veterinarian employed by Defendants in an attempt to obtain information that should have been provided by Defendants in accordance with the Court's orders, and assessing whether the Tiger King Park animals are in fact receiving adequate care from a qualified veterinarian, the United States has omitted those fees. In addition, the United States has chosen to omit the fees associated with the motion to consider the United States' motion to enforce confessed (Dkt. 76) and the second notice of noncompliance (Dkt. 93) and those associated with the U.S. Department of Justice's preparation of the first warrant application.[4]

## V. CONCLUSION

The United States respectfully submits this application for $40,757.16 in damages through the date of the show cause hearing. If Defendants continue to be out of compliance as of June 11, 2021, the United States respectfully requests the opportunity to submit an additional application for damages incurred after May 12, 2021.

DATED: May 28, 2021

Respectfully Submitted,

JEAN E. WILLIAMS
Acting Assistant Attorney General
Environment and Natural Resources Division

/s/ *Devon Lea Flanagan*
DEVON LEA FLANAGAN
Trial Attorney

---

[4] The United States prepared the two warrant application packages together. If Defendants remain out of compliance and the Court grants the United States' request to submit additional damages, the United States may submit the costs associated with the warrants together rather than in piecemeal fashion.

MARY HOLLINGSWORTH
Senior Trial Attorney
BRIENA STRIPPOLI
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
Mary.Hollingsworth@usdoj.gov | 202-598-1043
Briena.Strippoli@usdoj.gov | 202-598-0412
Fax: 202-305-0275

CHRISTOPHER J. WILSON
Acting United States Attorney
SUSAN BRANDON, Civil Chief
United States Attorney's Office
Eastern District of Oklahoma
520 Denison Avenue
Muskogee, OK 74401

*Attorneys for the United States of America*