# EXHIBIT 4

May 19, 2021 Email Between Counsel

| | |
|---|---|
| **From:** | Hollingsworth, Mary (ENRD) |
| **To:** | Daniel Card |
| **Cc:** | Strippoli, Briena (ENRD) |
| **Subject:** | Compliance with court orders |
| **Date:** | Wednesday, May 19, 2021 10:04:00 PM |

Mr. Card,

We are responding to your client's May 12, 2021 email regarding acquisition and disposition records. Each animal that has been born to animals at the Lowes' facilities or has been transferred to the Lowes must be accounted for in an acquisition record. Any animal who has died or been transferred from either facility must be accounted for in a disposition record. In some cases, the same animal will have 2 forms, an acquisition form for birth/transfer and a disposition form for death/transfer (*see, e.g.*, Daniel). As we noted in our January 24 & 25, 2021 emails, and the government's motion to enforce, the AWA regulations require the following information to be included in the records:

- the name and address of the person from whom the animal was acquired, or to whom the animal was sold or given;
- the AWA license or registration number of that person;
- if the person is not licensed or registered under the AWA, the document must include the vehicle license number and State and driver's license number and State for the person; and
- the date of acquisition/disposition of the animal.

For acquisition forms reflecting the birth of an animal, the record must accurately identify the parents. The documents that your client provided in the May 12, 2021 email are deficient in a number of ways. First, there are still many missing records. Second, many of the records received still do not comply with the regulatory requirements described above. For instance, the chart is not an acquisition record. Moreover, the chart shows additional discrepancies when compared to the December 16, 2020 inventory.

Once we have received accurate, complete, and corrected documents, we will promptly notify you. In addition, we would like to remind your clients that they must still comply with the requirement that they employ a veterinarian who meets the requirements set forth in 9 C.F.R. § 1.1 and produce a written program of veterinary care that complies with 9 C.F.R. § 2.40(b).

Regards,

Mary Hollingsworth
Senior Trial Attorney
Wildlife & Marine Resources Section
Environment & Natural Resources Division
United States Department of Justice
999 18th Street, South Terrace, Suite 354
Denver, CO 80202
(303) 844-1898