# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF
# OKLAHOMA

UNITED STATES OF AMERICA,

    *Plaintiff*,

          v.

JEFFREY LOWE,

LAUREN LOWE,

GREATER WYNNEWOOD EXOTIC ANIMAL PARK, LLC, and

TIGER KING, LLC,

    *Defendants*.

Case No. 6:20-cv-00423-JFH

## UNITED STATES' RESPONSE TO MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANTS

The United States respectfully requests that the Court deny Daniel J. Card's Motion to Withdraw as Counsel of Record for Defendants (Dkt. No. 102) without prejudice and continue to order Mr. Card to remain counsel of record until a new attorney enters an appearance as counsel for Defendants.

**I.    BACKGROUND**

On March 17, 2021, Mr. Card moved to withdraw as counsel for all Defendants for health reasons, Dkt. No. 77, which the United States opposed unless and until new counsel appeared for Defendants, Dkt. No. 81. On March 30, 2021, the Court entered an Order denying without prejudice Mr. Card's motion to withdraw and stated that "[t]he Court will entertain such a

motion, upon the entry of appearance of new counsel for [D]efendants." Dkt. No. 82. Since that Order, no other attorney has entered an appearance on behalf of Defendants in this case.

Nevertheless, on June 11, 2021, Mr. Card file a second motion to withdraw as counsel for all Defendants. Dkt. No. 102. This time, Mr. Card argues that the Court should allow him to withdraw because "a conflict has arisen" making his "continued representation . . . impossible without violating ethical rules." *Id.* ¶ 3. While Mr. Card states that he cannot divulge the precise nature of this conflict, he relies on "all the reasons enumerated by Rule 1.16(b)(1)-(6)"[1] of the Oklahoma Rule of Professional Conduct as the basis for his motion. *Id.* ¶ 4. While the United States does not object to Mr. Card withdrawing *per se*, allowing Mr. Card to withdraw without another attorney in place could significantly disrupt and delay this litigation, and thus prejudice the United States. Because this case presents unique issues pertaining to the welfare of animals still at the property, any delays go beyond mere annoyance but could prolong the time that the animals remain in serious danger. Accordingly, the United States requests that the Court deny Mr. Card's motion without prejudice and continue to order him to remain counsel of record until a new attorney enters an appearance as counsel for Defendants.

## II. ARGUMENT

### A. Legal Standard

The district court has discretion to grant or deny an attorney's motion to withdraw. *See Abell v. Babbitt*, 176 F.3d 488, at *2 (10th Cir. 1999) (unpublished); *Pepe v. Koreny*, 189 F.3d 478, at *2 (10th Cir. 1999) (unpublished). This discretion is inherent in the Court's power to

---

[1] Although Mr. Card's motion does not specify which "Rule 1.16(b)(1)-(6)" he is referring to, the United States assumes he is referring to the Oklahoma Rules of Professional Conduct. Dkt. No. 102 ¶ 4. In any event, the American Bar Association's Model Rules of Professional Conduct 1.16(b)(1)-(6) is identical.

control its own docket. *Pepe*, 189 F.3d 478, at *2. "Generally, district courts consider whether the case will be disrupted by the withdrawal of counsel." *Sanders v. Sw. Bell Tel., L.P.*, No. 03-CV-0452-CVE-FHM, 2009 WL 1765981, at *2 (N.D. Okla. June 16, 2009) (citing *Whiting v. Lacara*, 187 F.3d 317, 321 (2d Cir. 1999) (per curiam)). This entails considering whether "the withdrawal will disrupt or delay a case, and whether the withdrawal will prejudice opposing parties." *Leaton v. Navajo Refinery*, No. 09-CV-382-WPL/CG, 2011 WL 13262486, at *2 (D.N.M. Feb 24, 2011).

