# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br>     Plaintiff                      ) <br>                                     ) <br> v.                                     ) <br>                                     ) <br> JEFFREY LOWE,             ) <br>                                     ) <br> LAUREN LOWE,              ) <br>                                     ) <br> GREATER WYNNEWOOD EXOTIC ) <br> ANIMAL PARK, LLC. And      ) <br>                                     ) <br> TIGER KING, LLC.            ) <br>                                     ) <br>     Defendants.             ) | Case No. 20-cv-423-JFH |

## NOTICE OF NON-REPRESENTATION

The undersigned hereby provides Notice to the Court, per advice from the OBA, he can no longer represent the Defendants. Plaintiff is explicitly allowed to contact the Defendants. Counsel is explicitly conflicted from this matter. The undersigned shows as follows:

1. In March 2021, counsel sought to withdraw because his health did not allow for continuous representation of the Defendants. It still does not, but that does not seem relevant to the Court whatsoever.

2. By June, the <u>was absolutely evident</u> that counsel could not continue to represent the Defendants and be in compliance with the Oklahoma Rules of Professional Responsibility. The multiple Defendants and counsel have a conflict *no reasonable person could deny.* The Oklahoma Bar Ethic Counsel certainly doesn't. As <u>clearly stated,</u> it was and remains to be impossible for counsel to represent the Defendants and stay in compliance with the Oklahoma Rules of Professional Responsibility. Positions of the multiple Defendants are not in line. This is cause for mandatory withdraw, not to

mention the *plethora* of reasons it is necessary for counsel to withdraw per Rule 1.16(b) he cannot explicitly state.

3. The Court, for reasons it refused or otherwise declined to state in a Minute Order, gave counsel a choice by denying his withdrawal: do as I say or breach your ethical duties. The Court provided no explanation regarding how to reconcile these choices whatsoever. Demanding conflicted counsel represent multiple defendants seems cause for reversal of contested decisions regardless.

4. Defendants can either hire new counsel or not and face default. Defendants are well aware of the repercussions of not Answering (assuming the Motion to Dismiss is ruled on). But the Answer won't come from the undersigned, nor will anymore substantive filings regarding the merits. Counsel will not be involved in any negotiations between the parties. This case will absolutely *not* be more efficient with counsel involved because he is not going to participate other than what may be required to avoid contempt (i.e. show up to hearings and say nothing).

5. If the Court demand he show up to a Show Cause hearing to say nothing (which is inevitable), then he will. But counsel is not advocating for anyone.

        Respectfully Submitted,

        s/Daniel J. Card
        Daniel J. Card
        512 NW 12th Street
        Oklahoma City, OK 73103
        dan@cardlawok.com
        580-465-4249

## **CERTIFICATE OF SERVICE**

The undersigned, Daniel J. Card, certifies that the foregoing was served on July 14, 2021, to the following:

Mary Hollingsworth-via CM/ECF
Brienna Strippoli-via CM/ECF

                                                s/Daniel J. Card
                                                Daniel J. Card