UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      **Plaintiff,**<br><br>v.<br><br>JEFFREY LOWE, LAUREN LOWE,<br>GREATER WYNNEWOOD EXOTIC<br>ANIMAL PARK, LLC, and TIGER KING,<br>LLC,<br><br>      **Defendants.** | Case No. 20-cv-423-JFH |

## ORDER

Before the Court are two Motions to Withdraw as Counsel of Record for Defendants [Dkt. No. 77; Dkt. No. 102] and one Notice of Non-Representation [Dkt. No. 112], each filed by Daniel J. Card ("Mr. Card"), counsel for Defendants Jeffrey Lowe, Lauren Lowe, Greater Wynnewood Exotic Animal Park, LLC, and Tiger King, LLC (collectively, "Defendants").

### I.    BACKGROUND

On March 17, 2021, Mr. Card filed his first Motion to Withdraw as Counsel of Record for Defendants. Dkt. No. 77. The entirety of counsel's stated reason for seeking withdrawal was the two-word phrase "health reasons." *Id.* at ¶ 2. Plaintiff United States of America ("United States") filed a response noting: no other attorney had entered an appearance on behalf of Defendants; Mr. Card's motion did not mention substitute counsel or a timeframe by which new counsel would appear; Defendants had a history of delay in obtaining new counsel in other litigation; and the United States' claims were time-sensitive. Dkt. No. 81. The United States also cited a Western District of Oklahoma case where another Jeffrey Lowe-owned entity failed to obtain counsel for more than two and a half years after the district court granted a motion to withdraw and ordered the entity to have new counsel enter an appearance within thirty days. *See Big Cat Rescue Corp.*

1

*v. G.W. Exotic Animal Mem'l Found.*, No. CIV-14-377-SLP (W.D. Okla.).  On March 30, 2021, the Court entered a minute order denying without prejudice Mr. Card's Motion to Withdraw and noting that it would entertain such a motion upon the entry of appearance of new counsel for Defendants.  Dkt. No. 82.

On June 11, 2021, Mr. Card filed his second Motion to Withdraw as Counsel of Record for Defendants.  Dkt. No. 102.  Counsel's stated reasons for seeking withdrawal were, first, that "a conflict has arisen among the multiple clients/Defendants and attorney such that continued representation is impossible without violating ethical rules," and second, that withdrawal was necessary "for all reasons enumerated by [Oklahoma Rule of Professional Conduct] 1.16(b)(1)-(6), the precise nature of which cannot be divulged upon counsel from the OBA."  *Id.* at ¶¶ 3-4.  The United States filed a response re-urging similar arguments as before.  Dkt. No. 107.  Mr. Card filed a one-paragraph reply, claiming, "Counsel has a conflict.  The undersigned cannot be any clearer than that and still comply with Rule 1.6."  Dkt. No. 109.  On July 13, 2021, the Court entered a minute order denying without prejudice Mr. Card's second Motion to Withdraw and noting that it would entertain such a motion upon the entry of appearance of new counsel for Defendants.  Dkt. No. 110.  The same day, the Court set an in-person show cause hearing for September 16, 2021 regarding two filings from the United States:  a Notice of Defendants' Continued Noncompliance and a Motion for Costs.  Dkt. No. 111.

The day after the Court denied without prejudice his second withdrawal motion, Mr. Card filed a "Notice of Non-Representation."  Dkt. No. 112.  Mr. Card claimed his health issues "do[] not seem relevant to the Court whatsoever;" it "<u>was absolutely evident</u> that [he] could not continue to represent the Defendants; he has "a conflict *no reasonable person could deny*" with his clients; he "<u>clearly stated</u> [that] it was and remains to be impossible for [him] to represent the Defendants

and stay in compliance with the Oklahoma Rules of Professional Responsibility;" there is a "*plethora* of reasons" for him to withdraw that "he cannot explicitly state;" the Court "gave counsel a choice [to] do as I say or breach your ethical duties;" and that "if the Court demands he show up to a Show Cause hearing to say nothing (which is inevitable), then he will.  But counsel is not advocating for anyone." *Id.* at 1-2 (emphasis in original).

## II.    AUTHORITY

Oklahoma Rule of Professional Conduct 1.6, Confidentiality of Information, states in pertinent part:

> (a) A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted by paragraph (b).
>
> (b) A lawyer may reveal information relating to representation of a client to the extent the lawyer reasonably believes necessary . . .
>
> > (4) to secure legal advice about the lawyer's compliance with these Rules;
> >
> > (5) to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client; or
> >
> > (6) as permitted or required to comply with these Rules, other law or a court order.
>
> . . .
>
> Comment 14: Paragraph (b) permits disclosure only to the extent the lawyer reasonably believes the disclosure is necessary to accomplish one of the purposes specified . . . . If the disclosure will be made in connection with a judicial proceeding, the disclosure should be made in a manner that limits access to the information to the tribunal or other persons having a need to know it and appropriate protective orders or other arrangements should be sought by the lawyer to the fullest extent practicable.

