IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,
        Plaintiff,

v.

JEFFREY LOWE,

LAUREN LOWE,

GREATER WYNNEWOOD EXOTIC ANIMAL PARK, LLC,

and

TIGER KING, L.L.C.,

        Defendants.

Case No. 20-cv-00423-JFH

FILED

AUG 26 2021

PATRICK KEANEY
Clerk, U.S. District Court

By_____
Deputy Clerk

## CARRIE M. LEO'S MOTION TO INTERVENE
### Due to Unlawful Seizure by Plaintiff USA

Carrie M. Leo ("Intervenor"), owner of eight animals which were unlawfully seized by the Plaintiff U.S.A.,[1] ("Plaintiff") hereby requests of the Court that she be permitted as an interested party pursuant to FRCvP 24 (a), in support of which she states:

1. Her request has its purpose to ensure the protection of her legal interests and constitutional rights.

2. Counsel for the Plaintiff, the United States of America, has the U.S.A.[1] alone as a client, and the legal interests which counsel for Plaintiff seeks to protect are strictly, or at least formally, those only of the federal agency.

3. Intervenor has a case filed in the district court of Garvin County in which she was awarded repossession of eight exotic animals she was boarding at the then G.W. Zoo in Wynnewood, Oklahoma since April 2017 by a writ of replevin on October 23, 2020 and

---

[1] "U.S.A." refers to the federal government agencies relevant to or involved in the instant case filed in the Eastern District of Oklahoma's Federal Court; namely the United States Fish & Wildlife Service ("USFWS") and the United States Department of Agriculture ("USDA").

1

an amended writ of replevin on November 6, 2020. However, when she had to reschedule the transport of her animals a second time requiring a second writ of replevin, the U.S.A. interfered in the case by making inappropriate contact with the court without the knowledge of or disclosure to the Intervenor and prejudiced the court against the plaintiff by making false accusations and statements. This occurred in mid-late November 2020.

4. Plaintiff U.S.A., in no way, has any legal right to Intervenor's eight animals boarded at the Thackerville Zoo under the possession of Jeff and Lauren Lowe. In fact, Plaintiff has intentionally kept Intervenor in the dark by trying to mislead her into thinking the Lowes did not have the animals in their possession at all.

5. The staff, presumably of the USDA, then worked with the court in Garvin County to delay Intervenor's case by excluding her from hearings and by the use of other tactics in order to allow the USDA to unfairly terminate Intervenor's federal license for exhibition in February 2021.

6. Intervenor has reason to believe the Plaintiff may have misrepresented the law and licensing once possessed by the Intervenor by making the Garvin County District Court believe Intervenor must be licensed in order to possess her animals, which is untrue due to Intervenor's right to have a private collection so long as no regulated activity with the animals takes place.

7. Intervenor has been vying for the return of her animals since the first time she contacted the Lowes in September/October 2018 when the latter refused to return the animals. Intervenor then filed suit against the Lowes in June 2019.

8. Intervenor has not had her right to due process respected for this entire process since she is representing herself and it seems such is a "green light" for courts and counsel to commit gross misconduct resulting in the repeated violation of her constitutional rights.

9. Remedy by way of the case in Garvin County is unlikely since the court is zealously protecting the defendants to the extreme of disallowing any discovery to take place which would even remotely benefit the Intervenor.

10. It is apparent to the Intervenor that Plaintiff U.S.A. has influenced pending litigation as well as any complaint process inside or outside of the USDA and USFWS by estranging the Intervenor to the point in which none of her complaints made in the past and in order to avoid litigation, were objectively investigated. The federal government is incapable of treating all members of the public equally and respecting each person's guaranteed right to due process, especially in an industry as politically charged as that of the possession and ownership of exotic animals.

11. Had Plaintiff U.S.A. not covertly influenced Intervenor's Garvin County case, the Intervenor would likely have had her animals returned to her and the case would likely have been over by now. Unfortunately, now it is stalemated.

12. The agencies have chosen to go to great lengths in order to ensure the Intervenor is uninformed about animals she owns.

13. As a result, the Garvin County case will likely not allow any fair remedy for the Intervenor since the court presiding over the case seems to believe the rumors and falsehoods secretly passed around and made directly to the court by Plaintiff U.S.A. and/or those closely associated with it – a highly unethical action.

14. Not once have any member of the federal government dared to make such accusations in the presences of the Intervenor simply because they are not true and know the Intervenor can show that in such an instance.

15. Intervenor also has reason to believe staff from the federal government, likely the USDA, or someone on its behalf, have also adversely affected other litigation the Intervenor had

pending in Texas causing at least one appeal.

16. With the U.S.A. considering itself as a government "for the people" and "by the people", it has erred in its treatment of self-represented litigants and those who dare to criticize the federal government publicly[2] and should not be allowed to continue to do so.

17. Intervenor filed proof of ownership and other documents on July 12, 2021.

18. There has been a stark contrast between the treatment of the Lowes versus the Intervenor in the way of respect for their rights in relation to animals they own and possess. Whereas the Lowes have had their rights mostly respected and were given notice of seizures as well as respect by the court and attorneys involved, the Intervenor has been deliberately kept in the dark, has had absolutely no due process which has now culminated in the unlawful seizure of her valuable exotic animals by the United States government.

19. The United States government has given the Intervenor little choice but to request to intervene in the instant action so the Intervenor can assert her rights, hoping the federal court will succeed in such regard where the Garvin county court has failed in respecting her constitutional rights.

20. Since government agencies have refused to communicate with the Intervenor in the past, even regarding benign subject matter, she did not approach the plaintiff's counsel in order to note whether or not they would object to her intervention.

21. It is Intervenor's understanding that, as of July 14, 2021, the defendants are no longer represented by counsel, so the Intervenor did not contact an attorney currently representing them, other than Mr. Card in case he is still passing on information from the court onto the Lowes. Of course, the Lowes have had the foregoing mailed to them as well.

---

[2] USDA started targeting Intervenor's USDA exhibition license after she made a complaint to then-Secretary, Sonny Perdue pertaining to the fabrication of evidence by a veterinarian in cahoots with an Animal Care Inspector who had been conspiring against the Intervenor for months prior.

WHEREFORE, Intervenor prays the Court permit her to act as an Intervenor in the instant action so as to finally, after so many years of being denied meaningful access to justice, she may find it.

Respectfully submitted,

*[signature]*

Carrie M. Leo, *Intervenor*
3199 Walworth Road
Walworth, NY 14568
Telephone: (315) 538-8316
Carrieleo15@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was placed in the U.S. Mail, postage pre-paid <u>and</u> transmitted electronically by means of the court's electronic case filing system on August 20, 2021, to the following:

<u>Mail:</u>

Mary Hollingsworth
(303) 844-1898
US Attorney (CO-Denver)
999 18th St, S Terrace
Ste 370
Denver, CO 80202

Briena Strippoli
(202) 598-0412
Fax: (202) 305-0275
Department of Justice-Environment and Natural Resources Division
P O Box 7611
Washington, DC 20044
US Department of Justice (Civil-Commercial)
1100 L St, NW
Washington, DC 20530
US Department of Justice (Federal Programs)
1100 L St NW
Washington, DC 20005

Daniel J. Card
512 NW 12th Street
Oklahoma City, OK 73103
dan@cardlawok.com

580-465-42349

Jeffrey and Lauren Lowe
21469 Jimbo Road
Thackerville, OK 73459

*/s/ Carrie M. Leo*

Carrie M. Leo, *Intervenor*
3199 Walworth Road
Walworth, NY 14568
Telephone: (315) 538-8316
carrieleo15@gmail.com