## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

          *Plaintiff*,

   v.

JEFFREY LOWE,                                        Case No. 6:20-cv-00423-JFH

LAUREN LOWE,

GREATER WYNNEWOOD EXOTIC ANIMAL
PARK, LLC, and

TIGER KING, LLC,

          *Defendants*.

### THE UNITED STATES' RESPONSE TO CARRIE LEO'S MOTION TO INTERVENE

The United States hereby responds to Carrie Leo's motion to intervene. Dkt. 118. To intervene as of right, Ms. Leo must claim an interest in animals that are the subject of this action. Fed. R. Civ. P. 24(a)(2). Ms. Leo asserts without support that the government took possession of eight animals that she alleges she transferred to Greater Wynnewood Exotic Animal Park ("GWEAP") in April 2017.[1] Dkt. 118. Specifically, Ms. Leo claims an interest in 2 Virginia opossums, 2 fishers, 1 red fox, 1 Arctic fox, 1 African crested porcupine, and 1 jackal. Dkt. 108 at 1. Because of the poor recordkeeping at GWEAP and later Tiger King Park, the government has no way of knowing if Ms. Leo actually transferred those eight animals as she claims. But, as discussed in more detail below, only three animals that are in the government's possession align with the list of animals claimed by Ms. Leo: a fisher, an African crested porcupine, and a jackal. *See* Dkt. 115-1. Thus, the United States does not oppose intervention as to those three animals. In

---

[1] At the time, Ms. Leo was licensed by the U.S. Department of Agriculture ("USDA"). Ms. Leo's license was terminated on November 9, 2020. *See* Exhibit ("Ex.") 1 at 32 (Administrative Law Judge Decision Terminating Leo's License and Judicial Officer Decision Denying Leo's Late Appeal).

fact, the United States intends to seek an order from the Court permanently placing the animals currently in the government's possession at Animal Welfare Act ("AWA")-licensed facilities selected by the government. Thus, the United States believes that any claims of interest as to those animals must be addressed before such an order may be issued.

If the Court finds that Ms. Leo has established the criteria for intervention as of right, the United States respectfully requests that the Court expressly limit intervention to the following three issues: (1) can Ms. Leo establish that she has an interest in the three animals that are actually in the United States' possession[2]; (2) has she maintained an interest in the three animals that are actually in the United States' possession; and (3) even if she can establish that she has and maintained an interest, should those three animals be returned to her.

## I.     LEGAL BACKGROUND

Federal Rule 24(a) provides that "[o]n timely motion, the court must permit anyone to intervene who (1) is given an unconditional right to intervene by a federal statute[3]; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). The Tenth Circuit has interpreted Rule 24(a)(2) to mean that "a nonparty seeking to intervene as of right must establish (1) timeliness, (2) an interest relating to the property or transaction that is the subject of the action, (3) the potential impairment of that interest, and (4) inadequate representation by existing parties." *Kane Cnty. v. United States*, 928 F.3d 877, 889 (10th Cir. 2019). The interest in the proceeding must be "direct, substantial, and legally protectable." *Barnes v. Sec. Life of Denver Ins. Co.*, 945 F.3d 1112, 1121 (10th Cir. 2019).

---

[2] In January 2021, the Lowes filed a document in a Garvin County, Oklahoma case filed by Ms. Leo, *Leo v. Lowe*, No. CJ-2019-00089 (Garvin Cnty., Okla. 2019), in which they claimed that, "[u]pon further review of [Ms. Leo's] list of animals which are the subject [of] this action, the Defendant does not have possession of those animals." Ex. 2 ¶ 4 (Defendant's Amended Response and Counter Petitioner). The government does not know if this is an accurate statement, but the question of whether she in fact has an interest in these specific animals does not need to be resolved at this time.

[3] Ms. Leo does not claim that she has an unconditional right to intervene given by a federal statute. Thus, the government does not address intervention pursuant to Rule 24(a)(1).

## II.    FACTUAL BACKGROUND

On August 13, 2021, Jeffrey and Lauren Lowe voluntarily abandoned the animals that remained at Tiger King Park to the United States. *See* Dkt. 115. The United States took possession of those animals on August 18, 2021, and have since placed them with AWA-licensed facilities to provide them adequate care. *See* Dkt. 116. The Clerk of Court entered default against all Defendants on September 9, 2021. Dkt. 124. In the government's forthcoming motion for default judgment, we intend to seek an order from the Court declaring that the animals be permanently placed at the AWA-licensed facilities.

