# EXHIBIT 4 –
# *Leo v. Lowe,* Petition for Replevin

IN THE DISTRICT COURT
GARVIN COUNTY, STATE OF OKLAHOMA

STATE OF OKLAHOMA } ss.
GARVIN COUNTY
FILED
SEP 24 2020
AT 11:30 O'CLOCK____M.
LAURA LEE, Court Clerk
BY_____DEPUTY

**CARRIE M. LEO,**
**Plaintiff,**

- v -

**JEFFREY L. LOWE and**
**LAUREN F. LOWE, d/b/a/ _The Greater_**
**_Wynnewood Exotic Animal Park_**
**Defendants.**

**Case No. CJ 19-89**

## PETITION FOR REPLEVIN

TO SUPPLEMENT

## AFFIDAVIT IN SUPPORT OF EMERGENCY TRO AND PRELIMINARY INJUNCTION
sworn on July 6, 2020

**COMES NOW** the Plaintiff, Carrie M. Leo ("Plaintiff"), and respectively submits this

action for replevin against the Defendants, Jeffrey, and Lauren Lowe, to this Honorable Court.

Plaintiff alleges and states:

1.    The Plaintiff is an individual, domiciled in the state of New York;

2.    The Defendants are individuals, domiciled in the State of Oklahoma;

3.    The Plaintiff arranged a boarding contract with the agent of the zoo at the time, Joe

      Schreibvogel, on February 9, 2017[1] for eight of the Plaintiff's animals (referred to as

      _"The Animals"_ or _"Animals"_ hereon in): 1 black-backed jackal _(Canis mesomelas)_, 2

      Virginia Opossums _(Didelphis virginiana)_, 2 fishers _(Pekania pennant)_, 1 African

      Crested Porcupine _(Hystrix cristata)_, 1 Artic fox _(Vulpes Lagopus)_ and 1 red-type fox

      _(Vulpes vulpes)_.[2]

---

[1] Please refer to the affidavit accompanying the Original Petition and other initiating papers sworn by Joseph Maldonado-Passage on May 10, 2019 with Exhibit A.

[2] Please refer to Exhibit 5 included in the _Plaintiff's Motion for TRO & Preliminary Injunction_, sworn on July 6, 2020 to see how the Plaintiff's animals are listed in the live inventory page(s) from the latest USDA inspection of the Defendant's USDA license. The last inspection of the Greater Wynnewood Exotic Animal Park occurred on June 5, 2020. The Lowes have been charged with the lack of records regarding the disposition of many animals, including one fisher cat; hopefully not one of the ones belonging to the Plaintiff.

4.  At all times, the animals remained the sole property of the Plaintiff as she was and still is the one and only owner of The Animals.[3]

5.  The Plaintiff has demanded the return of The Animals, and the Defendant has refused to  return the same, under no legal authority, and continues to exhibit these animals to the public for receipt of a fee;

6.  The Plaintiff is entitled to a writ of replevin of such property.

7.  Any claims by the Defendant to ownership, title or interest in the said property do not override the rights of the Plaintiff to repossess, maintain title or interest in said property consisting of The Animals.[4]

8.  This is an action by the Plaintiff for immediate relief arising from the apparent unlawful conversion of title over her personal property by the Defendants.   Further, on information and belief, the Defendants are having continued challenges in caring for the animals currently residing in their zoological facility located in Wynnewood, Oklahoma, Garvin County.

9.  Plaintiff has recently been made aware of two disturbing incidences or situations involving the Defendants which prompt her to reinstate the urgency in regaining possession of her  animals.

10. During the first week of July 2020, the Plaintiff has been made aware that another litigant who has also filed an action of unlawful conversion of personal property involving animals at the Greater Wynnewood Exotic Animal Park stated several of his animals are now deceased due to substandard care by the Defendants and their staff.[5]

---

[3] Evidence of ownership is available in Exhibits 10 through 15 of the Original Petition filed to commence this action. The Plaintiff also included an affidavit of authenticity of all ownership papers. The affidavit was served to the Court and the Defendant, by way of his attorney, along with the papers for the *Plaintiff's Motion for TRO & Preliminary Injunction,* sworn on July 6, 2020.

[4] Please refer to the Affidavit sworn by Plaintiff on April 1,, 2019 entitled *Affidavit in Support of Immediate Injunction* and accompanying the Original Petition and initiating papers.

[5] Stark v Lowe.

