# EXHIBIT 7 –
# *Leo v. Lowe,* Leo Filings on Conspiracy

```
STATE OF OKLAHOMA  }
GARVIN COUNTY      }  SS.
       F I L E D
       FEB 0 1 2021
   AT ____ O'CLOCK ____ M.
   LAURA LEE, Court Clerk
   BY _____ DEPUTY
```

3199 Walworth Road
Walworth, NY 14568
January 17, 2021

**RE: Stopping Tyrants**

For the record, Carrie M. Leo, a self-represented litigant, has been severely prejudiced by retaliation from the New York State Department of Environmental Conservation and the USDA by consistent "back-seat" involvement with several cases I have pending inside and outside of New York State.

Not long after the New York State DEC had been served in the recent past for two cases currently pending in New York State Supreme Court, there was another wave of reaction I found odd coming from the attorneys and judges in all of my pending cases. Such a reaction occurred only days after the state was served with service for two petitions now pending in New York State Supreme Court. This has happened numerous times in the past as well. There may be more retaliation coming since I've filed the civil rights case against them in federal court. Anytime I exercise my rights, I am retaliated against by the NYSDEC sometimes along with the USDA.

It has come to my attention that there are staff members in both agencies who are not above ex-parté communications and passing around documents containing false, derogatory information pertaining to me. Unfortunately, some of the judges oblige since the staff doing these things are from government agencies. However, such actions have resulted in the deprivation of my rights, especially those of due process and personal property. It is clear to me both agencies are trying to railroad me out of the legal system as if secreting away my property and falsifying documentation to hide its location throughout the states of Texas and now Oklahoma wasn't enough misconduct already.

I implore all attorneys and judges to resist the influence of either of these agencies and with whom they may be associated. These two agencies have become increasingly more extreme in their conduct as years go by since they have yet to be held accountable for the way they hurt members of the public. Every staff member in these agencies involved in this situation must cease contacting anyone in the other cases and making attempts to influence the judges and attorneys associated with my pending cases. Such a personal vendetta against me has been occurring for years and needs to stop. This ongoing extremism and misconduct perpetrated by the NYSDEC and the USDA is a textbook example proving why the administrative state is considered to be the greatest threat to our democracy and civil liberties in this country today.

Carrie M. Leo, litigant *pro se*

STATE OF OKLAHOMA ) SS.
GARVIN COUNTY )
F I L E D
FEB 23 2021
AT 11:30 O'CLOCK ___ M.
LAURA LEE, Court Clerk
BY ___K___ DEPUTY

IN THE DISTRICT COURT
GARVIN COUNTY, STATE OF OKLAHOMA

CARRIE M. LEO,
Plaintiff,

- v -

JEFFREY L. LOWE and
LAUREN F. LOWE,
Defendants.

Case No. CJ 2019-00089

5 Okl. St. Chap. 1, Appx. 4, Rule 2.9

## NOTICE OF OBJECTION TO SETTING NON-JURY TRIAL AND REQUEST FOR DISCLOSURE OF EX-PARTÉ COMMUNICATION PURSUANT TO 5 O.S. RULE 2.9

The Plaintiff submits this objection to the Oklahoma District Court of Garvin County setting a non-jury trial for March 22, 2021. This appointment appears to be scheduled in order to 1.) cause inconvenience for the Plaintiff and making her travel from New York State to Oklahoma during the apex of a pandemic[1]; and 2.) to unilaterally dismiss the case at the beckoning of at least one government agency with which the Plaintiff has had extensive issues over the past several years.

The New York State Department of Environmental Conservation ("NYSDEC" hereinafter) has targeted the Plaintiff for quite some time now and has intensified its covert agenda against her by partaking in ex-parté communications with defense counsel and judges presiding over cases filed by the Plaintiff. This puts the judges and the defense attorneys involved in such cases in collusion against the Plaintiff who is being denied due process as a result.[2] This is magnified by

