# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF
# OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. JEFFREY LOWE, LAUREN LOWE, GREATER WYNNEWOOD EXOTIC ANIMAL PARK, LLC, and TIGER KING, LLC, *Defendants*. | Case No. 6:20-cv-00423-JFH |

## UNITED STATES' NOTICE OF DEFENDANTS' CONTINUED NONCOMPLIANCE

The United States hereby provides notice that Defendants have not complied with the Court's September 16, 2021 order to provide all required documents to the United States within one business day of notification and remain out of compliance with the Court's previous orders.

On January 15, 2020, this Court granted a preliminary injunction to the United States which, among other things, required Defendants to provide the United States with certain records. Dkt. 65. As relevant here, Defendants were required to provide to the United States (1) acquisition and disposition records for all animals added to or missing from their inventories since June 22, 2020; (2) acquisition and disposition records within seven days of any change to the December 16, 2020 inventory, including the birth or death of any animal; and (3) complete and accurate veterinary records within seven days of any animal being treated by a veterinarian. *See* Dkt. 65 at 33-34. After Defendants' failure to comply with these and other provisions of the

1

Court's order, the Court issued a subsequent order enforcing these requirements on March 22, 2021. Dkt. 78. Defendants still did not come into compliance and continued to violate additional terms of the Court's orders as detailed in three previous notices of noncompliance filed by the United States. *See* Dkt. 83, 93, 106. At a May 12, 2021 show cause hearing and in the Court's subsequent order, the Court found Defendants in civil contempt for failing to comply with the Court's previous orders and imposed sanctions. Dkt. 97.

On September 16, 2021, the Court held a second show cause hearing. At the September 16 hearing and in a subsequent order, the Court directed the United States to provide Defendants with a list of outstanding documents Defendants are required to provide the United States pursuant to the Court's previous orders. Dkt. 133. The Court also ordered Defendants to provide the outstanding documents to the United States within one business day of receiving the United States' notification. Dkt. 133. On September 16, 2021, the United States provided via email to Mr. and Mrs. Lowe a list of the outstanding documents as well as a description of the regulatory requirements for a valid acquisition or disposition record. *See* Ex. 1 (Sept. 16, 2021 Email from Hollingsworth to Lowes).

On September 16, 17, and 18, 2021, Defendants provided many, but not all, of the required records to the United States. Most of the records sent by Defendants were veterinary records, some of which they had previously sent to counsel for the United States, others which they had not previously provided.[1] Because the United States cannot prove otherwise, the United States presumes that the provided records constitute all veterinary records since the Court's January 15, 2021 order for purposes of these contempt proceedings. For the remaining

---

[1] The newly provided records were not provided within seven days of an animal being treated. The most recent veterinary record provided was from May 27, 2021.

categories of documents, the chart below demonstrates what the United States requested (in the exact language of the email) and what the Lowes provided on September 16-18.

| Documents requested in the United States' email notification (Ex. 1) | Documents provided by the Lowes following the email notification |
|---|---|
| 1. List every cub and the parents for the litters born on:<br>   a. August 21, 2020<br>   b. September 5, 2020<br>   c. Litter sent to Tiger Haven around December 13, 2020<br>   d. November 28, 2020 | • One email listing cub names and parents for the August 21, 2020, September 5, 2020, and November 28, 2020 litters. *See* Ex. 2 (Sept. 18, 2021 Email from Lauren Lowe).<br>• No list of names and parents and no acquisition record was provided for the litter that was transferred to Tiger Haven in December. |
| 2. Disposition records from any cub listed above that is not in the United States' possession. | • One disposition record showing four tigers given to Tiger Haven on December 13, 2020. Does not identify cub names, dates of birth, or parents for three of the cubs. *See* Ex. 3 (Disposition Form dated Dec. 13, 2020).<br>• Assuming the accuracy of the list of cubs identified in #1, the Lowes have now provided disposition records for |

