**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

UNITED STATES OF AMERICA,

    *Plaintiff*,
      v.

JEFFREY LOWE,

LAUREN LOWE,

GREATER WYNNEWOOD EXOTIC ANIMAL
PARK, LLC, and

TIGER KING, LLC,

    *Defendants*.

Case No. 6:20-cv-00423-JFH

**MOTION FOR DEFAULT JUDGMENT**

The United States, by and through undersigned counsel, and, pursuant to Federal Rule of Civil Procedure 55(b)(2), respectfully moves the Court for a default judgment against Defendants Jeffrey Lowe, Lauren Lowe, Greater Wynnewood Exotic Animal Park, LLC ("GWEAP"), and Tiger King, LLC, on all claims in the Complaint, Dkt 2.

**I.    ENTRY OF DEFAULT JUDGMENT IS WARRANTED**

Federal Rule of Civil Procedure 55(b)(2) provides that in cases other than those seeking a judgment for a sum certain, the party seeking a judgment shall apply to the Court for a default judgment. The United States is entitled to a default judgment on all claims in the Complaint because all Defendants have failed to file a timely responsive pleading to the Complaint and because Defendants GWEAP and Tiger King, LLC have not obtained counsel in violation of this Court's order. *See* Fed. R. Civ. P. 55(a). Accordingly, the Court should issue a default judgment

1

and award the United States all relief sought in the Complaint including additional relief that is just and proper in these circumstances.

On November 19, 2020, the United States filed a Complaint against Jeffrey Lowe, Lauren Lowe, GWEAP, and Tiger King, LLC. Dkt. 2. Mr. Daniel Card entered his appearance in this case as counsel for Defendants on November 30, 2020. Dkt. 15. On January 8, 2021, Mr. Card returned to counsel for the United States a waiver of service of summons form for each Defendant. *See* Dkt. 117-1 ¶ 4; Dkt. 117-2.

On February 8, 2021, Defendants filed a motion for partial dismissal, arguing that the United States failed to state a claim under the Animal Welfare Act ("AWA") and failed to state a claim against Tiger King, LLC. Dkt. 69, 73. The Court denied Defendants' motion on July 26, 2021, determining: (1) that the United States had stated a claim under the AWA by plausibly pleading that Defendants are exhibitors under the AWA and had exhibited their animals without a license, (2) that the AWA does not violate the First Amendment of the U.S. Constitution by infringing upon Defendants' freedom of speech, and (3) that the United States stated a claim against Tiger King, LLC. Dkt. 114. Under Federal Rule of Civil Procedure 12(a)(4)(A), a responsive pleading must be served within 14 days after notice of the Court's denial of a motion to dismiss. Thus, Defendants' responsive pleading was due on or before August 9, 2021. Defendants did not seek an extension before the August 9, 2021 deadline and failed to file a responsive pleading by the deadline or as of the date of this filing. Upon information and belief, none of the Defendants is an infant, incompetent, or presently engaged in military service. *See* Dkt. 117-1 ¶ 6.

Mr. Card sought to withdraw as counsel for Defendants on several occasions, starting with his first motion to withdraw on March 17, 2021, and second motion to withdraw on June 11, 2021.

Dkt. 77; *see also* Dkt. 102, 112, 121. The Court denied without prejudice Mr. Card's first and second motions to withdraw and stated that "[t]he Court will entertain such a motion, upon the entry of appearance of new counsel for defendants." Dkt. 82, 110. On July 14, 2021, Mr. Card then filed a document styled as a "Notice of Non-Representation," stating that he would no longer file any substantive filings for Defendants, participate in settlement negotiations, speak at the upcoming show cause hearing, or "advocate[e] for anyone." Dkt. 112. Mr. Card specifically stated that "Defendants are well aware of the repercussions of not Answering" and that "Defendants can either hire new counsel or not and face default." *Id.* at 2. On July 26, 2021, the Court issued an Order requiring Mr. Card to attend the September 16, 2021 show cause hearing and pointing out that Mr. Card had not submitted "sufficient factual explanation for the Court to render an assessment" of the grounds for his previous motions to withdraw. Dkt. 113 at 5-6, 7. The Court recognized that "two Defendants are entities which cannot represent themselves *pro se*." *Id.* at 6 (citing *Harrison v. Wahatoyas, LLC*, 253 F.3d 552, 556-57 (10th Cir. 2001)).[1] On September 2, 2021, Mr. Card filed his sealed Third Motion to Withdraw. Dkt. 121.

