

|  |  |
|---|---|
| | **U.S. Department of Justice** |
| | Environment and Natural Resources Division |

90-8-11-08395

*Wildlife and Marine Resources Section*     *Telephone (202) 305-0210*
*P.O. Box 7611*     *Facsimile (202) 305-0275*
*Washington, DC 20044*

The Honorable John F. Heil, III
United States District Court
Eastern District of Oklahoma
P.O. Box 2459
Muskogee, OK 74402

October 18, 2021

VIA CM/ECF

Re: <u>Notice of Data Loss in United States v. Lowe, et al., Case No. 6:20-cv-00423-JFH (E.D. Okla.)</u>

Judge Heil:

    It is with regret that I write to inform you and the parties in this litigation of a loss of data from certain U.S. Department of Agriculture ("USDA") custodians' mobile devices that occurred during a recent agency-wide mobile device system upgrade. USDA has had a litigation hold in place since Fall 2020, prior to the filing of the Complaint in this case. All custodians and data stewards were identified and instructed to ensure the preservation of material related to this case. Discovery has not yet begun in this litigation. However, in order to provide complete candor to the Court and the parties, we write to inform you of this inadvertent loss of a small amount of custodian data.

    In an effort to maintain security, USDA required that all government-furnished mobile devices—namely, smart phones and tablets—undergo a mandatory upgrade to USDA's Mobile Office Management ("MOM") system. The MOM upgrade required mobile devices be returned to factory setting and set up as new devices. Mobile devices that were not upgraded to MOM would eventually no longer be allowed access to the USDA network or corporate data (e.g., emails, documents, etc.). This upgrade was limited to mobile devices, and did not impact custodians' computers or USDA's network.

    We discovered the potential for data loss during our communication with an agency custodian who mentioned the MOM installation. Recognizing the potential for data loss, we immediately instructed the agency to ensure that all custodians subject to the existing litigation hold either not install MOM or, if installation must occur, back up all data potentially related to this case prior to installation. We then contacted each custodian to ascertain whether MOM had

been installed on their mobile device(s) and, if so, we interviewed him or her to determine whether there was any relevant data loss.

Though our investigation did identify some loss of data as a result of the upgrade, the losses were minimal, particularly the upgrade resulted only in the loss of text messages, voicemails, and call logs—documents and emails were unaffected. Many custodians whose phones were updated did not have relevant data saved exclusively on their mobile device(s) prior to the installation. Some custodians did have text messages or call logs containing data marginally relevant to this matter on their phones that were not backed up elsewhere, but even for those custodians, the data losses were minimal. Some of the text messages and call logs reflect communications between USDA custodians and external parties who were not subject to the upgrade. For example, some of the lost text messages were between custodians and Jeffrey or Lauren Lowe, which should be possessed and preserved by the Defendants themselves. For the few text messages that were between two USDA custodians that were lost, the content of those messages appear to have been insignificant to this litigation. For example, they were about logistics for inspections, such as where and when to meet. The same was true about the content of any lost voice messages.

We continue to investigate this matter. We are still working with USDA technical support to ascertain whether any of this data is recoverable. Further, one custodian has since left the USDA; we currently are working with USDA technical support to ascertain whether this custodian's data was properly preserved prior to her separation. If we discover any loss of relevant data, we will notify the parties and the Court promptly.

Moreover, USDA has taken steps to mitigate any further data loss. As explained above, all custodians who had not upgraded their mobile devices at the time that we learned of the MOM installation process, have had or will have all their data backed-up prior to installing MOM. Further, going forward, the USDA's Office of General Counsel is working closely with MRP Information Technology to ensure that no further system-wide upgrades will go into effect before all relevant data is preserved for the custodians of this case.

Sincerely,

/s/ Briena L. Strippoli
Trial Attorney
Wildlife & Marine Resources Section
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611
(202) 305-0339
Briena.Strippoli@usdoj.gov

via CM/ECF: Daniel Card
             Jason May