# EXHIBIT 1 –
# Email Exchange Between Counsel

| | |
|---|---|
| **From:** | Jason D. May <jasonmayesq@yahoo.com> |
| **Sent:** | Thursday, October 28, 2021 11:48 AM |
| **To:** | Strippoli, Briena (ENRD) |
| **Subject:** | [EXTERNAL] Re: United States v. Lowe:  Court Order Requiring Conferral & JSR, Dkt. 146 |

Ms. Strippoli,

   I apologize for the delayed response.  This week has been more hectic than usual and I have a four count felony jury trial beginning Monday.  Jeff and Lauren Lowe are in agreement with the revised Consent Decree.  We will execute the same once we receive a final version that has been approved by all parties.

   In response to the six issues you outline regarding the notice of non-compliance, Jeff and Lauren Lowe inform me that they have provided all documents that were in their possession and have no additional documents to provide.  They were just evicted from their home in Thackerville and are in the process of relocating, so if more records are discovered during the unpacking process we will provide those as they are found.  The Lowes are adamant that Ms. Harkey is the one who received the sloth, and have no knowledge as to why she would assert otherwise.

Jason D. May
OBA# 22644
9 W. Main St.
Ardmore, OK 73401
(580) 223-9184

CONFIDENTIALITY NOTICE: This e-mail and any attachments may be confidential and protected by attorney-client privilege. If you are not the intended recipient, any dissemination, copying, distribution, or other use of this communication is prohibited. No privilege has been waived by the sending of this e-mail, and if you are not the intended recipient, please reply to the email to notify me of such before deleting the original message. Thank you for your assistance, and I apologize for any inconvenience this may have caused.


On Thursday, October 28, 2021, 10:27:21 AM CDT, Strippoli, Briena (ENRD) <briena.strippoli@usdoj.gov> wrote:


Mr. May:


        To date, we have not received a response from you.  We would like to schedule a time to confer today or tomorrow since the JSR is due Monday.  We are available today from 12:30pm-2:30pm EST and tomorrow from 10am-11am and 4pm-5pm EST.  Please let us know when works for you and I can circulate a conference line.  If we do not receive a response, we intend to file our status report indicating that we attempted to but were unable to confer.


Regards,

Briena L. Strippoli

Trial Attorney

Wildlife & Marine Resources Section

Environment & Natural Resources Division

U.S. Department of Justice

4 Constitution Square

150 M Street NE, Room 3.207

Washington, DC 20002

(202) 305-0339

briena.strippoli@usdoj.gov

---

**From:** Strippoli, Briena (ENRD) <Briena.Strippoli@usdoj.gov>
**Sent:** Tuesday, October 26, 2021 2:53 PM
**To:** Jason D. May <jasonmayesq@yahoo.com>
**Cc:** Flanagan, Devon (ENRD) <Devon.Flanagan@usdoj.gov>; Hollingsworth, Mary (ENRD) <Mary.Hollingsworth@usdoj.gov>; Strippoli, Briena (ENRD) <Briena.Strippoli@usdoj.gov>
**Subject:** RE: United States v. Lowe: Court Order Requiring Conferral & JSR, Dkt. 146


Mr. May:

  I am following-up on my email from last Thursday.  Please let us know if the Lowes were able to correct the record deficiencies outlined in our fourth notice of continued noncompliance, Dkt. 137, and email below.  If the United States does not receive all of the complete and accurate records itemized below by close of business today, we will need to schedule a time to meet and confer.  Please provide us with your availability tomorrow or Thursday.


Regards,


Briena L. Strippoli

Trial Attorney

Wildlife & Marine Resources Section

Environment & Natural Resources Division

U.S. Department of Justice

4 Constitution Square

150 M Street NE, Room 3.207

Washington, DC 20002

(202) 305-0339

briena.strippoli@usdoj.gov

---

**From:** Strippoli, Briena (ENRD) <Briena.Strippoli@usdoj.gov>
**Sent:** Thursday, October 21, 2021 12:20 PM
**To:** Jason D. May <jasonmayesq@yahoo.com>
**Cc:** Strippoli, Briena (ENRD) <Briena.Strippoli@usdoj.gov>; Flanagan, Devon (ENRD) <Devon.Flanagan@usdoj.gov>; Hollingsworth, Mary (ENRD) <Mary.Hollingsworth@usdoj.gov>
**Subject:** United States v. Lowe: Court Order Requiring Conferral & JSR, Dkt. 146

Mr. May:

The Court has ordered the Parties to confer regarding Defendants' compliance with the Court's January 15, 2021 and May 14, 2021 Orders, and to file a joint status report on or before November 1, 2021.  Dkt. 146.  We have reviewed Jeffrey and Lauren Lowe's response, Dkt. 144, to our September 30, 2021 notice of continued noncompliance, Dkt. 137.  It is the United States' position that Defendants are still not in compliance.  In the hope that we can remedy the noncompliance prior to November 1, below are the outstanding issues:

1.  Accurate and complete acquisition records for the cubs sent to Tiger Haven on December 13, 2020.

On September 18, 2021, Lauren Lowe sent an email stating that Moana and three other cubs were sent to Tiger Haven.  Dkt. 137-2.  However, we still do not have acquisition records for the three cubs, including their names, dates of birth, and parents.

Your clients responded:  "These cubs were born at the facility and therefore were not acquired.  Any record of the births are more than one year old and are therefore not required to be kept or maintained pursuant to Section 2.80 of the Animal Welfare Act and Animal Welfare Regulations."  Dkt. 144.

