# EXHIBIT 1

## Motion for Reconsideration

IN TH E UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,
                         Plaintiff,

v.

JEFFREY LOWE, LAUREN LOWE,
GREATER WYNNEWOOD EXOTIC
ANIMAL PARK, LLC, and TIGER KING,
L.L.C.,
                         Defendants.

No.  20-cv-00423-JFH

CARRIE M. LEO,
                         Plaintiff-Intervenor,

v.

THE UNITED STATES OF AMERICA,
JEFFREY AND LAUREN LOWE,
                       Defendants-in-Intervention.

**MOTION FOR RELIEF
FROM ORDER PURSUANT
TO FED.R.CIV. P. 60(b)**

**MOTION FOR RELIEF FROM ORDER DE #141 DENYING INTERVENTION**

I.    **Motion for Relief from Judgment Pursuant to FED. R. CIV. P. 60(b).**

Pursuant to FED. R. CIV. P. 60(b), Carrie M. Leo moves the Court for its Order

granting her relief from its Order, dated October 6, 2021, Dkt. No. 142, at pp. 8 (lines 1-12),

denying her an opportunity to intervene in the instant action. Leo requests the following:

> AN ORDER FROM THE COURT FOR PERMISSION TO INTERVENE BASED
> UPON *STARE DECISIS* AS DIRECTLY CITED BY THIS COURT IN DOCKET
> ENTRY #142 AS 10TH CIRCUIT PRECEDENT:
> <u>WildEarth Guardians v National Park Service</u>, 604 F. 3d 1192 (10th Cir. 2010)

**Procedure for Seeking Relief in the District Court**

Federal Rule of Civil Procedure 60 (b) says that "on Motion and upon such terms are just the

court may relieve a party from a final judgment".

The 10th Circuit precedent set forth in *WildEarth Guardians* is applicable to this case in important ways relative to the undersigned's entitlement to intervene as per the standards and elements sought by this liberal legal standard. Denying the undersigned's Motion to Intervene, rendered Docket Entry #142, into a final order subject to an immediate appeal in a similar regard as a Final Judgment under Rule 60. This rule of law is reflected as such in *WildEarth* at 1194, *infra* verbatim quote (*WildEarth* is cited on page four (4) of the court's order, docket entry 142).

> [a]n order denying intervention is final and subject to immediate review if it prevents the applicant from becoming a party to an action, *Coal. of Ariz./N.M. Counties for Stable Econ. Growth v. DOI*, 100 F.3d 837, 839 (10th Cir.1996)

The rule of thumb for the district court is that it may revisit, revise, modify, reverse, or amend any adjudication prior to the time all of the claims have been disposed of by full adjudication.

> The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration." But that is not to say that such motions are prohibited. After all, "a district court always has the inherent power to reconsider its interlocutory rulings" before final judgment is entered. Warren v. Am. Bankers Ins. of FL , 507 F.3d 1239, 1243 (10th Cir. 2007) ; see Fed. R. Civ. P. 54(b) ("any order ... that adjudicates fewer than all the claims ... may be revised at any time" before entry of final judgment). In considering such interlocutory motions, however, "the district court is not bound by the strict standards for altering or amending a judgment encompassed in Federal Rules of Civil Procedure 59(e) and 60(b)," which govern a district court's reconsideration of its final judgments.
> *Fye v. Okla. Corp. Comm'n* , 516 F.3d 1217, 1223 n.2 (10th Cir. 2008).

II. **Argument(s) Asserting Substantial Interest in Intervention Based Upon Liberal Standard**

    a. Starting with the legal standard for intervention:

Rule 24(a)(2) entitles a movant to intervene as of right if: **(1)** the movant claims an interest relating to the property or transaction that is the subject of the action; **(2)** the disposition of the litigation may, as a practical matter, impair or impede the movant's interest; and **(3)** the existing parties do not adequately represent the movant's interest. *See* Fed.R.Civ.P. 24(a)(2); *WildEarth Guardians v. USFS*, 573 F.3d 992, 995 (10th Cir.2010)

The only legal requirement the trial court found to be insufficient with regard to the legal prerequisites for moving to intervene was the undersigned's failure to be able to verify

whether three (3) animals in the present custody of the Plaintiff/United States are without a doubt the property of the undersigned Intervenor. While this concern is somewhat outside and ahead of the three (3) enumerated factors concerning intervention, it must therefore fall withing the second factor, i.e., "the disposition of the litigation may, as a practical matter, impair or impede the movant's interest"

This Court deals with complex legal issues from parties and entities all over the world where each side boasts a minimum of six (6) attorneys as counsel receiving electronic service notifications. My issue, relative to these types of cases, seems like third grade math as compared to this court's ordinary docket of trigonometry. The undersigned has not seen her exotic animals since 2017; that is 4 years' time. The only answer *must be* that she be afforded an opportunity to see these 3 animals in person. If a father had not seen his son who was 7 years old at the time when he was taken from the father, 4 years later, his son would be 11 years old. It would be incredulous that the father's legal claim to being reunited with his son be premised upon whether he has a present and contemporaneous way of describing his son's present haircut; height; weight; and/or shoe size. However, a supervised visit to the one (1) and only orphanage or foster-home where all agree would be the most likely place that his son is living, seems like the only solution that reasonable people would offer towards disposing of this matter. I am proposing a commonsense answer to trying to protect my clear and unequivocal interests in my property, to wit, my exotic animals. I can handle the burden of my own travel expenses to the Plaintiff's facility where my/the animals are presently located.

