IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff*,<br>            v.<br><br>JEFFREY LOWE,<br><br>LAUREN LOWE,<br><br>GREATER WYNNEWOOD EXOTIC ANIMAL PARK, LLC, and<br><br>TIGER KING, LLC,<br><br>    *Defendants*. | Case No. 6:20-cv-00423-JFH |

**NOTICE REGARDING CONSENT DECREE, MOTION FOR DEFAULT JUDGMENT, AND CORRESPONDENCE FROM CLAYTON HUGHES ABOUT SKUNKS**

The United States hereby submits this notice to address the outstanding matters in this case.

**I.   The Consent Decree Resolves Claims Against the Lowes and the United States Is Entitled to a Default Judgment Against the Defendant Entities.**

On November 11, 2021, the parties filed a Consent Decree between Plaintiff the United States and Defendants Jeffrey and Lauren Lowe ("the Lowes"). The United States hereby provides notice that if the Court approves and enters this Consent Decree, it will render moot the portion of the United States' pending Motion for Default Judgment (Dkt. 143) as it applies to the Lowes, but not as it applies to Defendants Greater Wynnewood Exotic Animal Park, LLC and Tiger King, LLC ("Defendant entities"). Although the Consent Decree resolves the claims in the Complaint raised against the Lowes, the Defendant entities are not parties to the Consent Decree

and thus entry of the Consent Decree will not resolve the United States' claims against the Defendant entities. Dkt. 149 n.1.

The United States is entitled to a default judgment against the Defendant entities because they failed to: (1) file a timely responsive pleading to the United States' Complaint; (2) respond to the United States' Motion for Default Judgment by the response deadline; and (3) obtain counsel in violation of this Court's orders and the Local Rules. *See* Dkt. 143 at 2-4. Obtaining a default judgment and the relief requested is essential to ensure that the Defendant entities cannot violate the Animal Welfare Act ("AWA") or Endangered Species Act ("ESA") in the future or claim an interest in the animals that the United States has temporarily placed with AWA-licensed facilities. Until the Court grants the default judgment, the animals remain in "legal limbo," particularly in light of Defendants' claims that the Defendant entities have an interest in some or all of the animals. *See* Dkt. 143 at 7-8.

In sum, the portion of the Motion for Default Judgment seeking relief against the Lowes is now moot, but the portion seeking relief against the Defendant entities is ripe for decision, unopposed, and important to the resolution of this case and future care of the animals. The United States asks that the Court grant the Motion for Default Judgment as against the Defendant entities and issue the following relief laid out in that motion:

1. Declare that the Defendant entities have violated the ESA by illegally taking ESA-protected animals;

2. Declare that the Defendant entities have violated the ESA by possessing ESA-protected animals, who have been illegally taken;

3. Declare that the Defendant entities have violated the ESA by delivering, carrying, and/or transporting ESA-protected animals, who have been illegally taken;

4. Permanently enjoin the Defendant entities from taking any ESA-protected animals or possessing, delivering, carrying, or transporting ESA-protected animals that have been unlawfully taken; and

5. Permanently relinquish the Defendant entities' possessory and ownership interests in the ESA-protected animals and any offspring of such animals to the United States.

6. Declare that the Defendant entities have violated the AWA by exhibiting without a license;

7. Permanently enjoin the Defendant entities from exhibiting animals to the public;

8. Permanently relinquish the Defendant entities' possessory and ownership interests in the AWA-covered animals;[1] and

9. Permanently place the AWA-covered animals in the facilities selected by the United States.

## II. As Relevant to the Court's Contempt Order, the United States Provides Notice of a Recent Correspondence from Mr. Clayton Hughes Regarding the Disposition of Two Skunks.

The United States hereby provides notice of a recent correspondence it received from Mr. Clayton Hughes regarding the disposition of two skunks, which is relevant to the Court's January 15, 2021, May 14, 2021, September 16, 2021, and October 18, 2021 orders, Dkt. 65, 97, 133, 146, and the Parties' joint status report, Dkt. 148. In their response, Dkt. 144, to the United States' fourth notice of continued noncompliance, Dkt. 137, the Lowes represented that "[t]he skunks were given away free of charge to a local farmer that responded to a Craigslist ad. The

---

[1] As explained in the Motion for Default Judgment, while all of Defendants' animals listed on the December 16, 2020 inventory and the offspring thereof are covered by the AWA, we are using the phrase "AWA-covered animals" to refer to the animals in Defendants' possession at the time of the filing of the Complaint that are *not* also listed as endangered or threatened under the ESA, and any offspring born to those animals.

3

emails related to this transaction are encrypted through Craigslist's software and Defendants are unable to retrieve any information regarding these transactions." Dkt. 144; *see also* Dkt. 148. However, the Lowes' previously submitted record identified Mr. Clayton Hughes of Marietta, Oklahoma as receiving the two skunks on October 1, 2021.  Dkt. 135-7.  In his notarized letter, Mr. Hughes states that the Lowes' "statement . . . is untrue":  he "never had contact with skunks, and certainly never took in any skunks.  [He] did not respond to any craiglist ad, and [has] never owned a skunk."  *See* Attachment 1 (Correspondence from Mr. Hughes).  Because this is germane to Defendants compliance with the Court's contempt order, the United States hereby provides notice of the attached correspondence by Mr. Hughes.[2]

DATED: November 18, 2021                    Respectfully Submitted,

                                                              TODD KIM
                                                              Assistant Attorney General
                                                              Environment and Natural Resources Division

                                                              /s/ *Briena L. Strippoli*
                                                              BRIENA STRIPPOLI
                                                              Trial Attorney
                                                              MARY HOLLINGSWORTH
                                                              Senior Trial Attorney
                                                              DEVON LEA FLANAGAN
                                                              Trial Attorney
                                                              United States Department of Justice
                                                              Environment & Natural Resources Division
                                                              Wildlife & Marine Resources Section
                                                              P.O. Box 7611, Ben Franklin Station
                                                              Washington, D.C. 20044-7611
                                                              Briena.Strippoli@usdoj.gov | 202-598-0412
                                                              Mary.Hollingsworth@usdoj.gov | 202-598-1043
                                                              Devon.Flanagan@usdoj.gov | 202-305-0201
                                                              Fax: 202-305-0275

---

[2]  For the Court's reference, the United States is also providing an updated and notarized statement from Christina Harkey that was received after the joint status report, Dkt. 148, was filed.  *See* Attachment 2.

CHRISTOPHER J. WILSON
Acting United States Attorney
SUSAN BRANDON, Civil Chief
United States Attorney's Office
Eastern District of Oklahoma
520 Denison Avenue
Muskogee, OK 74401

*Attorneys for the United States of America*