Under Oklahoma Rules of Professional Conduct 1.16(b), "a lawyer may withdraw from representing a client" under certain circumstances "[e]xcept as stated in paragraph (c)." Paragraph (c), in turn, states that "[w]hen ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." Okla. Rules of Prof. Conduct 1.16(c). As relevant here, the term "[t]ribunal denotes a court." Okla. Rules of Prof. Conduct 1.0(m).

### B. Allowing Mr. Card to Withdraw Without Substitute Counsel Entering An Appearance Could Significantly Disrupt and Delay this Litigation and Would Prejudice the United States.

As an initial matter, Defendants Greater Wynnewood Exotic Animal Park LLC ("GWEAP LLC") and Tiger King LLC may not proceed *pro se* because they are not natural persons. The Tenth Circuit has a "long-standing rule that a corporation must be represented by an attorney to appear in federal court." *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006) (citations omitted). Consistent with this long-standing rule, Local Civil Rule 17.1 of the United States District Court for the Eastern District of Oklahoma provides: "[p]arties who are not natural persons may not appear *pro se*." Simply put, counsel is required for these Defendants to participate in this litigation. Mr. Card's motion does not address this issue. *See* Dkt. No. 102.

3

Allowing Mr. Card to withdraw without substitute counsel entering an appearance could lead to a prolonged delay in this litigation, which would prejudice the interest of the United States and potentially result in additional harm to the animals in Defendants' care, custody, possession, and control.

Defendants Jeffrey and Lauren Lowe have shown (and continue to show) a blatant disregard for the Court's orders, and, without an attorney of record, Defendants' noncompliance will likely be exacerbated. Defendants have violated the Court-approved stipulation between the parties, Dkt. No. 25, the Court's January 15, 2021 Order granting a preliminary injunction, Dkt. Nos. 65, the Court's March 22, 2021 Order granting the United States' motion to enforce, Dkt. Nos. 78, 80, and even the Court's most recent May 14, 2021 Order holding Defendants in contempt of court, Dkt. No. 97. *See* Dkt. No. 106. Not only have Defendants failed to cure the deficiencies identified by the United States in the motion to enforce, Dkt. No. 72, and subsequent notices of noncompliance, Dkt. Nos. 83, 93, 106, but they have actually added additional violations of the Court's orders since being held in contempt, *see* Dkt. No. 106 at 5-7. Without counsel, it is highly unlikely that Defendants will take the necessary steps to comply with the Court's orders; rather, Defendants' noncompliance will likely continue undeterred. Defendants' continued noncompliance risks further endangerment of the health and welfare of the animals in their care, custody, possession, and control, which is prejudicial to the United States' interests in this case. Moreover, despite these violations, having Mr. Card as counsel at least ensured that the United States could address issues that arose during inspections, seizures were executed efficiently, there were no issues with service of pleadings or documents, the Lowes attended and participated in hearings, and additional delays were prevented. Without counsel, this would not likely be the case moving forward.

Defendants also have a history of stalling cases in order to purportedly obtain new counsel. The Court should reject that delay tactic here, especially because the crux of this case involves the welfare of live animals. In *Big Cat Rescue Corp. v. Schreibvogel*, No. CIV-16-155-SLP (W.D. Okla.), Dkt. No. 133 (Sept. 6, 2018), the Court granted counsel for Greater Wynnewood Development Group, LLC's ("GWDG")—another entity controlled by Mr. Lowe[2]—motion to withdraw and ordered GWDG to obtain new counsel within 30 days. On August 29, 2019, almost a year later, the court entered a default judgment against GWDG based on its "failure to obtain new counsel and its failure to otherwise obey or respond to the Court's orders in this case." *Id.*, Dkt. No. 142 at 3 (Aug. 29, 2019). The court found that the plaintiff had been "prejudiced by GWDG's failure to obtain counsel" and "the judicial process has been interfered with substantially by GWDG's actions." *Id.* Counsel for GWDG finally appeared in the case after almost two years of unnecessary delay and nonparticipation by GWDG.