5 O.S. App. 3-A Rule 1.6.

Oklahoma Rule of Professional Conduct 1.16, Declining or Terminating Representation, states in pertinent part:

> (a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:
>
>> (1) the representation will result in violation of the Rules of Professional Conduct or other law;
>>
>> (2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or
>>
>> (3) the lawyer is discharged.
>
> (b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:
>
>> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
>>
>> (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
>>
>> (3) the client has used the lawyer's services to perpetrate a crime or fraud;
>>
>> (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
>>
>> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>>
>> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>>
>> (7) other good cause for withdrawal exists.
>
> (c) A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

5 O.S. App. 3-A Rule 1.16.

### III.     DISCUSSION

The Court finds it relevant first to quote the record it made during the parties' first appearance before it:

> THE COURT: We're here for a status conference this morning to discuss a number of things.
>
> Let me start out by talking about the rules of professional responsibility. Citing the preamble to Title 5 of Oklahoma Statute Annotated, appendix three, rules of professional responsibility: A lawyer should demonstrate respect for the legal system and for those who serve it, including judges and other lawyers and public officials.
>
> I never thought that I would start a hearing citing the rules of professional responsibility. Professionalism does not mean one has to compromise one's client's meritorious positions. Acting without professionalism does not serve a client's interest. It certainly does not serve the bar and it does not serve the interest of justice. It also does not serve the Court, and the Court does not appreciate actions in communications that lack professionalism.
>
> Are there any counsel on the line that have any questions regarding the Court's position on professionalism?

Dkt. No. 50 at 4. Mr. Card's recent filing makes clear that he is not concerned with the Court's message.[1]

*First*, Mr. Card claims that his health problems did "not seem relevant to the Court whatsoever." Dkt. No. 112 at ¶ 1. Mr. Card did not put his health at issue such that the Court could properly or accurately evaluate its impact on his representation of his clients. The entirety of the record regarding Mr. Card's status is one sentence: "Counsel seeks to withdraw for health reasons." Dkt. No. 77 at ¶ 2. This bland representation does not provide sufficient factual explanation for the Court to render an assessment.

*Second*, Mr. Card's reasons for seeking withdrawal are by no means "<u>absolutely evident</u>" or "<u>clearly stated</u>" to the Court. Dkt. No. 112 (emphasis in original). Mr. Card gives no description

---

[1] Mr. Card's lack of professionalism in this case is beginning to look like a pattern.

of this "*plethora*" [Dkt. No. 112 (emphasis in original)] beyond that "a conflict has arisen" and that "continued representation is impossible without violating ethical rules" [Dkt. No. 102]. This is another bland representation which does not provide sufficient factual explanation for the Court to render an assessment.

The Court is cognizant of Mr. Card's duty of confidentiality toward his clients under Rule 1.6  However, Rule 1.6(b) makes clear that disclosure of confidential information is permitted when a controversy between the lawyer and the client arises or where disclosure is required by a tribunal. At no time has Mr. Card sought to file an *ex parte* motion, convene a sealed hearing, or produce information for *in camera* review regarding the perceived conflicts he has with his clients. He has provided the Court with nothing of substance to evaluate his claim of ethical conflict. The various other interests in this case deserve more.

*Third*, Mr. Card has apparently shared information with the OBA ethics counsel which he has not bothered to share with the Court. He claims the ethics counsel "certainly doesn't" deny that a conflict exists. Dkt. No. 112 at ¶ 2. Again, Mr. Card supplies the Court with nothing to assess his claim, the OBA's conclusion, or the facts underlying them.[2]

*Fourth*, Mr. Card's characterization of the Court's minute orders denying without prejudice his withdrawal motions are not based in fact. Mr. Card ignores the Court's statements that it would entertain his motions upon entry of new counsel for Defendants. Dkt. No. 82; Dkt. No. 110. The concern as to how Defendants will be represented in this lawsuit is not trivial—particularly since two Defendants are entities which cannot represent themselves *pro se*. *See Harrison v. Wahatoyas,*

---

[2]  The Court notes that the OBA ethics counsel provides *informal* oral and written advisory opinions. *See* Tips from the OBA Ethics Counsel, Oklahoma Bar Association (last visited July 23, 2021), https://www.okbar.org/ec/. Mr. Card does not specify whether he received an oral or a written opinion from the OBA, or whether he received an advisory opinion at all.

*L.L.C.*, 252 F.3d 552, 556-57 (10th Cir. 2001) ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se.").

*Fifth*, Mr. Card's citations to Rule 1.16(a) and (b) ignore their preamble—"Except as stated in paragraph (c)"—and the subsection that directly follows it: "A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." 5 O.S. App. 3-A Rule 1.16(c).

## CONCLUSION

**IT IS HEREBY ORDERED** that counsel for Defendants, Daniel J. Card, shall appear at the in-person September 16, 2021 show cause hearing. At the hearing, the Court will provide Mr. Card the opportunity to re-urge his motion to withdraw with sufficient factual basis and detail for the Court to make a reasonable assessment of the proper basis for withdrawal.[3]

Dated this 26th day of July 2021.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

---

[3] When provided a proper foundation and upon request, the Court will allow Mr. Card the opportunity to provide the bases for his motion *ex parte* and/or under sealed record to the extent he wishes to address any health or conflict issues.