## III.    ARGUMENT

The United States contests that Ms. Leo has met the test for intervention as of right as to the "interest relating to the property or transaction that is the subject of the action" prong in part. Specifically, the United States disputes that Ms. Leo has demonstrated the United States possesses five of the eight animals she claims an interest in. Thus, the Court should, at most, grant intervention as to the three claimed animals in the United States' possession, and it should limit the scope of that intervention for the reasons provided below.

a. **Ms. Leo claims an interest in only three animals that are in the United States' possession.[4]**

Ms. Leo asserts in her motion to intervene an interest in eight animals that she claims were transferred to Joe Maldonado-Passage in April 2017. Dkt. 118 at 1. As an initial matter, in her petition filed against Jeffrey and Lauren Lowe in Garvin County, Ms. Leo initially claimed that the animals at issue were "one male fisher, two Virginia Opossums (male and female), one male red fox, one female Arctic (polar) fox, one male African Crested Porcupine and one female black-backed jackal." Ex. 3 at 6 ¶ 16 (*Leo v. Lowe*, Petition). However, in September 2020, after over a year of claiming that she had transferred seven animals and submitting evidence to that effect, Ms. Leo filed a petition for replevin in which she changed the number of animals from seven to eight, adding an additional fisher. Ex. 4 ¶ 3 (*Leo v. Lowe*, Petition for Replevin). Thus, the number of animals Ms. Leo transferred in the first place is unclear. As already noted, the

---

[4] Although required under Rule 24(a)(2) to do so, Fed. R. Civ. P. 24(a), Ms. Leo did not establish the timeliness of her request for intervention in her motion.

Lowes claimed in a filing from January 2021 that they were not in possession of any of the animals claimed by Ms. Leo. Ex. 2 ¶ 4.

Five of the eight animals claimed by Ms. Leo do not match up with any of the animals in the government's possession. First, Ms. Leo claims to have transferred two Virginia opossums in 2017. However, as of August 13, 2021, when the Lowes signed the abandonment form, there were no Virginia opossums at Tiger King Park. *See* Dkt. 115-1. In fact, the USDA Animal and Plant Health Inspection Service inspectors have not observed any such opossums during any of their visits to Tiger King Park. *See, e.g.*, Dkt. 28-15 at 8. The United States did take possession of a single woolly opossum. For the Court's reference, the United States provides a photo of a woolly opossum, native to South America, on the left, and a photo of a Virginia opossum, native to North and Central America, on the right:




Woolly opossum                    Virginia opossum

Thus, Ms. Leo cannot assert an interest in two Virginia opossums because there are no Virginia opossums in this case.

Second, in her July 10, 2021 letter submitted to this Court, Ms. Leo asserted that she had a red fox whose condition was deteriorating under the Lowes' care. Dkt. 108 at 5. According to the Lowes, the red fox who was in poor condition died at some point before mid-July. *Compare* Dkt. 106-2 at 11 (June 9, 2021 Inspection Report with animal inventory listing 2 red foxes) *with* Dkt. 115-1 (red fox removed from animal inventory). In any event, the United States did not take possession of that fox. Third, Ms. Leo also claims a female Arctic fox. Dkt. 108 at 78. According to the July 25, 2017 inspection report for GWEAP, the zoo had two Arctic foxes. Ex. 5 at 4 (Maldonado Inspection Report for July 25, 2017). When the USDA inspectors visited the Thackerville facility in December 2020, only one Arctic fox remained. Dkt. 28-33 at 11. According to the December 16, 2020 inventory provided by the Lowes, the remaining Arctic fox is a male acquired in September 2018, *not* in April 2017. Dkt. 28-35 at 8. Finally, regarding Ms.

Leo's claim to two fishers, there is only one fisher in the United States' possession. *See* Dkt. 115-1. In short, Ms. Leo cannot establish that her interests will be impaired or impeded as to the five animals that are clearly not in the government's possession. *See United States v. Albert Inv. Co.*, 585 F.3d 1386, 1391 (10th Cir. 2009).