11.    Additionally, the morning of Tuesday, June 28, 2020, the Plaintiff became aware of the current trouble with animal care at the zoo in which veterinary care has been lacking incurring flystrike in numerous animals. This was a complaint submitted to the USDA by a whistleblower and PETA about which the USDA, Oklahoma Wildlife Conservation Department and Sheriff's Department have taken immediate action in ensuring the care of animals at the zoo as best as they can.[6]

12.    Plaintiff's concerns prompted her to email and then call the Garvin County Sheriff with whom she spoke on the phone later in the morning. Sheriff Mullet told the Plaintiff she has not more than ninety days to remove The Animals from the zoo. However, based on their deteriorating health, she may not even have that long.

13.    Then, at 9:58 PM on Monday, June 28, 2020, the Plaintiff was sent a picture by a person who had been at the zoo. The picture showed one of the Plaintiff's fisher cats in a distressed state.[7]



Figure 1  "Houdini" the red-type fox
(muted standard morph)



Figure 2:  "Jack" the fisher cat

---

[6]  Found in the *Plaintiff's Motion for TRO & Preliminary Injunction*, sworn on July 6, 2020 is Exhibit #3 which contains the email and posting on social media which alerted the Petitioner/Plaintiff of the urgency of the situation relating to her animals.

[7]  Found in the *Plaintiff's Motion for TRO & Preliminary Injunction*, sworn on July 6, 2020 is Exhibit #3B - a picture of one of the Plaintiff's fisher cats taken on Friday, June 25, 2020.

14.     The following day, Tuesday, June 29, 2020, the Plaintiff came across an article on a blog online in which one of her two foxes currently at the zoo was pictured "looking tired and drained".[8]

15.     The Plaintiff will not have an adequate remedy at law if the Defendant is free to engage in such conduct with regard to said property. The Defendant should be prohibited from the concealing, selling, displaying, disposing of, transferring, hypothecating, damaging, destroying, or otherwise dealing with said property in any manner that would produce injury to the Plaintiff pursuant to Title 12 O.S. Section 1571(C);

16.     Prejudicial actions by the Defendant include, but not necessarily limited to, concealing, displaying, selling, disposing of, hypothecating, damaging, destroying, or otherwise encumbering The Animals throughout the duration of this action.

17.     The Plaintiff is further entitled to judgment for damages arising from the Defendant's unlawful detention of said property, including, but not limited to, loss of income;

18.     The Plaintiff is entitled to judgment for any damages to the property caused by the Defendant;

19.     In the alternative, and pursuant to title 12 O.S. Section 1580, the Plaintiff is entitled to judgment for the full value of said property in the event the Plaintiff is not restored to possession of the same;

**WHEREFORE**, Plaintiff respectfully requests a decision by the Court in favor of the Plaintiff and against the Defendants, their agents, servants, employees, and successors as follows:

A writ for Replevin for immediate possession of The Animals to be given to the Plaintiff. The seizure of the animals by law enforcement, if necessary, to be authorized by the Court is also requested to be included in the writ.

---

[8] Found in the *Plaintiff's Motion for TRO & Preliminary Injunction*, sworn on July 6, 2020 is Exhibit #4 - a picture of *"Houdini"*, the Petitioner's red fox.

Maintenance of the temporary restraining order prohibiting the Defendant from selling,

damaging, displaying, or otherwise disposing The Animals owned by the Plaintiff until she is able

to pick them up and get them back to her facility in New York State.

Judgment for all damages and costs incurred herein pursuant to title 12 O.S. Section 1580.

Respectfully submitted,

Carrie M. Leo, Plaintiff
3199 Walworth Road
Walworth, NY 14568
Ph (315) 538-8316
Email: carrieleo15@gmail.com


STATE OF OKLAHOMA      )
                       )  ss.
COUNTY OF GARVIN       )


CERTIFICATE OF AUTHENTICITY

Carrie M. Leo, of lawful age, being first duly sworn upon oath deposes and states that she is the Plaintiff in the above named case, that she has authored, read and understands the foregoing Answer, and knows the contents thereof, and that the facts therein set forth are true and correct to the best of her knowledge and belief.


CERTIFICATE OF DELIVERY

The Plaintiff, Carrie M. Leo, also certifies on this 21st day of September 2020, that she delivered a true and correct copy of the above and foregoing document to Robert T. Rennie, Attorney for the Defendant, by emailing it to his email address at rennielaw@yahoo.com and mailing a physical copy via USPS to his office address at 118 North Chickasaw, Pauls Valley, Oklahoma 73075.

Date: September 21, 2020

Carrie M. Leo, Plaintiff


Subscribed and sworn to before me this 21st day of September 2020.