---

[1] This was an issue in another case filed by the Plaintiff in Cherokee County, Texas, filed under the caption Carrie Leo v Dr. Lori Cavitt identified by cause #2020 0020 053, in which the Plaintiff was granted a stay for an in-person deposition allowing her to wait until the quarantine regarding the pandemic was rescinded by the state of New York since both the court and defense counsel regarded the failure to impose such a stay would be overly burdensome and prejudicial against the Plaintiff. However, ignoring that part of the judge's ruling coupled with defense counsel's failure to include it in the written order and the judge requiring him to do so, denied the Plaintiff the benefits of the stay. As a result, the defense counsel continually harrassed the Plaintiff with one *Notice of Deposition* after another which the Plaintiff could not honor due to a plethora of reasons and notifying defense counsel of such every time he scheduled a deposition. At one point, she notified defense counsel ten days (receipt of which was verified) before the scheduled deposition was to take place about her inability to attend the deposition due to the hospitalization of her mother (not to mention the stay was still in effect). Just before the contempt hearing on the situation, the Plaintiff was denied by the court a few extra days to obtain proof of the hospitalization of her mother. During the hearing, the court denied her an opportunity to submit evidence she did have by the time of the hearing and, without any evidence whatsoever that the hospitalization of the Plaintiff's mother was a hoax created by the Plaintiff in order to avoid traveling to Forth Worth for the deposition, declared the Plaintiff in contempt of court. The court issued a count of contempt against the Plaintiff charging her all attorney fees, even for preparing for the deposition, as well as a non-appearance fee charged by the stenographer, totaling over $1400. Even though the court presumptively recognized the Plaintiff's indigency status and authorized her to proceed in the case without paying costs and fees for the action, the judge stated she was to pay the $1400+ within thirty days. This would have a preclusive effect on the case due to the Plaintiff simply not being able to afford such an amount, especially when sanctions are rarely charged against self-represented litigants and, as a result, the levying of such was suspicious in this situation. The judge was recused from the case.

[2] 5 Okl. St. Chap. 1, Appx. 4, Rule 1.2

1

the fact that there is a lack of disclosure of such communication since the NYSDEC wishes to keep it secret from the Plaintiff. Undoubtedly, the secret communication is intended to be detrimental to the Plaintiff asserting her rights. The NYSDEC has been severely compromising such rights with retaliation against the Plaintiff for her public criticism of the department and her starting a movement to make government, especially this agency, accountable for the damage they have incurred upon the lives of members of the public.

This agency has long surpassed the boundaries of judicial deference or any other allowance it gets as a government agency. It wields an enormously improper influence over members of the public throughout the state of New York and has yet to be held accountable for the damage it has caused. This has caused a decline in the quality of life for many people, especially those who are forced to interact with Department staff for one reason or another. Staff have unequal enforcement of rules, regulations and laws as well as undeserved liberty to alter interpretation of any mandate on a dime, sometimes even making up or adding to already existing rules, regulations, and statutes when on site with members of the public.

There have been numerous people cited for violating non-existent rules, regulations, and laws. Unfortunately, these individuals often don't realize the law under which they've been cited either doesn't exist, irresponsibly interpreted or the citation was given out by an incompetent officer or staff member.

Officers on staff at the agency fail to perform investigations at all, using gossip as "evidence" or leads which are used in court but are never verified. It is the court system which can stop such abuses of the legal process from occurring or at least going any further. However, instead of dispensing real justice, the courts go along with the government staffers, committing ex-parté communication, fixing the disposition of pending cases, preventing jury trials when possible, and ruining a litigant's credibility by making her a criminal or violator when the person is not. This is the way those who become activists, such as the Plaintiff, are discredited unfairly by the agency in the face of the judiciary and other people who do not understand the real circumstances under which the agency's smear campaigns start out in the first place.

The Department has long been citing individuals and businesses for violating rules, regulations, and laws which either were never to exist, or which weren't put into law until after a person was cited for violating it. In addition to these violations, there is a plethora of additional violations perpetrated by the NYSDEC and its associates or helpers as it completely disregards the constitutional rights and civil liberties of the populace. This is occurring simply because there is

no oversight and therefore no accountability of this agency which, in turn, is given a blank check to do as it wishes.

This has created an agency which is literally acting as a dictatorship recognized by its bullying others, even other agencies, while taking over jurisdiction of authority not part of the statutory intent of the agency or changing laws to meet the personal agendas[3] of its staff members. Instead of discipline or even the slightest bit of accountability of the staff members, ones who hurt the public end up being promoted thereby validating the already abusive habits of a staff evolving into a much more extreme version of itself. The more extreme the agency gets, the less it serves the public and the fewer people it will include. At this time, many individuals have already been completely excluded from accessing the Department's programs for life while other individuals who have committed the same actions as those committed by the excluded, are included and can do no wrong in the eyes of the staff. Often it is these "helpers" who are rewarded with personal property of others if they help the agency spread enough gossip and false accusations around concerning specific individuals the agency is targeting. This is happening to the Plaintiff.

Even though so many egregious violations occur on a daily basis, there is absolutely no recourse or redress for the victims of agency abuse of procedures and the legal system. Everyone will defer to the agency in both fact and regulatory interpretation; both of which are far from truthful.