| | |
|---|---|
| | all of these cubs which are not in the United States' possession. |
| 3. If any other animals were born between June 2020—present, please also provide the names of the animals, their parents and disposition records. | • One chart listing births of three lemurs and two raccoons in March and April 2021 (previously provided to the United States, *see* Dkt. 95-2). *See* Ex. 4 (Mar. & Apr. 2021 Animal Birth Form).<br>• No other animal births identified. |
| 4. Wolves – acquisition record for the additional 3 wolves. The June 2020 inspection report lists 12 total, *see* Report attached [to Exhibit 1], as does the inventory that your facility provided, *see* attached inventory [to Exhibit 1]. Thus, at some point between June 2020 and December 2020, three wolves were added to the inventory. | • One acquisition form for three wolves given to Joe Maldonado on June 2, 2018. *See* Ex. 5 at 2 (Assorted Acquisition & Disposition Forms).<br>• One acquisition form for 12 wolves given from Joe Maldonado to Jeff Lowe on September 26, 2018. *See* Ex. 5 at 3.<br>• One email stating that "Three wolves were not on Jeff Lowe's inventory. They had no names and were off exhibit. They were rehomed to Pat Craig. In separate email it shows |

| | |
|---|---|
| | where those three wolves came in to Joe back in 2018." *See* Ex. 2.[2] |
| 5. Disposition records:<br><br>a. Red fox<br>b. Bush baby<br>c. Alpaca, sheep and goat<br>d. Sloth<br>e. Raccoons<br>f. DeBrazza's monkey (please account for this animal)<br>g. 1 hooded skunk<br>h. 2 striped skunks | • (a), (b) – disposition records for red fox and bush baby provided. *See* Ex. 5 at 9.<br>• (c) – legally deficient "disposition record" for the alpaca, three sheep, and goat, identifying that they were donated to "local farmers," which is deficient because it does not include the identifying information for the recipient(s) or the date of transfer as required by 9 C.F.R. § 2.75(b)(1). *See* Ex. 5 at 8.[3] |

---

[2] It appears that the Lowes are claiming that there were three wolves not formally transferred from Joe Maldonado to Jeff Lowe, not placed on any inventories, not intended for exhibition, and not housed at the facility where USDA could inspect them. This seems implausible, but for purposes of contempt, the United States will not pursue further documentation on the wolves at this time.

[3] Defendants claim that they are not required to produce records for the alpaca, sheep, and goat, because they are farm animals not covered by the AWA. However, the Court's January 15, 2021 order requires Defendants to provide acquisition or disposition records to the United States for "any change to the December 16, 2020 animal inventory." Dkt. 65 at 34. The alpaca, sheep, and goat were listed on Defendants' December 2020 inventory, *see* Dkt. 28-35 at 13, which according to the parties' Stipulation was required to list "all animals *covered by the AWA*, excluding common dogs, cats, guinea pigs, hamsters, or rabbits in Defendants' possession, custody or control as of November 25, 2020," *see* Dkt. 23 at 1 (emphasis added). Moreover, the definition of "animal" under the AWA includes any "warm-blooded animal[s]" that "the Secretary may determine is being used, or is intended for use, for research, testing, experimentation, or exhibition purposes, or as a pet," but does not include "farm animals, such as, but not limited to livestock or poultry, used or intended for use as food or fiber." 7 U.S.C. §

| | |
|---|---|
| i. 6 Big cats transferred to Tiger Haven (we have an acquisition record for 3). | • (d) – "disposition record" for the sloth dated Aug. 27, 2020. *See* Ex. 6 (Disposition Form dated Aug. 27, 2020). While on its face it appears complete, we have reason to believe "Christine Jane" is not the full legal name of the recipient of the sloth. 9 C.F.R. § 2.75(b)(1) requires the full name.<br><br>• (e) – disposition records for raccoons provided, but does not include the number of raccoons that escaped. *See* Ex. 5 at 9.<br><br>• (f) - DeBrazza's monkey disposition record dated February 9, 2019. *See* Ex. 5 at 11.[4] |

---

2132(g); *see also* 9 C.F.R. § 1.1. Whether the alpaca, sheep, and goat are covered by the AWA is therefore dependent not solely upon the type of species but whether the animals were intended for exhibition or for "food or fiber." In addition to listing them on the December 2020 inventory, the Lowes have listed these animals as located in the "petting area" of the zoo in their past inventories, which further indicates it was intended for exhibition. *See, e.g.*, Dkt. 28-27 at 5.