At the September 16, 2021, show cause hearing and in the Court's subsequent order issued the same day, the Court granted Mr. Card's Third Motion to Withdraw and stated that "Defendants

---

[1] The Tenth Circuit has a "long-standing rule that a corporation must be represented by an attorney to appear in federal court." *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006). Consistent with this long-standing rule, Local Civil Rule 17.1 of the United States District Court for the Eastern District of Oklahoma provides: "[p]arties who are not natural persons may not appear *pro se*." A failure to obtain counsel in violation of court orders can justify a default judgment, particularly in the case of corporate defendants that may not proceed *pro se. See Derma Pen, LLC v. 4EverYoung Ltd.*, 736 F. App'x 741, 745-48 (10th Cir. 2018) (affirming default judgment entered against plaintiff who did not secure counsel by the deadline and had a history of disobeying court orders); *Jones v. Thompson*, 996 F.2d 261, 264-66 (10th Cir. 1993) (affirming a district court's *sua sponte* dismissal of an action for failure to comply with court orders, including failure to obtain counsel); *GFSI, Inc. v. San Sun Hats & Cap Co.*, No. 07-2026-JWL-DJW, 2008 WL 489318, at *4 n.4 (D. Kan. Feb. 20, 2008) (collecting cases in which "courts have entered a default judgment for failure to secure counsel against court orders to do so").

may engage replacement counsel, who shall file an entry of appearance no later than September 30, 2021." Dkt. 132. The Court's order also provided that "[i]f replacement counsel has not entered an appearance on behalf of Defendants Greater Wynnewood Exotic Animal Park, LLC and Tiger King LLC, by September 30, 2021, default judgment may be entered against them." *Id*. On September 30, 2021, attorney Jason May entered an appearance on behalf of Defendants Jeffrey and Lauren Lowe. Dkt. 138. No attorney has appeared on behalf of GWEAP or Tiger King, LLC.

On August 25, 2021, the United States moved for entry of default by the Clerk of Court. Dkt. 117. On September 9, 2021, the Clerk entered default as to all Defendants as provided for by LCvR 55.1(a) because Defendants had failed to "timely file an answer or otherwise defend in this action." Dkt. 124 at 1 (footnote omitted). As of the date of this filing, Defendants still have not filed an answer, despite being aware of the deadline and the entry of default, nor provided any good cause for their failure to plead or otherwise defend in this litigation.

Prior to entering a default judgment, the Court must satisfy itself that it has subject-matter and personal jurisdiction, and that the unchallenged facts constitute a legitimate cause of action. *See, e.g.*, *Bixler v. Foster*, 596 F.3d 751, 761-62 (10th Cir. 2010); *Regional District Council v. Mile High Rodbusters, Inc.*, 82 F. Supp. 3d 1235, 1241-43 (D. Colo. 2015). These prerequisites are easily met in this case. The Court has subject-matter jurisdiction pursuant to 16 U.S.C. § 1540(c) (actions arising under the Endangered Species Act ("ESA")); 7 U.S.C. § 2146(c) (actions arising under the AWA); 28 U.S.C. § 1331 (federal question jurisdiction); and 28 U.S.C. § 1345 (United States as plaintiff). Regarding personal jurisdiction, Defendants have submitted to the jurisdiction of this Court by appearance and by filing a motion to dismiss that did not raise a personal jurisdiction defense. *See Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703-05 (1982); Fed. R. Civ. P. 12(h)(1) (defense of lack of personal jurisdiction is