As an initial matter, under the AWA's regulations, acquisition records "shall include any offspring born of any animal while in [the exhibitor's] possession or under his or her control."  9 C.F.R. § 2.75(b)(1).  The fact that the cubs were born at the facility therefore does not eliminate your clients' legal obligation to produce accurate and complete acquisition records.  Moreover, the Court's January 15, 2021 Order required Defendants to "provide acquisition and disposition records for any and all animals added to or missing from their inventories since June 22, 2020, no later than January 22, 2021."  Dkt. 65 at 33.  The Court has explicitly

3

held in its orders that the Lowes are required to produce records for "the *birth* or death of any animal." Dkt. 65 at 34 (emphasis added); Dkt. 78 at 10 ("acquisition includes the birth of new animals"). Indeed this requirement was reiterated in the Court's most recent order. *See* Dkt. 146 at 1. When the Court initially ordered your clients to comply, it was well under one year. The fact that your clients have remained out of compliance for more than a year does not eliminate their legal obligation to produce acquisition records for these three cubs.

2. Accurate and complete disposition records for the alpaca, goat, and three sheep.

On June 10, 2021, Attorney Card sent counsel for the government a purported disposition record for the five animals: one alpaca, one goat, and three sheep. Dkt. 106-5. In this record, Defendants represented that the ownership of these five animals was transferred from Jeffrey Lowe to his son, Taylor Lowe. Subsequently, the story changed to that the 5 animals were donated to unidentified "local farmers." Dkt. 137-5 at 8.

Your clients responded: "All records related to the disposition of these animals have been provided. They were given away free of charge to local farmers that responded to a Craigslist ad. The emails related to this transaction are encrypted through Craigslist's software and Defendants are unable to retrieve any information regarding these transactions." Dkt. 144.

However, this is legally deficient because it does not include the identifying information for the recipient(s) or the date of transfer as required by 9 C.F.R. § 2.75(b)(1). Dkt. 137-5 at 8.

3. Accurate and complete disposition record for the sloth.

The United States had reason to believe the record was inaccurate and "Christina Jane" was not a full legal name. Dkt. 137-6.

Your clients responded: "Christine Jane Harkey is the full legal name of the recipient." Dkt. 144.

On October 19, 2021, counsel for the United States received an email from Christina Jane Harkey stating that she "ha[d] never agreed to, nor accepted the receipt of the sloth in any manner whatsoever. [She] did not receive one, nor did [she] ever own one." *See attached*. Ms. Harkey contends that the "response made by the Defendants Jeffrey and Lauren Lowe is untrue and entirely inaccurate." *Id.* Ms. Harkey's unsolicited sworn statement calls into question the veracity and accuracy of Jeffrey and Lauren Lowe's response and the sloth's disposition record.

4. Accurate and complete disposition record for the two skunks.

4

Your clients responded: "The skunks were given away free of charge to a local farmer that responded to a Craigslist ad. The emails related to this transaction are encrypted through Craigslist's software and Defendants are unable to retrieve any information regarding these transactions." Dkt. 144.

However, this is legally deficient because it does not meet the requirements of 9 C.F.R. § 2.75(b)(1). This response also appears inconsistent with a previously submitted record identifying Clayton Hughes of Marrieta, Oklahoma as receiving the two skunks on October 1, 2020. Dkt. 135-7. The record does not identify the address of Mr. Hughes/the person to whom the animal was given, and therefore is legally deficient.

5. Accurate and complete disposition record for "Filet."

Lauren Lowe represented that "Filet" was sent to Tiger Haven on February 27, 2021, but mistakenly did not appear on the disposition form. Dkt. 137-2.

Your clients responded: "Filet was transferred to Tiger Haven. The name was inadvertently omitted from the disposition form, but his name was included on the health certificate, which has been provided to the government." Dkt. 144.

The Oklahoma Department of Agriculture, Food, & Forestry Certificate of Veterinary Inspection is not a substitute for a disposition record. To date, the Lowes have not produced an accurate and complete disposition as required by 9 C.F.R. § 2.75(b)(1). It is the Lowes' responsibility to create an accurate disposition record for Filet if one does not currently exist.

6. Accurate and complete disposition and/or acquisition records for Mia.

Your clients responded: "Mia has been on inventory since we accepted all cats from Joseph Maldonado-Passage. The government has been provided with accurate and complete disposition and acquisition records." Dkt. 144.

Although the Lowes assert that "Mia has always been on the inventory," Dkt. 137-2, the Lowes also provided a disposition record showing "Mia" was sent to Tiger Haven on February 27, 2020. Dkt. 137-5 at 4. There is also documentation that Tiger Haven received a female tiger named "Mia" on February 29, 2020. So, if "Mia" did not get transferred, the Lowes must submit an accurate disposition record for her and also identify the extra Big Cat transferred to Tiger Haven in February 2020, and provide appropriate records for this extra Big Cat. If Mia was sent to Tiger Haven but later returned, the Lowes must provide an acquisition record.

Please let us know after you've had a chance to confer with your clients. Should it be needed, we can schedule a time early next week to discuss the joint status report.

5

Regards,

Briena L. Strippoli

Trial Attorney

Wildlife & Marine Resources Section

Environment & Natural Resources Division

U.S. Department of Justice

4 Constitution Square

150 M Street NE, Room 3.207

Washington, DC 20002

(202) 305-0339

briena.strippoli@usdoj.gov