b. Practicality Is Presently At Hand; Inappropriate to Defer to Unknown Subsequent Process

Realizing that I had eight (8) animals that were boarded with the Lowes, and now it seems that three likely candidates amongst the 8 have been located would suggest that all due haste be made to re-uniting me with my property if these animals are indeed them. The Lowes are not going to assist me in any of my efforts with regard to my own property and the United States has already been adjudicated by this Circuit, Stare Decisis, as being unable to protect a private

individual's interest when the litigation involves the United States as a party, see infra:

> We have repeatedly recognized that it is "on its face impossible" for a government agency to carry the task of protecting the public's interests and the private interests of a prospective intervenor. *Id.; see also WildEarth Guardians,* 573 F.3d at 996; *Clinton,* 255 F.3d at 1255. Where a government agency may be placed in the position of defending both public and private interests, the burden of showing inadequacy of representation is satisfied

Proceeding from the foregoing holding that the United States cannot protect my property interest as doing so is "on its face impossible", this is the only opportunity that I will have to engage the Lowes in discovery to probe, ask questions, and make efforts to see if I can ascertain the vendors, licensees, and other people whom they may have traded and/or sold my animals. As a practical matter, if the United States, the Plaintiff, has the Defendant Lowes facing front and center in the instant litigation, providing me and opportunity to question them during this process, it is a matter of efficiency and sensibility. Again, *WildEarth* says it all:

> The second element- *impairment*-presents a **minimal** burden. 573 F.3d at 995. "[A] would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied."

> "[T]he mere availability of alternative forums is not sufficient to justify denial of a motion to intervene" because "at most," participating in a new proceeding "would not provide the level of protection to the intervenors' interests that the current plan offers." *Id.* In fact, for purposes of Rule 24(a)(2), sufficient impairment may result even from the "*stare decisis* effect" of a district court's judgment

The trial court understands that my window of time to participate in discovery concerning the potential locations of my animals is at hand. The trial court also understands that the Plaintiff may very likely have three (3) of my animals at the present time. The biggest burden of the 3 factors, "impairment" is defined as "minimal", and the overall standard for intervention is "liberal". I have shown as much if not a greater and more substantial interest in my right and entitlement to intervene as was shown and accepted by this Circuit by people who sought to hunt and kill elk for sport/hobby. I have filed and provided documents,

invoices, receipts, pictures, and together with Exhibits 1 and 2, attached-(reports assessing the statistical probability of the exotics being mine; and reports linking USDA animals to the undersigned and the Lowes), I cannot produce additional items because I have been unlawfully separated from them (my property) for 4 years. Yet, certainly this court must know that it has been shown at least as great of a substantial interest in my undisputed property as the people who wanted and successfully were allowed to interven to help ensure the sustainability of the Mexican Spotted Owl for aesthetic, humanitarian, and eco-friendly personal/private interests.

For the foregoing reasons, the undersigned Pro Se Intervenor requests a ruling allowing for Intervention of the undersigned. 60 or so words from this Court is all that it will take to initiate this process towards my unfettered reconciliation, equitable resolution, and the kind of understanding the law and a commonsense approach should afford.

Date: <u>November 1, 2021</u>

Respectfully Submitted,

Carrie M. Leo
*Plaintiff-Intervenor pro se*
3199 Walworth Road
Walworth, NY 14568
ph: (315) 538-8316
carrieleo15@gmail.com

## CERTIFICATE OF SERVICE

I do hereby certify that, on this 3rd day of November, 2021, a true and correct copy of the foregoing motion for the case captioned *U.S.A. v Lowe*, distinguished by the alpha-numeric identifier 6:2020-cv-00423-JFH, was served upon counsel of record for the plaintiff, Mary Hollingsworth and Briena Strippoli, and counsel of record for the defendant, Jason Day, by way of each's respective email addresses as well as by the U.S. Mail, postage pre-paid, to each's office address listed below. The U.S. District Court for the District of Eastern Oklahoma was also served via USPS certified mail numerically identified by #**7021 0350 0002 1877 0751** with return receipt numerically identified by #**9590 9402 6639 1060 5398 71**.

**VIA USPS AND VIA EMAIL** mary.hollingsworth@usdoj.gov
**MARY HOLLINGSWORTH**
Senior Trial Attorney
(303) 844-1898
US Attorney (CO-Denver)
999 18th St, S Terrace, Ste 370
Denver, CO 80202
mary.hollingsworth@usdoj.gov

**VIA USPS AND EMAIL** briena.strippoli@usdoj.gov
**BRIENA L. STRIPPOLI**
Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
Wildlife & Marine Resources Section
P O Box 7611, Ben Franklin Station
Washington, DC 20044-7611
US Department of Justice (Civil-Commercial & Federal Programs)
1100 L St, NW
Washington, DC 20530
briana.strippoli@usdoj.gov | (202) 598-0412
Fax: (202) 305-0275
*Attorneys for Plaintiff the United States of America*

**VIA USPS AND EMAIL** jasonmayesq@yahoo.com
JASON D. MAY, ESQ.
MAY LAW OFFICE
9 W. Main Street
Ardmore, OK 73401
580-223-9184
580-798-3118 (fax)
jasonmayesq@yahoo.com
*Attorney of record for the defendants Jeffrey & Lauren Lowe*

Carrie M. Leo, *Appellant pro se*
3199 Walworth Road
Walworth, NY 14568
(315) 538-8316
carrieleo15@gmail.com

4