Similarly, in *Big Cat Rescue Corp. v. G.W. Exotic Animal Memorial Foundation*, No. CIV-14-377-SLP (W.D. Okla.), Dkt. No. 407 (Aug. 24, 2018), the District Court for the Western District of Oklahoma granted GWEAP LLC's counsels' motion to withdraw and ordered GWEAP LLC to secure an entry of appearance for new counsel within 30 days of the August 24, 2018 Order. Nearly three years later, GWEAP LLC *still* has not complied with that order. Such delay here would be highly prejudicial to the United States: this is an inherently time-sensitive case because it involves the welfare and treatment of live animals. Further, without new counsel, Defendants may seek to delay any hearing the Court may set regarding Defendants' Motion to

---

[2] *See Big Cat Rescue Corp. v. Schreibvogel*, No. CIV-16-155-SLP (W.D. Okla.), Dkt. No. 179 at 3 (Aug. 24, 2020) (holding Mr. Lowe in contempt for failure to comply with the court orders because although he was not a party in the case, he was the "sole member and controller of GWDG").

Dismiss, Dkt. No. 73, the United States' Motion for Damages, Dkt. No. 100, or the United States' Notice of Continued Noncompliance, Dkt. No. 106, thereby interfering with the judicial process. Without new counsel, other aspects of this litigation, such as the Fed. R. Civ. P. 26(f) conference and discovery, would likely be frustrated and delayed.

Furthermore, Mr. Card's motion to withdraw raises additional concerns about whether Defendants can be trusted to represent themselves. Mr. Card's recent motion to withdraw makes clear that allowing Jeffrey and Lauren Lowe to proceed *pro se* in this litigation would be extremely problematic. According to Mr. Card, "a conflict has arisen" "such that [his] continued representation is impossible without violating ethical rules." Dkt. No. 102 ¶ 3. Upon advice provided by the Oklahoma Bar Association,[3] "the precise nature" of these conflicts "cannot be divulged," but Mr. Card seeks withdrawal "for all reasons enumerated by Rule 1.16(b)(1)-(6)." *Id.* ¶ 4.

> Rule 1.16(b)(2)-(4) of the Oklahoma Rules of Professional Conduct state that:
>
> "Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:
>     (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
>     (3) the client has used the lawyer's services to perpetrate a crime or fraud;
>     (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement[.]"

Thus, according to Defendants' *own* attorney, withdrawal is necessary, among other reasons, because the Lowes persist in a course of action involving Mr. Card's services that he reasonably believes is criminal or fraudulent; the Lowes have used his services to perpetrate a crime or fraud; *and* the Lowes insist upon taking action that he considers repugnant or with which he has

---

[3] While Mr. Card's motion does not define the acronym "OBA," the United States assumes this is the Oklahoma Bar Association. Dkt. No. 102 ¶ 4.

a fundamental disagreement. *See* Dkt. No. 102 ¶ 4. All of this is extremely concerning. If Defendants are allowed to represent themselves *pro se*, there will be even less oversight and accountability and the Lowes will likely continue to perpetrate said crimes, fraud, and/or repugnant actions.[4]

Notably, despite the allegations raised in his motion, Mr. Card is still GWEAP LLC's attorney of record in *Big Cat Rescue Corp. v. Schreibvogel*, No. CIV-16-155-SLP (W.D. Okla.), and Mr. Lowe's attorney of record in *People for the Ethical Treatment of Animals v. Wildlife In Need and Wildlife In Deed*, No. CIV-17-186-RLY-DML (S.D. Ind.). To date, Mr. Card has not filed motions to withdraw in either case.

In sum, neither GWEAP LLC nor Tiger King LLC can appear *pro se*. Defendants have a history of not complying with this Court's orders and delaying litigation to obtain new counsel. Further, according to Defendants' own counsel, Defendants are engaging in criminal, fraudulent, and repugnant behavior. Allowing Jeffrey and Lauren Lowe to proceed *pro se* would only exacerbate this concerning behavior thereby prejudicing the United States' interest by delaying and disrupting the litigation, and potentially resulting in additional harm to the animals in their care. Thus, the Court should deny Mr. Card's motion without prejudice and continue to order him to remain counsel of record until a new attorney enters an appearance as counsel for Defendants. This order would allow Mr. Card to continue representing Defendants in a manner that comports with the Oklahoma Rules of Professional Conduct. *See* Okla. Rules of Prof. Conduct 1.16(b)-(c).