If the Court grants Ms. Leo intervention, she will of course need to establish that the particular animals in the government's possession are in fact hers. But at this point, Ms. Leo can claim an interest in, at most, three animals: the fisher, the jackal, and an African crested porcupine.[5]

### b. The Scope of Intervention Must be Narrow

If the Court grants Ms. Leo's motion, the United States respectfully requests that the Court expressly limit intervention to whether Ms. Leo can establish that (1) she has an interest in the three animals that are actually in the United States' possession; (2) she has maintained an interest in the three animals that are actually in the United States' possession; and (3) even if she can establish that she has and maintained an interest, should those animals be returned to her. Narrowly tailoring intervention in this way is consistent with Rule 24(a)(2), which provides for intervention as of right only to the extent the movant claims an interest to property that is the subject of the suit. Fed. R. Civ. P. 24(a)(2).

Ms. Leo has asserted no interest that is relevant to the merits of this litigation. The merits of this case involve the Defendants' inadequate and unlawful care of the animals at Tiger King Park, in violation of the Endangered Species Act ("ESA"), the AWA, and its implementing regulations and standards. *See* Complaint, Dkt. 2. None of the claims asserted in this case require Defendants to have been the legal owners of the animals that they harmed, harassed, or exhibited in violation of the AWA and ESA. Whether resolved through the United States' forthcoming motion for default judgment or some other procedure, Ms. Leo has no interest that warrants her participation in the resolution of the merits of these claims or in other proceedings that may occur regarding Defendants' contempt of court. Her asserted interest lies only in the remedy that the Court may order, to the extent that such remedy may affect the three animals in which she plausibly alleges an interest.

---

[5] The United States does not concede Ms. Leo's ownership of these three animals or her entitlement to them. The United States reserves all arguments on that topic for future briefing.

In light of the wild and baseless accusations Ms. Leo presented in her filing and the numerous similar filings in the Garvin County case, explicit limitations on the scope of intervention are not only appropriate under the Federal Rules, but appear necessary. Dkt. 118 at ¶¶ 3-8, 10-16.[6] Thus, the government respectfully requests that, if the Court grants intervention to Ms. Leo, intervention be narrowly tailored to the issues set out in this brief.

DATED:  September 9, 2021                Respectfully Submitted,

                                        TODD KIM
                                        Assistant Attorney General
                                        Environment & Natural Resources Division

                                        */s/ Mary Hollingsworth*
                                        MARY HOLLINGSWORTH
                                        Senior Trial Attorney
                                        BRIENA STRIPPOLI
                                        Trial Attorney
                                        DEVON LEA FLANAGAN
                                        Trial Attorney
                                        United States Department of Justice
                                        Environment & Natural Resources Division
                                        Wildlife & Marine Resources Section
                                        P.O. Box 7611, Ben Franklin Station
                                        Washington, D.C. 20044-7611
                                        Mary.Hollingsworth@usdoj.gov | (202) 598-1043
                                        Briena.Strippoli@usdoj.gov | (202) 598-0412
                                        Devon.Flanagan@usdoj.gov | (202) 305-0201
                                        Fax:  (202) 305-0275

                                        CHRISTOPHER J. WILSON
                                        Acting United States Attorney
                                        SUSAN BRANDON, Civil Chief

---

[6] A review of the docket in her Garvin County case against the Lowes shows that in December 2020 and January 2021, Ms. Leo failed to appear virtually at two hearings scheduled by the Court due apparently to Ms. Leo having technical difficulties. *See* Ex. 6 (*Leo v. Lowe*, Court Order on Virtual Hearings). As a result, the Garvin County court decided that Ms. Leo would no longer be permitted to appear virtually for hearings. *See id.* In response to this order, Ms. Leo has since filed a number of documents in which she alleges a conspiracy between New York State officials, the Garvin County court, and possibly USDA to prevent her from exercising her rights. *See* Ex. 7 (*Leo v. Lowe*, Leo Filings on Conspiracy); Ex. 8 (*Leo v. Lowe*, Leo's Motion for Judicial Disqualification or Recusal).

6

United States Attorney's Office
Eastern District of Oklahoma
520 Denison Avenue
Muskogee, OK 74401

*Attorneys for the United States of America*