LAUREN FRIEDL
Notary Public - State of New York
NO. 07FR6383306
Qualified in Wayne County
My Commission Expires Nov 13, 2022

Notary Public

Page 5 of 5



# Western Surety Company

IN THE DISTRICT COURT OF <u>Garvin County</u> COUNTY
STATE OF OKLAHOMA

Case No. _____

Carrie M. Leo

    Plaintiff(s),

v.

The Greater Wynnewood Exotic
Animal Park

    Defendant(s).

**PLAINTIFF'S REPLEVIN BOND**
(Okla. Stat. Ann. tit. 12, § 1573)

Bond No. <u>65213528</u>

Effective Date: <u>September 10th, 2020</u>

KNOW ALL PERSONS BY THESE PRESENTS:

 That we, <u>Carrie Leo</u> _____ ,
as Principal(s), and WESTERN SURETY COMPANY, a corporation authorized to do surety business in the State of
Oklahoma, as Surety, are held and firmly bound unto the above-named Defendant(s), in the sum of not to exceed

<u>Twenty Thousand and 00/100</u> _____ DOLLARS ($ <u>20,000.00</u> ),
for the payment of which well and truly to be made, we bind ourselves and our legal representatives, firmly by these
presents.

 THE CONDITION of the above obligation is such that WHEREAS the Principal(s) has commenced an action for the
recovery of the possession of certain personal property claimed by the Principal(s) and gives this bond as part of such
action as required by Okla. Stat. Ann. tit. 12, § 1573.

 NOW, THEREFORE, if the Principal(s) shall duly prosecute this action, pay all costs and damages, including
attorney's fees, which may be awarded against the Principal(s) in this action and, if the property be delivered to the
Principal(s), return the same to the Defendant(s) if such return be adjudged, then this obligation to be void; otherwise to
remain in full force and effect. In no event shall the total liability of the Surety for all breaches of the condition of this
bond exceed the amount stated above.

Dated this ~~10th~~ 21st cl day of ____September____ , __2020__ .

_____ , Principal

By _____

_____ , Principal

By _____

WESTERN SURETY COMPANY, Surety

By _____
      Paul T. Bruflat, Vice President

Approved

By _____
  Clerk of the above Court

Form F6286-12-2019

Page 1 of 2

INDIVIDUAL ACKNOWLEDGMENT

STATE OF ~~OKLAHOMA~~ *New York (e)*

County of ___Wayne___ } ss

Before me, a Notary Public, within and for said County and State, on this ___21st___ day of ___September, 2020___

~~Carrieleo~~ personally appeared ___Carrie Leo___,

to me known to be the indentical person(s) who subscribed the within bond as Principal, and acknowledged that __ he __

executed the same for the purposes therein contained.

My Commission Expires

___November 13___, ___2022___

_____
Notary Public - ~~Oklahoma~~ *New York (e)*

```
┌─────────────────────────────────────┐
│          LAUREN FRIEDL               │
│  Notary Public - State of New York   │
│          NO. 07FR6383306             │
│      Qualified in Wayne County       │
│  My Commission Expires Nov 13, 2022  │
└─────────────────────────────────────┘
```

CORPORATION ACKNOWLEDGMENT

STATE OF OKLAHOMA

County of _____ } ss

Before me, a Notary Public in and for said County and State, on this _____ day of _____,

_____, personally appeared _____,

to me known to be the indentical person who subscribed the name of the maker thereof to the foregoing instrument as

_____ of the _____,

and acknowledged to me that he executed the same as his free and voluntary act and deed, and as the free and

voluntary act and deed of such corporation, for the uses and purposes therein set forth.

My Commission Expires

_____
Notary Public - Oklahoma

_____, _____

ACKNOWLEDGMENT OF SURETY

STATE OF SOUTH DAKOTA

COUNTY OF MINNEHAHA } ss

On this ___~~10th~~ 21st___ day of ___September___, ___2020___, before me, the undersigned officer, personally

appeared ___Paul T. Bruflat___, who acknowledged himself to be the aforesaid
officer of WESTERN SURETY COMPANY, a corporation, and that he as such officer, being authorized so to do, executed
the foregoing instrument for the purpose therein contained, by signing the name of the corporation by himself as such
officer.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

```
┌─────────────────────────────────────┐
│            P. DAHL                   │
│    (SEAL) NOTARY PUBLIC (SEAL)       │
│          SOUTH DAKOTA                │
└─────────────────────────────────────┘
```

My Commission Expires June 18, 2025

_____
Notary Public, South Dakota