The agency is clearly taking advantage of the elevated position given to it by other authorities, one of them being the judiciary, by causing even more abuse. This is where the Plaintiff is asking for Judge Edwards and her court to step in and, instead of being one of those people who only magnify the wrongs incurred by an agency going to extreme lengths to exclude certain people unjustly, the judge and her court will adhere to the rules of the court strictly and observe the right to due process of the Plaintiff by keeping the influence of the agency and its' associates out of the case entirely in compliance with 5 Okl. St. Chap. 1, Appx. 4, Rule 2.4.

It is important for the court to understand that the Plaintiff has gone to countless people in positions to help her with her problems with the agency. For at least three years, she has approached everyone inside the agency from the Commissioner himself to the the general counsel and regional attorneys to no avail. She has also requested assistance from the agency's internal auditor and the state's inspector general. The New York State Governor was notified and was

---

[3] By asserting it's warped influence in the State of Oklahoma , the NYSDEC and others who collude with it, are possibly violating 5 Okl. St. Chap. 1, Appx. 4, Rule 1.3.

3

asked for assistance. Requests are either ignored or are ridiculed or relayed back to the dame people with whom the problem started, and then used to retaliate against the person submitting the complaint. Sadly, the courts appear to be doing the same making it known if you are a minority in terms of socio-economic status and not having "friends in high places", justice will remain elusive. It is amazing how just one person, one judge, can start the change needed in the judiciary's regard for the treatment of litigants who are deemed "worthless" or less than desirable to have in the courts (i.e. the weaker litigants without money and connections in order to have wrongs perpetrated against them resolved fairly).

This is a notice to the court that the ensuing trial which is scheduled for March 22, 2021 is going to be held in contravention to the constitutional rights of the Plaintiff. This is true since she has been denied discovery by both the defense and the court while she has cooperated fully with those requests asked of her by the defense. Furthermore, this collusion has resulted in falsified information given and used by the defense and the court in reference to the personal property of the Plaintiff to which she has already received a writ of replevin to repossess. Unfortunately, the fairness of the Court seems to have terminated after receiving advice or communication from one or more staff members of the NYSDEC or an individual(s) on its behalf.[4] Such advice and/or communication should be disclosed to all parties in the action in order to avoid a severe discrepancy between the parties involved in the case and erroneous judgement in, or disposition of, the case.

By preventing the Plaintiff from not only accessing the courts, but also accessing fair treatment (aka justice), her due process rights have been violated since the physical access to the courts does not necessarily equate to access to just and fair treatment; it's merely the first step in doing so.

Fair responses from opposing counsel to discovery requests from the Plaintiff as well as failure of courts to schedule or hear Plaintiff's motions to compel discovery or even schedule a hearing for such a motion, has also been characteristic of the cases in which there has been some

---

[4] Another method employed by the NYSDEC is the use of an attorney outside of the agency in order to influence defense attorneys and judges. This way, the defense counsel and courts can hide behind privilege exempting them from the requirement of disclosing information given to them by the attorney, Michael F. Young, of Lowville, New York. Mr. Young was the attorney for the defense in Leo v Thomas in which the Plaintiff filed for the same reason as the case at bar in Garvin County; that is, the return of personal property. By way of falsified information submitted to the court by Mr. Young and his client, two additional cases were filed by the Plaintiff in Texas against two other individuals approached by Mr. Young and his client asking for their help in supporting the falsified evidence "proving" the Plaintiff's personal property could not be returned. As the court and defense counsel knows, there are also boundaries to the attorney-attorney and attorney-judge privileges in which scheming and influencing cases unfairly and causing prejudice by denying the rights to due process of one of the par4ties to an action is not included in any exemption to disclose by way of any privilege.

4

type of interference by the NYSDEC and/or its compadres. At least several of the Plaintiff's cases have been affected, especially one sin which she is petitioning for the return of her animals. This has been the modus operandi of the NYSDEC in at least two of the Plaintiff's other cases in which the agency is not a party. As a result, the Plaintiff files this objection to an in-person trial being scheduled by the court for March 22, 2021 and the seeming denial of her right to discovery in order to prepare for the trial.

Regardless of what the NYSDEC, Attorney Young, or any other person associated in any way with the NYSDEC or its agenda, thinks or has stated secretly to anyone else, the Plaintiff has had meritorious case in each of her cases pending in a court of law. All have been passed to proceed to be presided over by a judge by court clerks and the causes of action have been sound in all of them, with the possible exception of a couple causes of action in one of the cases which is curable.

There has been no evidence provided by any person to prove that the Plaintiff has filed any case or action in bad faith, especially since she has made sincere, sometimes numerous, attempts to resolve the situation prior to filing. This was the case with the case at bar as well. The Plaintiff made effort on two occasions, October 26, 2018 and November 6, 2018, to resolve[5] the situation directly with the Lowes and made a settlement offer in the recent past to them through their attorney, Robert Rennie. The first conversation in October, the Lowes declined to resolve the situation. The second attempt at resolution, as well as the most recent settlement offer, were both ignored by the Lowes and defense counsel, respectively.