[4] Although this record says that the DeBrazza's monkey was returned to Tim Stark on February 9, 2019, Mr. Stark filed a petition in state court in November 2019 seeking the return of a DeBrazza's monkey. *See* Exhibit 7 (Tim Stark Petition). If Mr. Stark's claim are correct, then the Lowes must provide an accurate disposition record for the DeBrazza's monkey.

| | |
|---|---|
| | • (g) – email claiming that the hooded skunk passed away in early 2020. *See* Ex. 2.<br><br>• (h) – legally deficient "disposition record" for two skunks (no species identified) dated October 1, 2020, missing the recipient's address. *See* Ex. 5 at 10.<br><br>• (i) – no record sent regarding transfer of six Big Cats to Tiger Haven on or around August 17, 2020. However, counsel for the United States believes we have now located the disposition records for these cats in documents provided to USDA by Tiger Haven. |
| 6. Missing records identified in the July 2020 inspection report, attached [to Exhibit 1] | • One disposition record showing Tiger named "Mudcat" sent to Tiger Haven on February 27, 2021. Ex. 5 at 4.<br><br>• Email stating that "Filet" was also sent to Tiger Haven on February 27, 2021, but mistakenly did not appear on the disposition form. Ex. 2. No |

|  |  |
|---|---|
|  | disposition record provided to document this transfer.<br><br>• Email stating that "Rheque" and "Amarouk" had their names changed to "Mudcat" and "Medusa". Ex. 2.<br><br>• Email stating that "Tess", "Jughead", and "Lizzy" passed away in August 2019, March 2020, and September 2019, respectively. Ex. 2. |
| 7. Mia the tiger, there is a disposition record from February 2020, but then she again appears on the December 2020 inventory—missing acquisition record | • Email stating that "Mia has always been on the inventory. She never left." Ex. 2. However, the Lowes also provided a disposition record showing Mia was sent to Tiger Haven on February 27, 2020. *See* Ex. 5 at 4. If that is not correct, the Lowes must submit an accurate disposition record. If Mia was sent to Tiger Haven but later returned, the Lowes must provide an acquisition record. |

The Lowes expressed via email on September 18, 2021 that it was "taking a little longer" to locate and provide the records, but that they were working on it. *See* Ex. 8 (Sept. 18, 2021

Email from Jeffrey Lowe). As such, the United States waited over a week after the Court's deadline to see if additional records would be sent. None have been.

Some of Defendants' explanations are questionable or implausible; however, for purposes of contempt, the United States is willing to accept some of these explanations at this time. The United States does not concede the truth of Defendants' assertions and reserves the right to contest or explore these issues further if the case proceeds to discovery and/or adjudication on the merits. The list of documents which are clearly deficient or still missing is now as follows:

- Acquisition record for the three cubs sent to Tiger Haven on December 13, 2020.
- Accurate and complete disposition record for the sheep, alpaca, and goat.
- Accurate and complete disposition record for the sloth (or an attestation that the name on the disposition form is the recipient's full legal name).
- Accurate and complete disposition record for the two skunks.
- Disposition record for "Filet".
- Accurate and complete disposition and/or acquisition records for "Mia".

Because a number of acquisition and disposition records still have not been provided, Defendants remain out of compliance with this Court's orders.


DATED: September 30, 2021            Respectfully Submitted,

                                     TODD KIM
                                     Assistant Attorney General
                                     Environment and Natural Resources Division


                                     /s/ *Devon Lea Flanagan*
                                     DEVON LEA FLANAGAN
                                     Trial Attorney

9

MARY HOLLINGSWORTH
Senior Trial Attorney
BRIENA STRIPPOLI
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
Briena.Strippoli@usdoj.gov | 202-598-0412
Mary.Hollingsworth@usdoj.gov | 202-598-1043
Devon.Flanagan@usdoj.gov | 202-305-0201
Fax: 202-305-0275

CHRISTOPHER J. WILSON
Acting United States Attorney
SUSAN BRANDON, Civil Chief
United States Attorney's Office
Eastern District of Oklahoma
520 Denison Avenue
Muskogee, OK 74401

*Attorneys for the United States of America*