4

waived if not included in a motion filed under Rule 12(b)); *see also* Dkt. 117-2 (Defendants' waivers of service of summons); Compl. ¶¶ 3, 30-34 (alleging facts establishing jurisdiction over Defendants). Finally, the facts alleged in the Complaint provide a "sufficient basis" for a judgment on the United States' ESA and AWA claims. *See* Compl. ¶¶ 60-232; *see also* Dkt. 114 at 13 (Order finding that the allegations in the Complaint against all Defendants "are plausible and sufficiently allege facts supporting all the elements necessary to establish an entitlement to relief under the legal theories proposed by the United States.").

Thus, the Court should enter a default judgment against all Defendants for all claims in the Complaint. *See* Fed. R. Civ. P. 55(b); *see, e.g.*, *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442 (10th Cir. 1983). Additionally, no counsel has appeared on behalf of the corporate Defendants. This provides a second basis upon which a default judgment should be entered against GWEAP and Tiger King, LLC.

## II.     THE UNITED STATES IS ENTITLED TO THE RELIEF REQUESTED

The United States seeks a default judgment granting the relief requested below, including relief sought explicitly in the Complaint and other relief that is "just and proper" to remedy the violations identified in the Complaint. *See* Dkt. 2 at 46-47.[2]

The Complaint alleges that Defendants violated Section 9 of the ESA, 16 U.S.C. § 1538, and its implementing regulations by harming and harassing ESA-protected animals, and that the United States is entitled to an injunction pursuant to 16 U.S.C. § 1540(e)(6). Compl. ¶¶ 190-228. Defendants have not filed a responsive pleading denying the ESA allegations or the United States'

---

[2] The Complaint also asked the Court to "[a]ward the United States its costs in this action." Compl. at 47. The United States reserves the right to seek costs in accordance with all applicable laws and local rules following the entry of judgment in this case.

entitlement to relief. Accordingly, the Court should grant the following relief for the ESA violations alleged in the Complaint:

1. Declare that Defendants have violated the ESA by illegally taking ESA-protected animals;

2. Declare that Defendants have violated the ESA by possessing ESA-protected animals, who have been illegally taken;

3. Declare that Defendants have violated the ESA by delivering, carrying, and/or transporting ESA-protected animals, who have been illegally taken;

4. Permanently enjoin Defendants from taking any ESA-protected animals or possessing, delivering, carrying, or transporting ESA-protected animals that have been unlawfully taken; and

5. Permanently relinquish Defendants' possessory and ownership interests in their ESA-protected animals and any offspring of such animals to the United States.[3]

The Complaint also alleges that Defendants violated the AWA by exhibiting without a license and placing the health of their animals in serious danger through violations of the AWA's

---

[3] The ESA-protected animals subject to the Complaint have been taken into the United States' possession; however, this claim for relief is not moot. Fourteen Big Cats (defined as tigers, lions, or hybrids thereof) were seized pursuant to the Court's January 15, 2021 preliminary injunction order. Dkt. 65. Sixty-eight Big Cats and one jaguar were seized pursuant to federal seizure warrants on May 6, 17, and 18, 2021. Finally, on August 18, 2021, the United States took possession of eleven ring-tailed lemurs after the Lowes signed a form abandoning their interests in those animals. All of these ESA-protected animals are subject to a pending civil forfeiture complaint. *See United States v. Approximately 85 Big Cats, 1 Jaguar, and 11 Ring-Tailed Lemurs*, No. 6:21-cv-00228-JFH (E.D. Okla. filed Aug. 4, 2021). However, Defendants could file a claim in that action and challenge the animals' forfeiture. An order from this Court terminating Defendants' possessory and ownership interests in the endangered and threatened animals that Defendants have taken, possessed, and transported in violation of the ESA would prevent Defendants from getting to relitigate the claims they have defaulted on in this case.