---

[4] This is not the first time that attorneys have relied on Rule 1.16(b)(4), in part, to withdraw as counsel for GWEAP LLC. *See G.W. Exotic Animal Memorial Foundation*, No. CIV-14-377-SLP (W.D. Okla.), Dkt. No. 405 ¶¶ 7, 11 (Aug. 23, 2018).

### C. Defendants Have Been Afforded Ample Opportunity to Obtain New Counsel; They Should Not Be Allowed to Delay Proceedings.

Defendants have had ample opportunity to secure new counsel. Defendants have been aware since at least March 17, 2020, if not sooner, that they needed to obtain new counsel. *See* Dkt. No. 77. Yet, despite having over three months to do so, no attorney has entered an appearance on Defendants' behalf. Moreover, there is no reason to suspect that Defendants are unable to secure other counsel. Defendants are represented by numerous counsel for various matters, including, but perhaps not limited to:[5] James Wirth, Oklahoma Bar No. 20372,[6] Katherine Sullivan, Oklahoma Bar No. 33057,[7] Adam L. Gill, Nevada Bar No. 11575,[8] and Walter Mosley, California Bar No. 244169.[9] Indeed, the Lowes have used social media and national television to publically boast about their new lawyer/legal team in this matter. During their April 14, 2021 Interview with "Dr. Oz," Mr. Lowe stated "we've got a legal team that we

---

[5] *See PETA*, No. CIV-17-186-RLY-DML (S.D. Ind.), Dkt. No. 450, Exhibit 1 (June 17, 2021) (attorneys James D. Sullivan and Ted Hasse have also represented Jeffrey Lowe in 2020).

[6] *See* Dkt. Nos. 28-7 at 32 (GWEAP Facebook post referencing "our Attorney[s] from Wirth Law Office in Tulsa) & 28-4 (New York Times Article identifying Mr. Wirth as "Mr. Lowe's lawyer"); *see also* Business Entities Search for "Tiger King LLC," Oklahoma Secretary of State, https://www.sos.ok.gov/corp/order/orderDetail.aspx?doc=46682270002 (last visited June 25, 2021) (listing Mr. Wirth as the registered agent for Tiger King LLC).

[7] *See* https://uspto.report/TM/90133163 (last visited June 25, 2021) and https://uspto.report/TM/88959626 (last visited June 25, 2021), which lists Katherine Sullivan as the attorney for Tiger King LLC and GWEAP LLC, respectively.

[8] Attorney of record for Mr. Lowe in *City of Las Vegas v. Lowe*, Case No. C1185093A. However, it appears that on June 9, 2021, the same day bench warrants were issued for Mr. Lowe, Attorney Gill withdrew from the case.

[9] *See* https://people.com/crime/warrants-issued-for-tiger-kings-jeff-lowe-after-he-fails-to-appear-in-las-vegas-court-report/ (last visited June 25, 2021) (identifying Walter Mosley as "Lowe's attorney"); *see also See PETA*, No. CIV-17-186-RLY-DML (S.D. Ind.), Dkt. No. 450, Exhibit 1 (June 17, 2021) (identifying Mr. Mosley as Mr. Lowe's attorney in 2020).

really have confidence in that will expose this for what it is." *See*

https://www.youtube.com/watch?v=dTsLUjByxrw at 10:50-10:55 (last visited June 25, 2020).