Because the Lowes had at offer and many opportunities to resolve the situation at hand, and then had a lot of time to produce their own solutions before the NYSDEC became involved and illegally blocked the Plaintiff's opportunity for a Second Amended Writ of Replevin, there should be no reason for the Plaintiff to pay any attorney fees.

The Plaintiff also feels her case should not be dismissed and she be granted another writ of replevin so she may take her animals back. She has been waiting to move to another state with her animals for quite some time and wishes to do so soon. The Plaintiff also has an active USDA license still at this time although it isn't a necessity since a person may have a private collection of exotic animals if they do not partake in any activities which are regulated such as exhibition.

---

[5] Both conversations between the Plaintiff and Defendants occurred via Facebook private messenger and were included in the Original Petition for the case in Exhibit 3.

5

The Plaintiff also requests full disclosure from both defense attorney, Robert T. Rennie, Esq. and Judge Leah Edwards of any and all statements made by any staff member of the New York State Department of Environmental Conservation or anyone else regarding the pending case *Carrie M. Leo v Jeffrey L. Lowe and Lauren F. Lowe*, ("*Leo v Lowe*" hereinafter) identified by case number CJ 2019-00089.

There's a reason certain individuals commit certain actions and communication in secrecy. Such misdeeds are meant to prejudice another and thus are improper. It makes it impossible for indigent, self-represented individuals to receive fair treatment and justice from the courts when such obstacles are put in place, especially when they placed in the way without the litigant's knowledge. Eventually, the litigant gets the impression that while she is doing her best to follow the rules of the court, doing such starts to be a hindrance since the defense, court and external influencers are playing an entirely different game, in which there seems to be no rules for conduct. Specifically in this case, it is also meant by outside influencers to punish the Plaintiff for exercising any of her "guaranteed" freedoms.

Judge Edwards has the only court in which the Plaintiff has litigated, and in which did not employ abusive means in its treatment of her. It's a court which was truly fair and impartial,[6] until several weeks ago. The Plaintiff pleads with the court not to change the quality of the court's treatment of her and that it remain fair and impartial - the only forum through which the Plaintiff can achieve the long-awaited justice she has been trying to obtain for quite some time now.

A response from both the court and defense counsel is requested which should include full verified disclosure of any and all ex-parté communication between them and any sources posing external influences in the case. The Plaintiff has the right to know who her accusers are and what is being alleged against her so she may respond[7] with her own statements to protect and defend her interests and most importantly, her rights. If the NYSDEC wants influence in the case, their participation must be transparent, and they should be petitioning the court to be included as a party to the action.

Date: <u>February 9, 2021</u>                                              Respectfully submitted,

                                                                          _____
                                                                          Carrie M. Leo, Plaintiff
                                                                          3199 Walworth Road
                                                                          Walworth, NY 14568
                                                                          tele: (315) 538-8316

---

[6] 5 Okl. St. Chap. 1, Appx. 4, Rule 2.2
  5 Okl. St. Chap. 1, Appx. 4, Rule 2.3
[7] 5 Okl. St. Chap. 1, Appx. 4, Rule 2.6(A)

IN THE DISTRICT COURT
GARVIN COUNTY, STATE OF OKLAHOMA

| | |
|---|---|
| CARRIE M. LEO,<br>Plaintiff,<br><br>- v -<br><br>JEFFREY L. LOWE and<br>LAUREN F. LOWE,<br>Defendants. | Case No. CJ 2019-00089 |

## VERIFICATION

Carrie Leo, of lawful age, being first duly sworn upon oath, deposes and states that she is the Plaintiff in the above-named case, that she has authored, read and understands the foregoing statements, knows the contents thereof, that the facts therein set forth are true and correct and that no statements thereof are frivolous, to the best of her knowledge and belief.

Date: February 9, 2021

Sworn to before me this 9th day of February 2021.

_____
Public Notary

Carrie M. Leo, Plaintiff pro se
3199 Walworth Road
Walworth, NY 14568
tele: 315-538-8316
carrieleo15@gamil.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via USPS to defense counsel, Robert T. Rennie, Esq., Attorney for the Defendants, Jeff and Lauren Lowe at the mailing address for Rennie Law Office, 118 Chickasaw, Pauls Valley, OK 73075 this 9th day of February 2021.

Carrie M. Leo, Plaintiff pro se
3199 Walworth Road
Walworth, NY 14568
tele: 315-538-8316
carrieleo15@gamil.com