regulations and standards. Compl. ¶¶ 230-232; *see generally* Compl. (alleging facts demonstrating violations of 7 U.S.C. §§ 2134 and 2159 as well as underlying violations of numerous AWA regulations and standards). The Complaint asserts that the United States is entitled to an injunction pursuant to 7 U.S.C. §§ 2146(c) and 2159(b) to prevent and restrain Defendants from exhibiting animals without a valid license and from operating in violation of the AWA or its implementing regulations and standards. Defendants moved to dismiss this claim, but the Court denied their motion, holding that the United States had stated a claim under the AWA. Dkt. 114. After the denial of Defendants' motion, Defendants failed to file a responsive pleading by the deadline and thus have not denied the AWA allegations or the United States' entitlement to relief. Accordingly, the Court should grant the following relief for the AWA violations alleged in the Complaint:

1. Declare that Defendants have violated the AWA by exhibiting without a license;

2. Permanently enjoin Defendants from exhibiting animals to the public;

3. Permanently relinquish Defendants' possessory and ownership interests in the AWA-covered animals;[4] and

4. Permanently place the AWA-covered animals in the facilities selected by the United States.

The relief listed in numbers 3 and 4 was not explicitly requested in the Complaint but falls within the request for other relief that is "just and proper," *see* Compl. at 47. Indeed, such relief has proven *necessary* to remedy the AWA violations and ensure that the AWA-covered animals may be permanently placed in appropriate facilities. The Lowes relinquished any interest they had

---

[4] While all of Defendants' animals listed on the December 16, 2020 inventory and the offspring thereof are covered by the AWA, we are using the phrase "AWA-covered animals" to refer to the animals in Defendants' possession at the time of the filing of the Complaint that are *not* also listed as endangered or threatened under the ESA, and any offspring born to those animals.

7

in the AWA-covered animals and surrendered those animals to the United States in August. *See* Dkt. 115, 116. However, the Lowes have since asserted that, in fact, the business entities—GWEAP and Tiger King, LLC—maintained an interest in those animals. At the September 16, 2021 show cause hearing, Mr. Lowe would not give a clear answer regarding which animals may have been owned by the corporate Defendants and rejected the United States' proposal that they surrender their interest in such animals on behalf of the corporate entities.

Setting aside that the recent statements regarding the business entities' interest in the animals are inconsistent with Defendants' prior representations, the undisputed allegations in the Complaint, as well as the record developed in this case, clearly demonstrate that if any of the Defendants retain or regain possession of any of the AWA-covered animals, they will continue to exhibit those animals without a license, mistreat those animals in violation of the AWA's standards and regulations, and place those animals in serious danger. Defendants have been subject to Court orders to maintain adequate records, not exhibit animals, and provide sufficient veterinary care—and since May 2021 have faced daily contempt sanctions for failing to do so—yet Defendants have obstinately failed to comply with these AWA provisions for months. *See* Dkt. 65, 72, 78, 83, 93, 97, 106, 137.

Pursuant to the AWA, United States district courts "are vested with jurisdiction specifically to enforce, and to prevent and restrain violations of [the AWA], and shall have jurisdiction in all other kinds of cases arising under [the AWA]." 7 U.S.C. § 2146(c). Given Defendants' behavior throughout this litigation, the only way to "prevent and restrain" future violations of the AWA is to ensure that none of the Defendants regain possession of the AWA-covered animals. This injunction should apply to both the corporate Defendants and the Lowes because, even though the Lowes have signed a legally binding abandonment form for these animals, an order would prevent

8

future gamesmanship by the Lowes or continued attempts to question the validity of the animals' abandonment.