And, in an April 17, 2021 Instagram Interview on The Domenick Nati Show, Mr. Lowe stated

"we've got this kick-ass lawyer out in Indiana and he's filing motions to shut this down." *See*

www.instagram.com/tv/CNx6B2PD_LA/?utm_source=ig_web_copy_link at 36:14-36:20 (last

visited June 25, 2021). Just as in *Big Cat Rescue Corp. v. Schreibvogel*, Defendants have the

ability to obtain new counsel and were afforded ample time to do so, but they simply declined to

do so. No. CIV-16-155-SLP (W.D. Okla.), Dkt. No. 142 at 3 (Aug. 29, 2019) ("The Court has

been provided with no indication that GWDG is unable to obtain substituted counsel; it simply

has declined to do so."). This behavior should not be rewarded. As explained *supra*, Defendants

have a history of using this tactic to delay judicial proceedings. They should not be allowed to

do so here, particularly in light of the fact that any additional delay is likely to result in additional

harm to the animals in Defendants' care, custody, possession, and control.

If the Court is inclined to grant Mr. Card's motion to withdraw, the United States

respectfully requests that the Court order Defendants to have new counsel enter an appearance

within thirty days *and* require Mr. Card to remain as Defendants' counsel during that time. If

new counsel does not enter an appearance for all Defendants by that deadline, then the Court

should enter a default judgment against all Defendants and provide the United States an

opportunity to move for a final remedy order. *See Derma Pen, LLC v. 4EverYoung Limited*, 736

Fed. App'x. 741, 745-48 (10th Cir. 2018) (affirming default judgment entered against plaintiff

who did not secure counsel by the deadline and had a history of disobeying court orders); *see

also Jones v. Thompson*, 996 F.2d 261, 264-66 (10th Cir. 1993); Fed. R. Civ. P. 16(f) &

37(b)(2)(C) (permitting a court to enter a default judgment when a party disobeys a court

order).[10]  Finally, even if new counsel enters an appearance before the deadline, the Court should make explicitly clear that under no circumstances will delay of judicial proceedings be tolerated. To this end, new counsel should not be allowed to delay judicial proceedings to come up to speed on the case or be granted additional time to respond to pleadings for this reason.

## III. CONCLUSION

For the aforementioned reasons, the United States respectfully requests that the Court deny Mr. Card's Motion to Withdraw as Counsel of Record for Defendants (Dkt. No. 102) without prejudice and continue to order Mr. Card to remain counsel of record until a new attorney enters an appearance as counsel for Defendants and is prepared to move forward with this litigation in a timely fashion.

Alternatively, if this Court were to grant Mr. Card's Motion to Withdraw a Counsel of Record, the United States requests that the Court order Defendants to have new counsel enter an appearance within thirty days *and* require Mr. Card to remain as Defendants' counsel during that time.  If new counsel does not enter an appearance for all Defendants by that deadline, the Court should enter a default judgment against all Defendants.  The United States respectfully requests that Court make clear that, even with new counsel, no delay in the litigation proceedings will be permitted.

---

[10]  A court should consider a number of factors when determining whether to impose a default judgment as a sanction:  (1) "degree of actual prejudice;" (2) "the amount of interference with the judicial process;" (3) "the culpability of the litigant;" (4) "whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance;" and (5) "the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted).

DATED:  June 25, 2021                    Respectfully Submitted,

JEAN E. WILLIAMS
Acting Assistant Attorney General
Environment & Natural Resources Division

/s/ *Briena Strippoli*
BRIENA STRIPPOLI
Trial Attorney
MARY HOLLINGSWORTH
Senior Trial Attorney
DEVON LEA FLANAGAN
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
Briena.Strippoli@usdoj.gov | (202) 598-0412
Mary.Hollingsworth@usdoj.gov | (202) 598-1043
Devon.Flanagan@usdoj.gov | (202) 305-0201
Fax:  (202) 305-0275

CHRISTOPHER J. WILSON
Acting United States Attorney
SUSAN BRANDON, Civil Chief
United States Attorney's Office
Eastern District of Oklahoma
520 Denison Avenue
Muskogee, OK 74401

*Attorneys for the United States of America*