Additionally, the United States seeks an order permanently placing the AWA-covered animals at the facilities the United States has selected. The Court can issue such an order by exercising its broad equitable power to fashion injunctive relief. *See United States v. Oakland Cannabis Buyers' Coop.*, 532 U.S. 483, 496 (2001) ("For 'several hundred years,' courts of equity have enjoyed 'sound discretion' to consider the 'necessities of the public interest' when fashioning injunctive relief." (quoting *Hecht Co. v. Bowles,* 321 U.S. 321, 329–330 (1944))); *Weinberger v. Romero-Barcelo,* 456 U.S. 305, 312 (1982) ("In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction"). In other cases where courts have granted injunctive relief regarding live animals, courts have issued orders regarding the proper placement for such animals. *See, e.g.*, *Kuehl v. Sellner*, 161 F. Supp. 3d 678, 719 (N.D. Iowa 2016), *aff'd*, 887 F.3d 845 (8th Cir. 2018); *People for Ethical Treatment of Animals, Inc. v. Tri-State Zoological Park of W. Maryland, Inc.*, 424 F. Supp. 3d 404, 434 (D. Md. 2019), *aff'd,* 843 F. App'x 493 (4th Cir. 2021); *People for Ethical Treatment of Animals, Inc. v. Wildlife in Need & Wildlife in Deed, Inc.*, 476 F. Supp. 3d 765, 785 (S.D. Ind. 2020). As the Eighth Circuit noted in *Kuehl v. Sellner,* "the district court retains a 'broad grant of equitable power' to make the placement decision." 887 F.3d at 854-55 (citation omitted).

Resolving the placement of the AWA-covered animals in this case serves a significant public interest. The abandoned animals have already been temporarily placed with AWA-licensed facilities selected by the United States that are able to care for the animals. As the Court is aware,

there are litigious non-parties, including Carrie Leo, *see* Dkt. 118, and Tim Stark, *see* Dkt. 137-7,[5] who have asserted an interest in some of the animals seized on August 18, 2021. While there is a civil forfeiture process underway regarding the ESA-protected animals, which will allow the United States to resolve any claims related to those animals, there are no similar procedures available for the AWA-covered animals that are the subject of this litigation. The United States relies upon the cooperation of animal sanctuaries, zoos, and other facilities to house and care for animals determined to be in serious danger. Absent a court order placing the animals permanently at the facilities—which have already been caring for them for, in some cases, many months—these facilities that have stepped up to help animals in serious danger will be exposed to possible liability down the road, which may discourage them from assisting the United States in the future. Therefore, the United States respectfully requests that the Court order the permanent placement of the animals with the facilities selected by the United States.[6]

## III. CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court issue a default judgment pursuant to Federal Rule of Civil Procedure 55(b).

---

[5] On October 4, 2021, the District Court for Garvin County, Oklahoma, issued an order granting Mr. Stark's Motion for Partial Summary Judgment, due to Mr. Lowe's failure to answer or respond. *See* Exhibit 1. The order requires Mr. Lowe to return an enumerated list of animals to Mr. Stark, or if any of the animals cannot be returned to Mr. Stark, Mr. Lowe "shall compensate Plaintiff for the value of the item of personal property not returned." *Id.*

[6] To the extent that the Court is not inclined to adjudicate placement for animals who could be subject to claims by third parties, the United States respectfully requests that the Court, at a minimum, order the permanent placement of the animals claimed only by Defendants with the facilities selected by the United States. If it would aid the Court, the United States could submit supplemental briefing regarding the specific animals that may be subject to potential third-party claims and the credibility of such claims.

DATED: October 13, 2021        Respectfully Submitted,

TODD KIM
Assistant Attorney General
Environment & Natural Resources Division


*/s/ Devon Lea Flanagan*
DEVON LEA FLANAGAN
Trial Attorney
MARY HOLLINGSWORTH
Senior Trial Attorney
BRIENA STRIPPOLI
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
Mary.Hollingsworth@usdoj.gov | (202) 598-1043
Briena.Strippoli@usdoj.gov | (202) 598-0412
Devon.Flanagan@usdoj.gov | (202) 305-0201
Fax: (202) 305-0275

CHRISTOPHER J. WILSON
Acting United States Attorney
SUSAN BRANDON, Civil Chief
United States Attorney's Office
Eastern District of Oklahoma
520 Denison Avenue
Muskogee, OK 74401

*Attorneys for the United States of America*