APPEAL

# U.S. District Court
## Eastern District of Oklahoma (Muskogee)
## CIVIL DOCKET FOR CASE #: <u>6:20−cv−00423−JFH</u>

United States of America v. Lowe et al
Assigned to: District Judge John F. Heil, III
Related Case:  6:21−cv−00228−JFH
Cause: 16:1538 Endangered Species Act

**Plaintiff**

Date Filed: 11/19/2020
Jury Demand: None
Nature of Suit: 893 Environmental Matters
Jurisdiction: U.S. Government Plaintiff

| | | |
|---|---|---|
| **United States of America** | represented by | **Mary Hollingsworth**<br>US Attorney (CO−Denver)<br>999 18th St, S Terrace, Ste 370<br>Denver, CO 80202<br>303−844−1898<br>Email: mary.hollingsworth@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Briena Strippoli**<br>US Department of Justice (Federal Programs)<br>1100 L St NW<br>Washington, DC 20005<br>202−598−0412<br>Fax: 202−305−0275<br>Email: briena.strippoli@usdoj.gov<br>*ATTORNEY TO BE NOTICED* |
| | | **Devon Lea Flanagan**<br>US Department of Justice (Environment & Natural Resources)<br>PO Box 7611<br>Ben Franklin Station<br>Washington, DC 20044−7611<br>202−305−0201<br>Email: devon.flanagan@usdoj.gov<br>*ATTORNEY TO BE NOTICED* |
| | | **Jonathan Brightbill**<br>Winston & Strawn, LLP (DC)<br>1901 L St NW<br>Washington, DC 20036<br>*TERMINATED: 02/01/2021* |
| | | **Michael J. O'Malley**<br>US Attorney (OKED)<br>520 Denison Ave<br>Muskogee, OK 74401 |

1

918−684−5176
Fax: 918−684−5130
Email: Michael.O'Malley@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Robert M. Norway**
US Department of Justice (Environment &
Natural Resources)
PO Box 7611
Ben Franklin Station
Washington, DC 20044−7611
202−307−1145
Email: robert.m.norway@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Susan S. Brandon**
US Attorney (OKED)
520 Denison Ave
Muskogee, OK 74401
918−684−5112
Fax: 918−684−5130
Email: Susan.Brandon@usdoj.gov
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

| | | |
|---|---|---|
| **Jeffrey Lowe** | represented by | **Daniel J. Card** |

Daniel Card Law, LLC
512 NW 12th St
Oklahoma City, OK 73103
405−232−6357
Email: dan@cardlawok.com
*TERMINATED: 09/16/2021*
*LEAD ATTORNEY*

**Jason D. May**
May Law Office
9 W Main St
Ardmore, OK 73401
580−223−9184
Fax: 580−798−3118
Email: jasonmayesq@yahoo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Lauren Lowe** | represented by | **Daniel J. Card** |

(See above for address)
*TERMINATED: 09/16/2021*
*LEAD ATTORNEY*

**Jason D. May**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Greater Wynnewood Exotic Animal Park, LLC**                    represented by    **Greater Wynnewood Exotic Animal Park, LLC**
PRO SE

**Daniel J. Card**
(See above for address)
*TERMINATED: 09/16/2021*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Tiger King, LLC**                    represented by    **Tiger King, LLC**
PRO SE

**Daniel J. Card**
(See above for address)
*TERMINATED: 09/16/2021*
*LEAD ATTORNEY*

**Movant**

**People for the Ethical Treatment of Animals, Inc.**
*TERMINATED: 10/20/2021*                    represented by    **Heather L. Hintz**
Phillips Murrah, PC
101 N Robinson, Ste 1300
Oklahoma City, OK 73102
405−235−4100
Fax: 405−235−4133
Email: hlhintz@phillipsmurrah.com
*TERMINATED: 10/20/2021*

**Mark E. Hornbeek**
Phillips Murrah, PC
101 N Robinson, Ste 1300
Oklahoma City, OK 73102
405−235−4100
Fax: 405−235−4133
Email: mehornbeek@phillipsmurrah.com
*TERMINATED: 10/20/2021*

**Thomas G. Wolfe**
Phillips Murrah, PC
101 N Robinson, Ste 1300
Oklahoma City, OK 73102
405−235−4100
Fax: 405−235−4133

Email: tgwolfe@phillipsmurrah.com
*TERMINATED: 10/20/2021*

**Movant**

| | |
|---|---|
| **Carrie M. Leo**<br>*TERMINATED: 10/06/2021* | represented by   **Carrie M. Leo**<br>3199 Walworth Road<br>Walworth, NY 14568<br>PRO SE |

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 11/19/2020 | 1 | | CIVIL COVER SHEET by United States of America (jcb, Deputy Clerk) (Entered: 11/19/2020) |
| 11/19/2020 | 2 | | COMPLAINT For Declaratory and Injunctive Relief against Greater Wynnewood Exotic Animal Park, LLC, Jeffrey Lowe, Lauren Lowe, Tiger King, LLC by United States of America (With attachments)(jcb, Deputy Clerk) (Entered: 11/19/2020) |
| 11/19/2020 | 3 | | MINUTE ORDER by Court Clerk. Civil Summons may be issued electronically. Prepare the summons using the court's PDF version and email it to CM–ECFIntake_OKED@oked.uscourts.gov. (jcb, Deputy Clerk) (Entered: 11/19/2020) |
| 11/19/2020 | 4 | | SUMMONS Issued by Court Clerk as to Jeffrey Lowe (jcb, Deputy Clerk) (Entered: 11/19/2020) |
| 11/19/2020 | 5 | | SUMMONS Issued by Court Clerk as to Lauren Lowe (jcb, Deputy Clerk) (Entered: 11/19/2020) |
| 11/19/2020 | 6 | | SUMMONS Issued by Court Clerk as to Greater Wynnewood Exotic Animal Park, LLC (jcb, Deputy Clerk) (Entered: 11/19/2020) |
| 11/19/2020 | 7 | | SUMMONS Issued by Court Clerk as to Tiger King, LLC (jcb, Deputy Clerk) (Entered: 11/19/2020) |
| 11/24/2020 | 8 | | ATTORNEY APPEARANCE by Briena Strippoli on behalf of United States of America (Strippoli, Briena) (Entered: 11/24/2020) |
| 11/25/2020 | 9 | | MOTION for Preliminary Injunction by United States of America Responses due by 12/9/2020(Hollingsworth, Mary) (Entered: 11/25/2020) |
| 11/25/2020 | 10 | | BRIEF in Support of Motion (Re: 9 MOTION for Preliminary Injunction ) by United States of America ; (With attachments)(Hollingsworth, Mary) (Entered: 11/25/2020) |
| 11/25/2020 | 11 | | CERTIFICATE of Service (Re: 10 Brief in Support of Motion, 9 MOTION for Preliminary Injunction ) by United States of America (Hollingsworth, Mary) (Entered: 11/25/2020) |
| 11/25/2020 | 12 | | Unopposed MOTION for Authorization Conventional Filing (Re: 10 Brief in Support of Motion) by United States of America Responses due by 12/9/2020(Strippoli, Briena) (Entered: 11/25/2020) |
| 11/30/2020 | 13 | | |

| | | | |
|---|---|---|---|
| | | | MINUTE ORDER by District Judge John F. Heil, III GRANTING 12 Unopposed Motion for Authorization Conventional Filing (Re: 10 Brief in Support of Motion). Plaintiff directed to submit two (2) sets of DVD's to the Clerk of Court. (ndd, Deputy Clerk) (Entered: 11/30/2020) |
| 11/30/2020 | 14 | | MINUTE ORDER by District Judge John F. Heil, III setting Motion Hearing for 12/16/2020 at 9:30 a.m. in Courtroom 1, Room 230, US Courthouse, 5th & Okmulgee, Muskogee, OK before District Judge John F. Heil III (Re: 9 MOTION for Preliminary Injunction. (ndd, Deputy Clerk) (Entered: 11/30/2020) |
| 11/30/2020 | 15 | | ATTORNEY APPEARANCE by Daniel J. Card on behalf of All Defendants (Card, Daniel) (Entered: 11/30/2020) |
| 12/01/2020 | 16 | | ATTORNEY APPEARANCE by Robert M. Norway on behalf of United States of America (Norway, Robert) (Entered: 12/01/2020) |
| 12/02/2020 | | | ***Remark: Received DVD (original and one copy) of video exhibits relating to 10 BRIEF in Support of Motion (Re: 9 MOTION for Preliminary Injunction) from Plaintiff. (Disc contains Exhibit C, Attachment 1 – Cameo Exhibition Content; Exhibit D, Attachment 1 – OnlyFans Exhibition Content; Exhibit L, Attachments 2 & 3 – Nala Recordings). (ndd, Deputy Clerk) (Entered: 12/04/2020) |
| 12/04/2020 | 17 | | Unopposed MOTION for Leave to File Notice of Supplemental Authority (Re: 9 MOTION for Preliminary Injunction ) by United States of America Responses due by 12/18/2020(Hollingsworth, Mary) (Entered: 12/04/2020) |
| 12/07/2020 | 18 | | Unopposed MOTION for Pre–Hearing Status Conference (Re: 14 Minute Order) by United States of America (With attachments) Responses due by 12/21/2020(Hollingsworth, Mary) (Entered: 12/07/2020) |
| 12/08/2020 | 19 | | MINUTE ORDER by District Judge John F. Heil, III GRANTING 17 Unopposed MOTION for Leave to File Notice of Supplemental Authority (Re: 9 MOTION for Preliminary Injunction). (ndd, Deputy Clerk) (Entered: 12/08/2020) |
| 12/08/2020 | 20 | | MINUTE ORDER by District Judge John F. Heil, III GRANTING 18 Unopposed Motion for Telephonic Status Conference. A Telephonic Status Conference is now set for 12/16/2020 at 9:30 a.m. in Courtroom 1, Room 230, US Courthouse, 5th & Okmulgee, Muskogee, OK before District Judge John F. Heil III. Counsel will be provided call–in information via e–mail prior to the commencement of the hearing. To ensure the quality of the record, the use of car phones, cellular phones, speaker phones, or phones in other public places is discouraged. Each time you speak, you must identify yourself for the record. Do not place the call on hold at any time. When the Judge informs the participants that the hearing is completed, you may disconnect. Additionally, the Motion Hearing previously set for 12/16/2020 at 9:30 a.m. is hereby STRICKEN (Re: 9 MOTION for Preliminary Injunction). (ndd, Deputy Clerk) (Entered: 12/08/2020) |
| 12/09/2020 | 21 | | ATTORNEY APPEARANCE by Michael J. O'Malley on behalf of United States of America (O'Malley, Michael) (Entered: 12/09/2020) |
| 12/09/2020 | 22 | | |

5

| | | | ATTORNEY APPEARANCE by Susan S. Brandon on behalf of United States of America (Brandon, Susan) (Entered: 12/09/2020) |
|---|---|---|---|
| 12/14/2020 | 23 | | STIPULATION (Re: 9 MOTION for Preliminary Injunction ) by United States of America (Hollingsworth, Mary) (Entered: 12/14/2020) |
| 12/14/2020 | 24 | | NOTICE of Supplemental Authority (Re: 19 Ruling on Motion for Leave to File Document(s)) by United States of America (With attachments)(Hollingsworth, Mary) (Entered: 12/14/2020) |
| 12/15/2020 | 25 | | MINUTE ORDER by District Judge John F. Heil, III approving the Stipulation filed in this case on 12/14/2020 (Re: 23 Stipulation). Accordingly, the Telephonic Status Conference previously set for 12/16/2020 at 9:30 a.m. is hereby STRICKEN. (ndd, Deputy Clerk) (Entered: 12/15/2020) |
| 12/23/2020 | 26 | | Unopposed MOTION for Leave to File Leave to File Exhibit Conventionally by Jeffrey Lowe Responses due by 1/6/2021(Card, Daniel) (Entered: 12/23/2020) |
| 12/23/2020 | 27 | | MOTION for Preliminary Injunction by United States of America Responses due by 1/6/2021(Hollingsworth, Mary) (Entered: 12/23/2020) |
| 12/23/2020 | 28 | | BRIEF in Support of Motion (Re: 27 MOTION for Preliminary Injunction ) by United States of America ; (With attachments)(Hollingsworth, Mary) (Entered: 12/24/2020) |
| 12/24/2020 | 29 | | Unopposed MOTION for Authorization of Conventional Filing (Re: 27 MOTION for Preliminary Injunction) by United States of America Responses due by 1/7/2021(Strippoli, Briena) (Entered: 12/24/2020) |
| 12/28/2020 | 30 | | MOTION to Amend Stipulation of Preliminary Injunction and Request for Expedited Briefing Schedule (Re: 23 Stipulation) by Jeffrey Lowe, Lauren Lowe (With attachments) Responses due by 1/11/2021(Card, Daniel) Modified on 12/31/2020 to edit event and link (dma, Deputy Clerk). (Entered: 12/28/2020) |
| 12/30/2020 | 31 | | MOTION for Temporary Restraining Order by United States of America Responses due by 1/13/2021(Hollingsworth, Mary) (Entered: 12/30/2020) |
| 12/30/2020 | 32 | | BRIEF in Support of Motion (Re: 31 MOTION for Temporary Restraining Order ) by United States of America ; (With attachments)(Hollingsworth, Mary) (Entered: 12/30/2020) |
| 12/31/2020 | 33 | | MINUTE ORDER by District Judge John F. Heil, III directing the Defendants to file an EXPEDITED Response to 31 MOTION for Temporary Restraining Order no later than 1/6/2021. (tls, Deputy Clerk) (Entered: 12/31/2020) |
| 12/31/2020 | 34 | | MINUTE ORDER by District Judge John F. Heil, III: Telephonic Status Conference set for 1/8/2021 at 10:00 AM in Courtroom 1, Room 230, US Courthouse, 5th & Okmulgee, Muskogee, OK before District Judge John F. Heil III. Counsel will be provided call–in information via e–mail prior to the commencement of the hearing. To ensure the quality of the record, the use of car phones, cellular phones, speaker phones, or phones in other public places is discouraged. Each time you speak, you must identify yourself for the record. Do not place the call on hold at any time. When the Judge informs the participants that the hearing is completed, you may disconnect. (tls, Deputy |

| | | | |
|---|---|---|---|
| | | | Clerk) (Entered: 12/31/2020) |
| 12/31/2020 | 35 | | MINUTE ORDER by District Judge John F. Heil, III: Motion(s) Hearing set for 1/12/2021 at 10:00 AM in Courtroom 1, Room 230, US Courthouse, 5th & Okmulgee, Muskogee, OK before District Judge John F. Heil III. (Re: 27 MOTION for Preliminary Injunction, AND 31 MOTION for Temporary Restraining Order) (tls, Deputy Clerk) (Entered: 12/31/2020) |
| 01/04/2021 | 36 | | MINUTE ORDER by District Judge John F. Heil, III DENYING AS MOOT 9 Motion for Preliminary Injunction by United States of America. (ndd, Deputy Clerk) (Entered: 01/04/2021) |
| 01/04/2021 | 37 | | MINUTE ORDER by District Judge John F. Heil, III GRANTING 26 Unopposed MOTION for Leave to File Leave to File Exhibit Conventionally by Jeffrey Lowe. (ndd, Deputy Clerk) (Entered: 01/04/2021) |
| 01/04/2021 | 38 | | MINUTE ORDER by District Judge John F. Heil, III GRANTING 29 Unopposed MOTION for Authorization of Conventional Filing by United States of America. (ndd, Deputy Clerk) (Entered: 01/04/2021) |
| 01/05/2021 | 39 | | ATTORNEY APPEARANCE by Jonathan Brightbill on behalf of United States of America (Brightbill, Jonathan) (Entered: 01/05/2021) |
| 01/06/2021 | 40 | | MINUTE ORDER by District Judge John F. Heil, III directing the Plaintiff to file an EXPEDITED Response to 30 MOTION to Amend Stipulation of Preliminary Injunction and Request for Expedited Briefing Schedule no later than 1/7/2021. (ndd, Deputy Clerk) (Entered: 01/06/2021) |
| 01/06/2021 | 41 | | ***Remark: Received four (4) DVD's (original set plus one copy – for a total of 8) of video exhibits relating to 28 BRIEF in Support of Motion (Re: 27 MOTION for Preliminary Injunction) by United States of America. (DVD's are titled as follows: "Cameo Exhibition Content", "OnlyFans Exhibition Content", "Videos of Nala", and "YouTube and Cameo Exhibition Content"). (ndd, Deputy Clerk) (Entered: 01/07/2021) |
| 01/07/2021 | 42 | | RESPONSE in Opposition to Motion (Re: 30 MOTION to Amend ) by United States of America ; (With attachments)(Hollingsworth, Mary) (Entered: 01/07/2021) |
| 01/07/2021 | 43 | | MOTION for Leave to File Sealed Motion for Extension by Jeffrey Lowe Responses due by 1/21/2021(Card, Daniel) (Entered: 01/07/2021) |
| 01/07/2021 | 44 | | MINUTE ORDER by District Judge John F. Heil, III GRANTING 43 Motion to File Motion for Extension Under Seal. The Court authorizes the electronic filing of documents under seal by counsel. The Clerk shall grant the ability to view sealed documents filed in this case to all attorneys who have entered an appearance in the case and whose appearance has not been terminated. (ndd, Deputy Clerk) (Entered: 01/07/2021) |
| 01/08/2021 | 45 | | SEALED MOTION to file out of time by Jeffrey Lowe (Card, Daniel) (Entered: 01/08/2021) |
| 01/08/2021 | 46 | | MINUTE ORDER by District Judge John F. Heil, III: Based on the record of the Telephonic Status Conference held on 1/8/2021, Defendants' Motion to Amend Stipulation (Dkt. No. 30 ) is DENIED. Defendants' Motion to File Response Out of Time (Dkt. No. 45 ) is GRANTED. Further, Defendants' |

| | | | |
|---|---|---|---|
| | | | responses to Plaintiff's Motion for Preliminary Injunction (Dkt. No. 27 ) and Motion for Temporary Restraining Order (Dkt. No. 31 ) are due no later than 1/11/2021. The parties are ORDERED to meet and confer and advise the opposing party as to the identity of any witnesses they plan to call in person at the 1/12/2021 hearing no later than 4:00 p.m. on 1/8/2021. The parties are also ORDERED to meet and confer and advise the Court as to the issues presented in Plaintiff's Motion for Preliminary Injunction (Dkt. No. 27 ) and Motion for Temporary Restraining Order (Dkt. No. 31 ) which can be agreed upon and which remain disputed for the Court to address at the 1/12/2021 hearing no later than 5:00 p.m. on 1/11/2021. The parties are further ORDERED to file witness lists for the 1/12/2021 hearing, identifying which witnesses will appear in person, which witnesses will appear by video conference, and which witnesses will be presented via affidavit, no later than 5:00 pm on 1/11/2021. (ndd, Deputy Clerk) (Entered: 01/08/2021) |
| 01/08/2021 | 47 | | MINUTE ORDER by District Judge John F. Heil, III: The parties shall submit Exhibit Lists for the January 12, 2021 evidentiary hearing no later than January 11, 2021 at 5:00 p.m. For exhibits not previously submitted, one original set of exhibits and two courtesy copies shall be submitted to the Court prior to the hearing. For exhibits previously submitted to the Court, one original set of exhibits shall be submitted to the Court prior to the hearing. Additional courtesy copies need not be provided. The docket and page number of each previously submitted exhibit must be included in the parties' Exhibit Lists. (ndd, Deputy Clerk) (Entered: 01/08/2021) |
| 01/08/2021 | 48 | | MINUTES of Proceedings held before District Judge John F. Heil, III: Telephonic Status Conference held on 1/8/2021. (Court Reporter: Shelley Ottwell) (ndd, Deputy Clerk) (Entered: 01/08/2021) |
| 01/08/2021 | 49 | | MINUTE ORDER by District Judge John F. Heil, III RESETTING Motion Hearing from 1/12/2021 at 10:00 a.m. in Courtroom 1, to 1/12/2021 at 10:00 a.m. in Courtroom 2, Room 224, US Courthouse, 5th & Okmulgee, Muskogee, OK before District Judge John F. Heil III (COURTROOM CHANGE ONLY). The hearing shall be conducted by video conference. Parties will be provided dial–in information prior to the commencement of the hearing (Re: 27 MOTION for Preliminary Injunction, AND 31 MOTION for Temporary Restraining Order). (ndd, Deputy Clerk) (Entered: 01/08/2021) |
| 01/11/2021 | 50 | | TRANSCRIPT of Proceedings (Unredacted) of Telephonic Status Conference held on January 8, 2021 before District Judge John F. Heil, III (Court Reporter: Shelley Ottwell) (Pages: 1–39). A party must file a Transcript Redaction Request within 21 calendar days. If a party fails to request redaction, this unredacted transcript may be made electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or may view the transcript at the court public terminal. There is no charge to view the transcript at the court public terminal. (Re: 48 Minutes of Status Hearing ) (Ottwell, Shelley) (Entered: 01/11/2021) |
| 01/11/2021 | 51 | | EXHIBIT LIST by United States of America (Norway, Robert) (Entered: 01/11/2021) |
| 01/11/2021 | 52 | | Defendant's EXHIBIT LIST by Greater Wynnewood Exotic Animal Park, LLC, Jeffrey Lowe, Lauren Lowe, Tiger King, LLC (Card, Daniel) (Entered: |

| | | | |
|---|---|---|---|
| | | | 01/11/2021) |
| 01/11/2021 | 53 | | STIPULATION (Re: 46 Ruling on Sealed Motion, Ruling on Motion to Amend) by United States of America (Hollingsworth, Mary) (Entered: 01/11/2021) |
| 01/11/2021 | 54 | | STIPULATED Facts for Hearing (Re: 46 Ruling on Sealed Motion, Ruling on Motion to Amend) by United States of America (Strippoli, Briena) (Entered: 01/11/2021) |
| 01/11/2021 | 55 | | RESPONSE in Opposition to Motion (Re: 27 MOTION for Preliminary Injunction ) by Greater Wynnewood Exotic Animal Park, LLC, Jeffrey Lowe, Lauren Lowe, Tiger King, LLC ; (With attachments)(Card, Daniel) (Entered: 01/11/2021) |
| 01/12/2021 | 56 | | RESPONSE in Opposition to Motion (Re: 31 MOTION for Temporary Restraining Order ) by Greater Wynnewood Exotic Animal Park, LLC, Jeffrey Lowe, Lauren Lowe, Tiger King, LLC ; (With attachments)(Card, Daniel) (Entered: 01/12/2021) |
| 01/12/2021 | 57 | | MOTION to Supplement with additional declarations (Re: 27 MOTION for Preliminary Injunction, 31 MOTION for Temporary Restraining Order) by United States of America (With attachments) Responses due by 1/26/2021(Strippoli, Briena) (Entered: 01/12/2021) |
| 01/12/2021 | 63 | | MINUTES of Proceedings held before District Judge John F. Heil, III: Motion Hearing held on 1/12/2021 (Re: 27 MOTION for Preliminary Injunction, AND 31 MOTION for Temporary Restraining Order). (Court Reporter: Shelley Ottwell) (ndd, Deputy Clerk) (Entered: 01/15/2021) |
| 01/12/2021 | 64 | | MINUTE ORDER by District Judge John F. Heil, III: Based on the record of the motion hearing held 1/12/2021, 57 Plaintiff's Motion to File Additional Declarations is GRANTED. (ndd, Deputy Clerk) (Entered: 01/15/2021) |
| 01/13/2021 | 58 | | WAIVER of Service of Summons returned executed. Jeffrey Lowe received waiver on 12/8/2020, answer due 2/8/2021. Waiver filed by United States of America (Strippoli, Briena) (Entered: 01/13/2021) |
| 01/13/2021 | 59 | | WAIVER of Service of Summons returned executed. Lauren Lowe received waiver on 12/8/2020, answer due 2/8/2021. Waiver filed by United States of America (Strippoli, Briena) (Entered: 01/13/2021) |
| 01/13/2021 | 60 | | WAIVER of Service of Summons returned executed. Tiger King, LLC received waiver on 12/8/2020, answer due 2/8/2021. Waiver filed by United States of America (Strippoli, Briena) (Entered: 01/13/2021) |
| 01/13/2021 | 61 | | WAIVER of Service of Summons returned executed. Greater Wynnewood Exotic Animal Park, LLC received waiver on 12/8/2020, answer due 2/8/2021. Waiver filed by United States of America (Strippoli, Briena) (Entered: 01/13/2021) |
| 01/14/2021 | 62 | | REPLY to Response to Motion (Re: 27 MOTION for Preliminary Injunction , 31 MOTION for Temporary Restraining Order ) by United States of America ; (With attachments)(Strippoli, Briena) (Entered: 01/14/2021) |
| 01/15/2021 | 65 | | |

| | | |
|---|---|---|
| | | OPINION AND ORDER by District Judge John F. Heil, III GRANTING 27 Motion for Preliminary Injunction, and GRANTING 31 Motion for Temporary Restraining Order. (ndd, Deputy Clerk) (Entered: 01/15/2021) |
| 01/22/2021 | 66 | MINUTE ORDER by District Judge John F. Heil, III directing parties to withdraw their respective exhibits, if they have not already done so, offered into evidence at the Motion Hearing held on 1/12/2021 (Re: 27 MOTION for Preliminary Injunction, AND 31 MOTION for Temporary Restraining Order). (ndd, Deputy Clerk) (Entered: 01/22/2021) |
| 01/29/2021 | 67 | MOTION to Withdraw Attorney Jonathan D. Brightbill by United States of America Responses due by 2/12/2021(Brandon, Susan) (Entered: 01/29/2021) |
| 02/01/2021 | 68 | MINUTE ORDER by District Judge John F. Heil, III GRANTING 67 Motion to Withdraw Attorney(s). Accordingly, attorney Jonathan Brightbill is deemed withdrawn as counsel of record for Plaintiff. (ndd, Deputy Clerk) (Entered: 02/01/2021) |
| 02/08/2021 | 69 | Partial MOTION to Dismiss Case for Failure to State a Claim by All Defendants Responses due by 2/22/2021(Card, Daniel) (Entered: 02/08/2021) |
| 02/09/2021 | 70 | Unopposed MOTION to Amend Defendants' Partial Motion to Dismiss by All Defendants Responses due by 2/23/2021(Card, Daniel) (Entered: 02/09/2021) |
| 02/12/2021 | 71 | MINUTE ORDER by District Judge John F. Heil, III GRANTING 70 Unopposed MOTION to Amend Defendants' Partial Motion to Dismiss (Re: 69 Partial MOTION to Dismiss). (ndd, Deputy Clerk) (Entered: 02/12/2021) |
| 02/12/2021 | 72 | MOTION to Enforce the Court's January 15, 2021 Order and the Parties' Stipulation by United States of America (With attachments) Responses due by 2/26/2021(Hollingsworth, Mary) (Entered: 02/12/2021) |
| 02/15/2021 | 73 | Corrected Partial MOTION to Dismiss Case for Failure to State a Claim by All Defendants Responses due by 3/1/2021(Card, Daniel) (Entered: 02/15/2021) |
| 02/16/2021 | 74 | MINUTE ORDER by District Judge John F. Heil, III DENYING AS MOOT 69 Partial Motion to Dismiss Case for Failure to State a Claim. (ndd, Deputy Clerk) (Entered: 02/16/2021) |
| 03/01/2021 | 75 | RESPONSE to Motion (Re: 73 Corrected Partial MOTION to Dismiss Case for Failure to State a Claim) by United States of America (dma, Deputy Clerk) (Entered: 03/02/2021) |
| 03/08/2021 | 76 | MOTION to consider the United States' motion to enforce confessed under LCvR 7.1(d) (Re: 72 MOTION to Enforce ) by United States of America Responses due by 3/22/2021(Hollingsworth, Mary) (Entered: 03/08/2021) |
| 03/17/2021 | 77 | MOTION to Withdraw Attorney Daniel J. Card by All Defendants Responses due by 3/31/2021(Card, Daniel) (Entered: 03/17/2021) |
| 03/22/2021 | 78 | OPINION AND ORDER by District Judge John F. Heil, III GRANTING 72 Motion to Enforce the Court's January 15, 2021 Order and the Parties' Stipulation. A Show Cause Hearing is now set for 5/12/2021 at 9:30 a.m. in Courtroom 1, Room 230, US Courthouse, 5th & Okmulgee, Muskogee, OK before District Judge John F. Heil III. (ndd, Deputy Clerk) (Entered: |

| | | | |
|---|---|---|---|
| | | | 03/22/2021) |
| 03/23/2021 | 79 | | MINUTE ORDER by District Judge John F. Heil, III DENYING AS MOOT 76 Motion to Consider the United States' Motion to Enforce Confessed Under LCvR 7.1(d). (ndd, Deputy Clerk) (Entered: 03/23/2021) |
| 03/26/2021 | 80 | | ORDER by District Judge John F. Heil, III: Defendants shall fully comply with the Court's 1/15/2021 Order (Re: 65 Opinion and Order), as directed by the Court's 3/22/2021 Order (Re: 78 Opinion and Order), no later than 4/2/2021. The show cause hearing previously set for 5/12/2021, remains scheduled. (ndd, Deputy Clerk) (Entered: 03/26/2021) |
| 03/29/2021 | 81 | | RESPONSE to Motion (Re: 77 MOTION to Withdraw Attorney ) by United States of America ;(Strippoli, Briena) (Entered: 03/29/2021) |
| 03/30/2021 | 82 | | MINUTE ORDER by District Judge John F. Heil, III DENYING without prejudice 77 Motion to Withdraw Attorney Daniel J. Card. The Court will entertain such a motion, upon the entry of appearance of new counsel for defendants. (ndd, Deputy Clerk) (Entered: 03/30/2021) |
| 04/12/2021 | 83 | | NOTICE of Defendants' Noncompliance (Re: 65 Ruling on Motion for Temporary Restraining Order, Ruling on Motion for Preliminary Injunction, 78 Ruling on Motion to Enforce, 80 Order) by United States of America (With attachments)(Strippoli, Briena) (Entered: 04/12/2021) |
| 04/26/2021 | 84 | | MINUTE ORDER by Court Clerk, directing parties to file a Corporate Disclosure Statement pursuant to FRCvP 7.1 within seven (7) days of this order, if they have not already done so. The parties shall use the form entitled Corporate Disclosure Statement available on the Courts website (please do not refile if already filed on non–court form unless directed to do so). If you have already filed your Corporate Disclosure Statement in this case, you are reminded to file a Supplemental Corporate Disclosure Statement within a reasonable time of any change in the information that the statement requires. (ndd, Deputy Clerk) (Entered: 04/26/2021) |
| 04/28/2021 | 85 | | MOTION to Intervene by People for the Ethical Treatment of Animals, Inc. [NOTE: Attorney Heather L. Hintz added to party People for the Ethical Treatment of Animals, Inc.(pty:movant)]. Responses due by 5/12/2021(Hintz, Heather) Modified on 5/4/2021 to edit party (dma, Deputy Clerk). (Entered: 04/28/2021) |
| 04/28/2021 | 86 | | BRIEF in Support of Motion (Re: 85 MOTION to Intervene ) by People for the Ethical Treatment of Animals, Inc. ; (With attachments)(Hintz, Heather) (Entered: 04/28/2021) |
| 05/04/2021 | 87 | | ATTORNEY APPEARANCE by Thomas G. Wolfe on behalf of People for the Ethical Treatment of Animals, Inc. (Wolfe, Thomas) (Entered: 05/04/2021) |
| 05/05/2021 | 88 | | ATTORNEY APPEARANCE by Mark E. Hornbeek on behalf of People for the Ethical Treatment of Animals, Inc. (Hornbeek, Mark) (Entered: 05/05/2021) |
| 05/06/2021 | 89 | | ATTORNEY APPEARANCE by Devon Lea Flanagan on behalf of United States of America (Flanagan, Devon) (Entered: 05/06/2021) |
| 05/06/2021 | 90 | | |

| | | | |
|---|---|---|---|
| | | | Unopposed MOTION to Appear Remotely at May 12, 2021 Hearing by United States of America Responses due by 5/20/2021(Flanagan, Devon) (Entered: 05/06/2021) |
| 05/06/2021 | 91 | | Unopposed MOTION for Leave to Appear Remotely by Greater Wynnewood Exotic Animal Park, LLC, Jeffrey Lowe, Lauren Lowe, Tiger King, LLC Responses due by 5/20/2021(Card, Daniel) (Entered: 05/06/2021) |
| 05/07/2021 | 92 | | MINUTE ORDER by District Judge John F. Heil, III GRANTING 90 Plaintiff's Unopposed Motion to Appear Remotely at May 12, 2021 Hearing, and GRANTING 91 Defendants' Motion for Leave to Appear Remotely. Accordingly, the 5/12/2021 at 9:30 Show Cause Hearing shall be conducted by video conference. Parties will be provided dial–in information prior to the commencement of the hearing (Re: 78 Opinion and Order). (ndd, Deputy Clerk) (Entered: 05/07/2021) |
| 05/11/2021 | 93 | | NOTICE of Defendants' Continued Noncompliance (Re: 65 Ruling on Motion for Temporary Restraining Order, Ruling on Motion for Preliminary Injunction, 78 Ruling on Motion to Enforce, 80 Order) by United States of America (With attachments)(Strippoli, Briena) (Entered: 05/11/2021) |
| 05/12/2021 | 94 | | MINUTES of Proceedings held before District Judge John F. Heil, III: Show Cause Hearing held on 5/12/2021 (Re: 65 Opinion and Order). (Court Reporter: Shelley Ottwell) (ndd, Deputy Clerk) (Entered: 05/14/2021) |
| 05/12/2021 | 95 | | LETTER/E–MAIL from Lauren Lowe (With attachments)(ndd, Deputy Clerk) (Entered: 05/14/2021) |
| 05/14/2021 | 96 | | MINUTE ORDER by District Judge John F. Heil, III: Based on the record from the May 12, 2021 hearing, the parties stipulate to, and the Court approves, the transfer of the two referenced adult cougars from Defendants' custody to Center for Animal Research and Education in Bridgeport, Texas. The Court also approves the humane euthanasia of one referenced red fox as the parties may stipulate. (Re: 94 Minutes of Show Cause Hearing). (ndd, Deputy Clerk) (Entered: 05/14/2021) |
| 05/14/2021 | 97 | | OPINION AND ORDER by District Judge John F. Heil, III. (ndd, Deputy Clerk) (Entered: 05/14/2021) |
| 05/21/2021 | 98 | | MINUTE ORDER by District Judge John F. Heil, III directing parties to file a Joint Status Report by 5/28/2021. (ndd, Deputy Clerk) (Entered: 05/21/2021) |
| 05/23/2021 | 99 | | AMENDED MINUTE ORDER by District Judge John F. Heil, III directing parties to file a Joint Status Report by 6/11/2021. The previous 5/28/2021 JSR deadline is stricken. (ndd, Deputy Clerk) (Entered: 05/23/2021) |
| 05/28/2021 | 100 | | MOTION for Costs by United States of America (With attachments) Responses due by 6/11/2021(Flanagan, Devon) (Entered: 05/28/2021) |
| 06/10/2021 | 101 | | TRANSCRIPT of Proceedings (Unredacted) of Videoconference Show Cause Hearing held on May 12, 2021, before District Judge John F. Heil, III (Court Reporter: Shelley Ottwell) (Pages: 31). A party must file a Transcript Redaction Request within 21 calendar days. If a party fails to request redaction, this unredacted transcript may be made electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from |

| | | | |
|---|---|---|---|
| | | | the court reporter or may view the transcript at the court public terminal. There is no charge to view the transcript at the court public terminal. (Re: 94 Minutes of Show Cause Hearing ) (Ottwell, Shelley) (Entered: 06/10/2021) |
| 06/11/2021 | 102 | | MOTION to Withdraw Attorney(s) by All Defendants Responses due by 6/25/2021(Card, Daniel) (Entered: 06/11/2021) |
| 06/11/2021 | 103 | | Joint STATUS REPORT by United States of America (Hollingsworth, Mary) (Entered: 06/11/2021) |
| 06/11/2021 | 104 | | Unopposed MOTION for Extension of Time to Respond to Motion (Re: 100 MOTION for Costs) by All Defendants; Responses due by 6/25/2021(Card, Daniel) Modified on 6/11/2021 to edit event and add link (dma, Deputy Clerk). (Entered: 06/11/2021) |
| 06/11/2021 | 105 | | MINUTE ORDER by District Judge John F. Heil, III GRANTING 104 Motion for Extension of Time to Respond to Motion. Accordingly, Defendants' Response to Plaintiff's Motion for Costs is due by 6/25/2021 (Re: 100 MOTION for Costs). (ndd, Deputy Clerk) (Entered: 06/11/2021) |
| 06/18/2021 | 106 | | NOTICE of Defendants' Continued Noncompliance (Re: 97 Opinion and Order) by United States of America (With attachments) (Hollingsworth, Mary) (Entered: 06/18/2021) |
| 06/25/2021 | 107 | | RESPONSE to Motion (Re: 102 MOTION to Withdraw Attorney(s) ) by United States of America ;(Strippoli, Briena) (Entered: 06/25/2021) |
| 07/12/2021 | 108 | | LETTER to the Court from non–party (dma, Deputy Clerk) (Main Document 108 replaced on 8/27/2021 – paragraph 4 added to pg. 1) (ndd, Deputy Clerk). (Entered: 07/13/2021) |
| 07/13/2021 | 109 | | REPLY to Response to Motion (Re: 102 MOTION to Withdraw Attorney(s) ) by Greater Wynnewood Exotic Animal Park, LLC, Jeffrey Lowe, Lauren Lowe, Tiger King, LLC ;(Card, Daniel) (Entered: 07/13/2021) |
| 07/13/2021 | 110 | | MINUTE ORDER by District Judge John F. Heil, III denying without prejudice 102 Motion to Withdraw Attorney Daniel Card. The Court will entertain such a motion, upon the entry of appearance of new counsel for defendants (dma, Deputy Clerk) (Entered: 07/13/2021) |
| 07/13/2021 | 111 | | MINUTE ORDER by District Judge John F. Heil, III setting Show Cause Hearing for 9/16/21 at 1:30 p.m. in Courtroom 1, Room 230, US Courthouse, 5th & Okmulgee, Muskogee, OK before District Judge John F. Heil III. **THIS IS AN IN–PERSON HEARING** (Re: 106 Notice of Defendants' Continued Noncompliance and 100 MOTION for Costs) (dma, Deputy Clerk) (Entered: 07/13/2021) |
| 07/14/2021 | 112 | | NOTICE of Non–Representation by Greater Wynnewood Exotic Animal Park, LLC, Jeffrey Lowe, Lauren Lowe, Tiger King, LLC (Card, Daniel) (Entered: 07/14/2021) |
| 07/26/2021 | 113 | | ORDER by District Judge John F. Heil, III (Re: 77 MOTION to Withdraw Attorney, 102 MOTION to Withdraw Attorney, and 112 NOTICE of Non–Representation) (ndd, Deputy Clerk) (Entered: 07/26/2021) |
| 07/26/2021 | 114 | | |

| | | | |
|---|---|---|---|
| | | | OPINION AND ORDER by District Judge John F. Heil, III DENYING 73 Defendants' Corrected Partial Motion to Dismiss. (ndd, Deputy Clerk) (Entered: 07/26/2021) |
| 08/16/2021 | 115 | | NOTICE of Abandonment of Remaining Animals by United States of America (With attachments)(Hollingsworth, Mary) (Entered: 08/16/2021) |
| 08/23/2021 | 116 | | STATUS REPORT by United States of America (Flanagan, Devon) (Entered: 08/23/2021) |
| 08/25/2021 | 117 | | MOTION for Entry of Default by Clerk against Jeffrey Lowe, Lauren Lowe, Greater Wynnewood Exotic Animal Park, LLC, Tiger King, LLC by United States of America (With attachments) Responses due by 9/8/2021(Hollingsworth, Mary) (Entered: 08/25/2021) |
| 08/26/2021 | 118 | | MOTION to Intervene by Carrie M. Leo (With attachments). Responses due by 9/9/2021. (kdc, Deputy Clerk) (Entered: 08/27/2021) |
| 09/01/2021 | 119 | | Unopposed MOTION for Leave to File Sealed Motion to Withdraw by All Defendants (With attachments) Responses due by 9/15/2021(Card, Daniel) (Entered: 09/01/2021) |
| 09/02/2021 | 120 | | MINUTE ORDER by District Judge John F. Heil, III GRANTING 119 Defendants' Motion for Leave to File Sealed Motion to Withdraw. The Court authorizes the electronic filing of documents under seal by counsel. The Clerk shall grant the ability to view sealed documents filed in this case to all attorneys who have entered an appearance in the case and whose appearance has not been terminated. Defense counsel is further advised that he may file a supporting brief ex parte (ndd, Deputy Clerk) Text modified on 9/2/2021 (ndd, Deputy Clerk). (Entered: 09/02/2021) |
| 09/02/2021 | 121 | | SEALED MOTION to Withdraw as Attorney of Record by Greater Wynnewood Exotic Animal Park, LLC, Jeffrey Lowe, Lauren Lowe, Tiger King, LLC (Card, Daniel) (Entered: 09/02/2021) |
| 09/07/2021 | 122 | | AMENDED MINUTE ORDER by District Judge John F. Heil, III GRANTING 119 Defendants' Motion for Leave to File Sealed Motion to Withdraw. The Court authorizes the electronic filing of documents under seal by counsel. The Clerk shall grant the ability to view sealed documents filed in this case to all counsel who have entered an appearance for any *party* in the case and whose appearance has not been terminated. Defense counsel is further advised that he may file a supporting brief ex parte. (ndd, Deputy Clerk) (Entered: 09/07/2021) |
| 09/07/2021 | 123 | | MINUTE ORDER by District Judge John F. Heil, III: The Sealed Motion to Withdraw as Counsel of Record [Dkt. No. 121 ] is taken under advisement pending the certification by counsel that the motion has been served on Defendants Jeffrey Lowe, Lauren Lowe, Greater Wynnewood Exotic Animal Park, LLC, and Tiger King, LLC, pursuant to LCvR 83.5. (ndd, Deputy Clerk) (Entered: 09/07/2021) |
| 09/09/2021 | 124 | | CLERK'S ENTRY OF DEFAULT by Court Clerk granting 117 Motion for Entry of Default by Clerk against defendants Jeffrey Lowe, Lauren Lowe, Greater Wynnewood Exotic Animal Park, LLC and Tiger King LLC (dma, Deputy Clerk) (Entered: 09/09/2021) |

| 09/09/2021 | 125 | | RESPONSE to Motion (Re: 118 MOTION to Intervene ) by United States of America ; (With attachments)(Hollingsworth, Mary) (Entered: 09/09/2021) |
|---|---|---|---|
| 09/09/2021 | 126 | | CERTIFICATE of Service (Re: 125 Response to Motion ) by United States of America (Hollingsworth, Mary) (Entered: 09/09/2021) |
| 09/13/2021 | 127 | | Unopposed MOTION for Leave to File Sealed Response to Mr. Card's Third Motion to Withdraw by United States of America (With attachments) Responses due by 9/27/2021(Flanagan, Devon) (Entered: 09/13/2021) |
| 09/13/2021 | 128 | | CERTIFICATE of Service (Re: 121 SEALED MOTION ) by Greater Wynnewood Exotic Animal Park, LLC, Jeffrey Lowe, Lauren Lowe, Tiger King, LLC (With attachments)(Card, Daniel) (Entered: 09/13/2021) |
| 09/14/2021 | 129 | | MINUTE ORDER by District Judge John F. Heil, III GRANTING 127 United States' Motion for leave to File Response to Mr. Card's Third Motion to Withdraw Under Seal. The Court authorizes the electronic filing of documents under seal by counsel. The Clerk shall grant the ability to view sealed documents filed in this case to all counsel who have entered an appearance for any *party* in the case and whose appearance has not been terminated. (ndd, Deputy Clerk) (Entered: 09/14/2021) |
| 09/14/2021 | 130 | | SEALED DOCUMENT (Re: 121 SEALED MOTION ) by United States of America (Flanagan, Devon) (Entered: 09/14/2021) |
| 09/16/2021 | 132 | | MINUTE ORDER by District Judge John F. Heil, III GRANTING 121 SEALED MOTION to Withdraw as Attorney of Record for Defendants Greater Wynnewood Exotic Animal Park, LLC, Tiger King LLC, Jeffery Lowe, and Lauren Lowe filed by Daniel J. Card, for the reasons stated on the record at the hearing held on September 16, 2021. Mr. Card is directed to accept service on behalf of Defendants and forward any documents to Defendants through September 30, 2021. Defendants may engage replacement counsel, who shall file an entry of appearance no later than September 30, 2021. If replacement counsel has not entered an appearance on behalf of Defendants Jeffery Lowe and Lauren Lowe by September 30, 2021, they will be deemed as proceeding pro se. If replacement counsel has not entered an appearance on behalf of Defendants Greater Wynnewood Exotic Animal Park, LLC and Tiger King LLC, by September 30, 2021, default judgment may be entered against them. (ndd, Deputy Clerk) (Entered: 09/16/2021) |
| 09/16/2021 | 133 | | MINUTE ORDER by District Judge John F. Heil, III directing the United States to provide Defendants with a list of outstanding documents to be provided pursuant to the Court's Orders 65 , 78 , and 97 . Defendants shall provide the outstanding documents to the United States within one business day of receiving the United States' notification. Defendants shall also respond to the United States' Notice of Defendants' Continued Noncompliance 106 no later than October 14, 2021. (ndd, Deputy Clerk) (Entered: 09/16/2021) |
| 09/16/2021 | 134 | | MINUTES of Proceedings held before District Judge John F. Heil, III: Show Cause Hearing held on 9/16/2021 (Re: 106 Notice of Defendants' Continued Noncompliance, 121 Sealed Motion to Withdraw Attorney, and 100 MOTION for Costs) (Court Reporter: Joanna Smith) (ndd, Deputy Clerk) (Entered: 09/17/2021) |
| 09/23/2021 | 135 | | |

| | | | MOTION for Extension of Time and Leave to File Reply to Plaintiff's 125 Response to Motion (Re: 118 MOTION to Intervene), by Carrie M. Leo. (ndd, Deputy Clerk) (Entered: 09/23/2021) |
|---|---|---|---|
| 09/23/2021 | 136 | | MINUTE ORDER by District Judge John F. Heil, III granting 135 Motion for Extension of Time and Leave to File Reply. Accordingly, Carrie M. Leo may file a Reply in support of her motion to intervene, no later than 9/30/2021 (Re: 118 Motion to Intervene). (ndd, Deputy Clerk) (Entered: 09/23/2021) |
| 09/30/2021 | 137 | | NOTICE of Defendants' Continued Noncompliance by United States of America (With attachments)(Flanagan, Devon) (Entered: 09/30/2021) |
| 09/30/2021 | 138 | | ATTORNEY APPEARANCE by Jason D. May on behalf of Jeffrey Lowe, Lauren Lowe (May, Jason) (Entered: 09/30/2021) |
| 09/30/2021 | 140 | | Amended MOTION to Intervene by Carrie M. Leo (With attachments) (ndd, Deputy Clerk) (Entered: 10/06/2021) |
| 10/04/2021 | 139 | | MINUTE ORDER by District Judge John F. Heil, III directing Defendants to respond to the United States' Notice of Defendants' Continued Noncompliance (Docket Entry No. 137 ) no later than October 14, 2021. (ndd, Deputy Clerk) (Entered: 10/04/2021) |
| 10/06/2021 | 141 | | MINUTE ORDER by District Judge John F. Heil, III STRIKING 140 Amended Motion to Intervene by Carrie M. Leo for failure to comply with the Court's 9/23/2021 order (Dkt. Entry No. (136)), which granted leave to file a reply. (ndd, Deputy Clerk) (Entered: 10/06/2021) |
| 10/06/2021 | 142 | | OPINION AND ORDER by District Judge John F. Heil, III DENYING 118 Motion to Intervene by Carrie M. Leo. Future submissions sent by email to the clerk by Leo, a non–party to this litigation, will not be filed in this case. (ndd, Deputy Clerk) (Entered: 10/06/2021) |
| 10/13/2021 | 143 | | MOTION for Default Judgment against Defendants by United States of America (With attachments) Responses due by 10/27/2021(Flanagan, Devon) (Entered: 10/13/2021) |
| 10/14/2021 | 144 | | RESPONSE (Re: 137 Notice of Continued Compliance) by Jeffrey Lowe, Lauren Lowe (May, Jason) Modified on 10/15/2021 to edit event and link (dma, Deputy Clerk). (Entered: 10/14/2021) |
| 10/18/2021 | 145 | | NOTICE of Data Loss by United States of America (Strippoli, Briena) (Entered: 10/18/2021) |
| 10/18/2021 | 146 | | OPINION AND ORDER by District Judge John F. Heil, III (Re: 137 NOTICE of Defendants' Continued Noncompliance). Parties directed to file a Joint Status Report no later than 11/1/2021. (ndd, Deputy Clerk) (Entered: 10/18/2021) |
| 10/20/2021 | 147 | | OPINION AND ORDER by District Judge John F. Heil, III DENYING 85 Motion to Intervene by People for the Ethical Treatment of Animals, Inc. (ndd, Deputy Clerk) (Entered: 10/20/2021) |
| 11/01/2021 | 148 | | Joint STATUS REPORT by United States of America (With attachments)(Strippoli, Briena) (Entered: 11/01/2021) |
| 11/10/2021 | 149 | | |

| | | | |
|---|---|---|---|
| | | | Joint STIPULATION *Consent Decree as to Jeffrey and Lauren Lowe* by United States of America (Strippoli, Briena) (Entered: 11/10/2021) |
| 11/10/2021 | <u>150</u> | | NOTICE OF APPEAL to Circuit Court (Interlocutory) (Re: <u>142</u> Ruling on Motion to Intervene) by Carrie M. Leo (With attachments) (ndd, Deputy Clerk) (Entered: 11/12/2021) |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

v.

        **Case No. 20-cv-0423-JFH**

**JEFFREY LOWE, LAUREN LOWE, GREATER WYNNEWOOD EXOTIC ANIMAL PARK, LLC, and TIGER KING, LLC,**

        **Defendants.**

## OPINION AND ORDER

This matter is before the Court on the motion to intervene, filed by Carrie M. Leo ("Leo"), proceeding pro se. Dkt. No. 118.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

This case arises from alleged violations by Defendants of the Endangered Species Act, 16 U.S.C. §§ 1531-44, ("ESA") and the Animal Welfare Act, 7 U.S.C. §§ 2131-59, ("AWA"). *See generally* Dkt. No. 2. From 2017 until approximately September 2020, Jeffrey Lowe ("Jeff Lowe") and Lauren Lowe (collectively, the "Lowes"), along with Greater Wynnewood Exotic Animal Park, LLC ("GWEAP, LLC"), operated a roadside zoo in Wynnewood, Oklahoma (the

"Wynnewood Location").[1]  *See Big Cat Rescue*, No. CIV-16-155-SLP, 2020 WL 2842845, at *3 (requiring that the property be vacated 120 days from the June 1, 2020 Order).  Dkt. No. 28-30 at 3-14.

Inspectors from the Animal and Plant Health Inspection Services ("APHIS"), United States Department of Agriculture ("USDA"), performed inspections of the Wynnewood Location on June 22, 2020 and July 8, 2020.  Dkt. No. 28-15; Dkt. No. 28-21.  Reports from those inspections document numerous instances of animals at the facility being provided inadequate food, shelter, and veterinary care in violation of the AWA.  *Id.*  As a result of the documented violations, Jeff Lowe's AWA license was suspended on August 13, 2020.  Dkt. No. 28-29 at 2-3.  On August 17, 2020, the USDA filed an administrative complaint seeking permanent revocation of Jeff Lowe's AWA license and imposition of civil penalties.  Dkt. No. 28-30.  Jeff Lowe voluntarily terminated his AWA license on August 21, 2020.[2]

In an unrelated case, the United States District Court for the Western District of Oklahoma issued an order requiring Defendants to vacate the Wynnewood Location by October 1, 2020.  *See Big Cat Rescue Corp. v. Schreibvogel*, No. CIV-16-155-SLP, 2020 WL 2842845, at *3 (W.D. Okla. June 1, 2020).  The Lowes, along with a business associate Eric Yano ("Yano"), formed Tiger King, LLC for the purpose of marketing their zoo which was to be moved to, and operated from, a location in Thackerville, Oklahoma (the "Thackerville Location").  Dkt. No. 56-3 at 1.

---

[1]  The zoo at the Wynnewood Location, for a period of time, was also operated by Joe Maldonado-Passage, also known as "Joe Exotic," featured in the Netflix® series "Tiger King: Murder, Mayhem and Madness."

[2]  Lauren Lowe does not have a USDA issued AWA exhibitor license; she and Defendant GWEAP, LLC had operated under Jeff Lowe's license.  Dkt. No. 54 at 1.

On November 19, 2020, the United States initiated this case, alleging ongoing ESA and AWA violations and seeking declaratory and injunctive relief. Dkt. No. 2. Specifically, the United States sought an order: (1) declaring that Defendants had violated the ESA and the AWA; (2) enjoining Defendants from interfering with USDA inspections of their properties, exhibiting animals without a license and placing the animals' health and safety at risk; and (3) requiring Defendants to relinquish possession of all ESA protected animals to the United States. *Id.* at 46-47.

On May 6, 2021 and May 17, 2021, two search and seizure warrants, issued by United States Magistrate Judge Steven P. Shreder, were executed. *See* 21-MJ-218, Dkt. No. 7; 21-MJ-244, Dkt. No. 7. Pursuant to these warrants, 68 big cats were seized from the Thackerville Location. *Id.*

On July 12, 2021, Leo, proceeding pro se, submitted a letter to the Court claiming that Defendants were in possession of eight animals that belonged to her: one African Porcupine; one Golden/Black Backed Jackal; two Virginia Opossums; two Fisher Cats; one Arctic Fox; and one Red Fox. Dkt. No. 108 at 1. According to Leo, she arranged to board the animals at the Wynnewood Location in April 2017 and has been trying to effectuate their return since September of 2018.[3] *Id.*; Dkt. No. 118 at 2. On August 26, 2021, Leo filed a motion to intervene in this case, pursuant to Federal Rule of Civil Procedure 24(a).[4] Dkt. No. 118. Meanwhile, on August 18,

---

[3] Leo filed suit against Defendants in 2019 and that case is still pending. Dkt. No. 118 at 2; *Leo v. Lowe et al.*, No. CJ-2019-00089 (Garvin Cty., Okla. 2019).

[4] The United States filed a response to the motion to intervene on September 9, 2021. Dkt. No. 125. Leo requested an extension of time to file a reply in support of the motion. Dkt. No. 135. On September 23, 2021, the Court entered an Order granting Leo leave to file her reply no later than September 30, 2021. Dkt 136. On the reply deadline, Leo filed an amended motion to intervene instead. Dkt. No. 140. The amended motion was stricken for failure to comply with the Court's September 23, 2021 Order. Dkt. No. 141.

2021, Defendants voluntarily relinquished the remaining animals at the Thackerville Location to the custody of the United States.  Dkt. No. 115; Dkt. No. 116.[5]

## II.     LEGAL STANDARD

Under Rule 24(a)(2) of the Federal Rules of Civil Procedure, "a nonparty seeking to intervene as of right must establish (1) timeliness, (2) an interest relating to the property or transaction that is the subject of the action, (3) the potential impairment of that interest, and (4) inadequate representation by existing parties."  *Kane Cty., Utah v. United States*, 928 F.3d 877, 891 (10th Cir. 2019) (internal quotation marks and citation omitted).  The Tenth Circuit follows "a somewhat liberal line in allowing intervention."  *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1198 (10th Cir. 2010) (internal quotation marks and citations omitted). "The factors of Rule 24(a)(2) are intended to capture the circumstances in which the practical effect on the prospective intervenor justifies its participation in the litigation, and those factors are not rigid, technical requirements."  *Id.*

## III.    DISCUSSION

### A.  Timeliness

"The timeliness of a motion to intervene is assessed in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances."  *Kane*, 928 F.3d at 890-91 (internal quotation marks and citation omitted).  "[D]elay in itself does not make a request for intervention untimely."  *Oklahoma ex rel. Edmondson v. Tyson Foods, Inc.*,

---

[5] The United States did not take possession of three dogs that the Lowes kept as pets.  Dkt. No. 116 at 1.

619 F.3d 1223, 1235 (10th Cir. 2010). "The other factors in the test for untimeliness must also be considered." *Id.*

Here, Leo did not address the timeliness of her motion to intervene. *See generally* Dkt. No. 118. Consequently, the Court cannot determine the length of time since she knew of her claimed interest in the case. However, because no scheduling order has been entered and discovery has not commenced, the Court concludes any delay between the time Leo learned of her claimed interest and the time she filed her motion to intervene will not prejudice the parties in this case. Notably, the United States does not argue otherwise.[6] Thus, the first factor considered in determining whether Leo may intervene as of right weighs in favor of intervention.

## B. Leo's Interest in this Litigation; Potential Impairment of that Interest

The Court considers the second and third factors in the intervention as a matter of right analysis together. *Utah Ass'n of Ctys. V. Clinton*, 255 F.3d 1246, 1253 (10th Cir. 2001) (recognizing that "the question of impairment is not separate from the question of the existence of an interest.") (internal quotation marks and citation omitted). To meet the interest requirement, a movant "must have an interest that could be adversely affected by the litigation." *San Juan Cty., Utah v. United States*, 503 F.3d 1163, 1199 (10th Cir. 2007). The Court applies "practical judgment" when "determining whether the strength of the interest and the potential risk of injury to that interest justify intervention." *Id.*

---

[6] The United States points out that by failing to address the timeliness of her motion to intervene, Leo has not met her burden to demonstrate that the motion is timely. Dkt. No. 125 at 3 n. 4. However, the United States does not argue that the motion is untimely or that any prejudice would result from a delay in the motion's filing. *Id.* The Court also notes that Defendants, by failing to respond to the motion to intervene, have waived their right to object to its timeliness. *See* LCvR 7.1(d) ("Each party opposing a motion or objection shall file with the Court Clerk and serve upon all other parties a response within fourteen (14) days, if applicable, from the date the motion or objection was filed . . . In the discretion of the Court, any nondispositive motion or objection which is not opposed within fourteen (14) days may be deemed confessed.").

5

Leo claims that she has an interest in the outcome of this litigation because she owns eight exotic animals that have been boarded at Defendants' Wynnewood and Thackerville Locations. Dkt. No. 108 at 1-2; Dkt. No. 118 at 1-2. In support of her claim, Leo has submitted:

1.  Facebook messages between Leo and Joseph Maldonado-Passage ("Maldonado-Passage") regarding arrangements to transport and board exotic animals in 2017 [Dkt. No. 108 at 9-24];[7]

2.  an affidavit by Maldonado-Passage regarding his agreement with Leo to transport and board exotic animals at the Wynnewood Location in 2017 [Id. at 26-31];[8]

3.  Facebook messages Leo claims to have exchanged with the Lowes [Id. at 32-35];

4.  text messages Leo claims to have exchanged with a transport company regarding the transport of exotic animals to the Wynnewood Location [Id. at 36-37];

5.  documents Leo identifies as "Evidence of Ownership African Crested Porcupine/African Cape Porcupine," which include: an advertisement for the sale of a male African Crested Porcupine; emails purportedly between Leo and the seller of an African Crested Porcupine; a Facebook comment in which Leo claims to own one of the porcupines exhibited at the Wynnewood Location; and a copy of a Paypal transaction history showing three outgoing payments from "Caring for Cottontails Wildlife Rescue & Rehabilitation, Inc." [Id. at 38-44];

6.  documents Leo identifies as "Evidence of Ownership Black-backed Jackal/Golden Jackal," which include: an advertisement for the sale of three Black Back Jackals; emails purportedly between Leo and the seller of a female Jackal; a still frame image purportedly from a video of a Jackal; a copy of a Paypal transaction history showing three outgoing payments and one credit to "Primate Babies;" and a Delta Airlines waybill for the transportation of one Jackal from "Exotics Unlimited" to Leo on May 12, 2016 [Id. at 45-56];

7.  documents Leo identifies as "Evidence of Ownership Virginia Opossums," which include emails purportedly between Leo and an individual named Jan regarding two Opossums [Id. at 58-59];

---

[7] In an affidavit also submitted by Leo, Maldonado-Passage attests to authoring the Facebook messages submitted. Dkt. No. 108 at 26-31.

[8] A duplicate copy of Maldonado-Passage's affidavit was submitted and docketed at Dkt. No. 108 at 92-97.

6

8. documents Leo identifies as "Evidence of Ownership Fisher Cats", which include: emails purportedly between Leo and the seller of two Fisher Cats; an illegible document that appears to be a veterinary certificate; a document dated November 29, 2014 (referencing two Fisher Cats and listing two addresses, two phone numbers, and two USDA exhibitor license numbers); and one photograph of a Fisher Cat [*Id.* at 60-75];

9. documents Leo identifies as "Evidence of Ownership Arctic Fox", which include photographs of an Arctic Fox and a Facebook post by Leo regarding an Arctic Fox [*Id.* at 76-79];

10. documents Leo identifies as "Evidence of Ownership Red Fox", which include photographs of a Red Fox and a Facebook post by Leo regarding a Red Fox [*Id.* at 80-84];

11. copies of Leo's USDA exhibitor licenses from 2018-2021 [*Id.* at 85-89]; and

12. an APHIS inspection report indicating that on April 21, 2016, Leo was in possession of six Virginia Opossums, one (African) Cape Porcupine, two Fisher Cats, one Arctic Fox, and twelve Red Foxes [*Id.* at 90-91].[9]

This evidence shows that, beginning on April 20, 2017, one African Crested Porcupine, one Black Backed Jackal, two Virginia Opossums, one Fisher Cat, one Arctic Fox, and one Red Fox, owned by Leo were boarded at the Wynnewood Location. *Id.* at 27. The United States acknowledges that, of the animals surrendered by Defendants at the Thackerville Location on August 18, 2021, three match the general description of the animals identified above; one African Crested Porcupine, one Jackal, and one Fisher Cat. Dkt. No. 125 at 5. However, other than the animals' species, Leo has not provided the Court with any identifying information that would allow it to determine whether the animals boarded for her in April 2017 at the Wynnewood Location are the same animals surrendered to the United States in 2021 from the Thackerville location. Moreover, the record in this case makes clear that Defendants regularly acquire and dispose of

---

[9] The APHIS inspection report also indicates that Ms. Leo was in possession of two North American Porcupines, one Groundhog/Woodchuck, two Eastern Grey Squirrels, one Shadow Chipmunk, and one American Badger, which are not relevant for purposes of Ms. Leo's motion to intervene. Dkt. No. 108 at 91.

exotic animals without maintaining complete or accurate records.  Dkt. No. 28-27; Dkt. No. 28-35; Dkt. No. 72 at 3-4; Dkt. No. 83 at 3-5; Dkt. No. 93 at 2-3; Dkt. No. 137 at 3-9.  Without information linking Leo's animals to those now in the United States' custody, Leo has not sufficiently demonstrated an interest that would be adversely affected by this litigation.  *See San Juan Cty.*, 503 F.3d at 1199.  Applying "practical judgment," the Court concludes that the strength of Leo's claimed interest and any potential impairment of that interest is too speculative to justify intervention in this case.  *See id.*  Indeed, Leo has not provided the Court with any evidence that any interest she might have would be impaired by a decision in this case.  In light of this conclusion, the Court need not address the fourth factor in the intervention as of right analysis—whether Leo's interest is adequately represented by the existing parties in the case.

THEREFORE, IT IS ORDERED that Leo's motion to intervene [Dkt. No. 118], is **DENIED**.

IT IS FURTHER ORDERED that future submissions sent by email to the clerk by Leo, a non-party to this litigation, will not be filed in this case.

Dated this 6th day of October 2021.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

8



## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

NOV 1 0 2021

PATRICK KEANEY
Clerk, U.S. District Court

By_____
Deputy Clerk

UNITED STATES OF AMERICA,

      Plaintiff-Appellant,

      v.

JEFFREY LOWE, LAUREN LOWE, GREATER
WYNNEWOOD EXOTIC ANIMAL PARK, LLC,
and TIGER KING, LLC,

      Defendants.

D.C. Case No. 20-cv-00423-JFH

Appellate Dkt. No.: _____

CARRIE M. LEO

      Plaintiff-Intervenor-Appellant,

      v.

THE UNITED STATES OF AMERICA,
JEFFREY LOWE and LAUREN LOWE,

      Defendants-in-Intervention.

## NOTICE OF APPEAL

**NOTICE IS HEREBY GIVEN** pursuant to **Rules 3 and 4** of the *Federal Rules of Appellate Procedure* that the Plaintiff-Intervenor, Carrie M. Leo, in the above-named case, hereby appeals to the United States Court of Appeals for the Tenth Circuit from the entire decision and order of this Court (DE 118) signed, filed, and entered on the 6th day of October 2021.

A *Motion for Leave to File a Motion for Reconsideration* and a *Motion for Reconsideration* will be filed soon. Should said motions be granted and Appellant is afforded an opportunity to intervene in the instant action, this notice will be withdrawn.

In the event that this form was not received in the Clerk's Office within the required time, an extension of time in accordance with FRAP 4(a)(5) is requested

1

since the Notice was sent out plenty ahead of time for its arrival to the Clerk to be on

time.

Date: <u>November 1, 2021</u>

Carrie M. Leo, *Appellant pro se*
*3199 Walworth Road*
*Walworth, NY 14568*
*(315) 538-8316*

## CERTIFICATE OF SERVICE

I do hereby certify that, on this 1st day of November 2021, a true and correct copy of the foregoing *Notice of Appeal* for the case captioned *U.S.A. v Lowe* and numerically identified as 6:2020-cv-00423-JFH was served upon counsel of record for the plaintiff, Mary Hollingsworth and Briena Strippoli, of the U.S. Department of Justice, and counsel of record for the defendant, Mr. May, by way of each's respective email addresses as well as by the U.S. Mail, postage pre-paid, to each's office address listed below. The U.S. District Court for the District of Eastern Oklahoma was also served via USPS certified mail numerically identified by #7021 0350 0002 1877 0751 with return receipt numerically identified by #9590 9402 6639 1060 5398 71.

**VIA USPS AND VIA EMAIL** mary.hollingsworth@usdoj.gov
**MARY HOLLINGSWORTH**
Senior Trial Attorney
(303) 844-1898
US Attorney (CO-Denver)
999 18th St, S Terrace, Ste 370
Denver, CO 80202
mary.hollingsworth@usdoj.gov | (202) 598-1042

**VIA USPS AND EMAIL** briena.strippoli@usdoj.gov
**BRIENA L. STRIPPOLI**
Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
Wildlife & Marine Resources Section
P O Box 7611, Ben Franklin Station
Washington, DC 20044-7611
US Department of Justice (Civil-Commercial & Federal Programs)
1100 L St, NW
Washington, DC 20530
briana.strippoli@usdoj.gov | (202) 598-0412
Fax: (202) 305-0275
***Attorneys for Plaintiff the United States of America***

**VIA USPS AND EMAIL** jasonmayesq@yahoo.com
JASON D. MAY, ESQ.
MAY LAW OFFICE
9 W. Main Street
Ardmore, OK 73401
580-223-9184
580-798-3118 (fax)
jasonmayesq@yahoo.com
***Attorney of record for the***
***defendants Jeffrey & Lauren Lowe***

Carrie M. Leo, *Appellant pro se*
3199 Walworth Road
Walworth, NY 14568
(315) 538-8316
carrieleo15@gmail.com

4

# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**

**Case No. 20-cv-0423-JFH**

**JEFFREY LOWE, LAUREN LOWE,**
**GREATER WYNNEWOOD EXOTIC**
**ANIMAL PARK, LLC, and TIGER KING,**
**LLC,**

        **Defendants.**

## OPINION AND ORDER

This matter is before the Court on the motion to intervene, filed by Carrie M. Leo ("Leo"),

proceeding pro se. Dkt. No. 118.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

This case arises from alleged violations by Defendants of the Endangered Species Act, 16

U.S.C. §§ 1531-44, ("ESA") and the Animal Welfare Act, 7 U.S.C. §§ 2131-59, ("AWA"). *See*

*generally* Dkt. No. 2. From 2017 until approximately September 2020, Jeffrey Lowe ("Jeff

Lowe") and Lauren Lowe (collectively, the "Lowes"), along with Greater Wynnewood Exotic

Animal Park, LLC ("GWEAP, LLC"), operated a roadside zoo in Wynnewood, Oklahoma (the

"Wynnewood Location").[1] *See Big Cat Rescue*, No. CIV-16-155-SLP, 2020 WL 2842845, at *3 (requiring that the property be vacated 120 days from the June 1, 2020 Order). Dkt. No. 28-30 at 3-14.

Inspectors from the Animal and Plant Health Inspection Services ("APHIS"), United States Department of Agriculture ("USDA"), performed inspections of the Wynnewood Location on June 22, 2020 and July 8, 2020. Dkt. No. 28-15; Dkt. No. 28-21. Reports from those inspections document numerous instances of animals at the facility being provided inadequate food, shelter, and veterinary care in violation of the AWA. *Id*. As a result of the documented violations, Jeff Lowe's AWA license was suspended on August 13, 2020. Dkt. No. 28-29 at 2-3. On August 17, 2020, the USDA filed an administrative complaint seeking permanent revocation of Jeff Lowe's AWA license and imposition of civil penalties. Dkt. No. 28-30. Jeff Lowe voluntarily terminated his AWA license on August 21, 2020.[2]

In an unrelated case, the United States District Court for the Western District of Oklahoma issued an order requiring Defendants to vacate the Wynnewood Location by October 1, 2020. *See Big Cat Rescue Corp. v. Schreibvogel*, No. CIV-16-155-SLP, 2020 WL 2842845, at *3 (W.D. Okla. June 1, 2020). The Lowes, along with a business associate Eric Yano ("Yano"), formed Tiger King, LLC for the purpose of marketing their zoo which was to be moved to, and operated from, a location in Thackerville, Oklahoma (the "Thackerville Location"). Dkt. No. 56-3 at 1.

---

[1] The zoo at the Wynnewood Location, for a period of time, was also operated by Joe Maldonado-Passage, also known as "Joe Exotic," featured in the Netflix® series "Tiger King: Murder, Mayhem and Madness."

[2] Lauren Lowe does not have a USDA issued AWA exhibitor license; she and Defendant GWEAP, LLC had operated under Jeff Lowe's license. Dkt. No. 54 at 1.

2

On November 19, 2020, the United States initiated this case, alleging ongoing ESA and AWA violations and seeking declaratory and injunctive relief. Dkt. No. 2. Specifically, the United States sought an order: (1) declaring that Defendants had violated the ESA and the AWA; (2) enjoining Defendants from interfering with USDA inspections of their properties, exhibiting animals without a license and placing the animals' health and safety at risk; and (3) requiring Defendants to relinquish possession of all ESA protected animals to the United States. *Id.* at 46-47.

On May 6, 2021 and May 17, 2021, two search and seizure warrants, issued by United States Magistrate Judge Steven P. Shreder, were executed. *See* 21-MJ-218, Dkt. No. 7; 21-MJ-244, Dkt. No. 7. Pursuant to these warrants, 68 big cats were seized from the Thackerville Location. *Id.*

On July 12, 2021, Leo, proceeding pro se, submitted a letter to the Court claiming that Defendants were in possession of eight animals that belonged to her: one African Porcupine; one Golden/Black Backed Jackal; two Virginia Opossums; two Fisher Cats; one Arctic Fox; and one Red Fox. Dkt. No. 108 at 1. According to Leo, she arranged to board the animals at the Wynnewood Location in April 2017 and has been trying to effectuate their return since September of 2018.[3] *Id.*; Dkt. No. 118 at 2. On August 26, 2021, Leo filed a motion to intervene in this case, pursuant to Federal Rule of Civil Procedure 24(a).[4] Dkt. No. 118. Meanwhile, on August 18,

---

[3] Leo filed suit against Defendants in 2019 and that case is still pending. Dkt. No. 118 at 2; *Leo v. Lowe et al.*, No. CJ-2019-00089 (Garvin Cty., Okla. 2019).

[4] The United States filed a response to the motion to intervene on September 9, 2021. Dkt. No. 125. Leo requested an extension of time to file a reply in support of the motion. Dkt. No. 133. On September 23, 2021, the Court entered an Order granting Leo leave to file her reply no later than September 30, 2021. Dkt 136. On the reply deadline, Leo filed an amended motion to intervene instead. Dkt. No. 140. The amended motion was stricken for failure to comply with the Court's September 23, 2021 Order. Dkt. No. 141.

2021, Defendants voluntarily relinquished the remaining animals at the Thackerville Location to the custody of the United States. Dkt. No. 115; Dkt. No. 116.[5]

## II.    LEGAL STANDARD

Under Rule 24(a)(2) of the Federal Rules of Civil Procedure, "a nonparty seeking to intervene as of right must establish (1) timeliness, (2) an interest relating to the property or transaction that is the subject of the action, (3) the potential impairment of that interest, and (4) inadequate representation by existing parties." *Kane Cty., Utah v. United States*, 928 F.3d 877, 891 (10th Cir. 2019) (internal quotation marks and citation omitted). The Tenth Circuit follows "a somewhat liberal line in allowing intervention." *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1198 (10th Cir. 2010) (internal quotation marks and citations omitted). "The factors of Rule 24(a)(2) are intended to capture the circumstances in which the practical effect on the prospective intervenor justifies its participation in the litigation, and those factors are not rigid, technical requirements." *Id.*

## III.   DISCUSSION

### A. Timeliness

"The timeliness of a motion to intervene is assessed in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances." *Kane*, 928 F.3d at 890-91 (internal quotation marks and citation omitted). "[D]elay in itself does not make a request for intervention untimely." *Oklahoma ex rel. Edmondson v. Tyson Foods, Inc.*,

---

[5] The United States did not take possession of three dogs that the Lowes kept as pets. Dkt. No. 116 at 1.

619 F.3d 1223, 1235 (10th Cir. 2010). "The other factors in the test for untimeliness must also be considered." *Id.*

Here, Leo did not address the timeliness of her motion to intervene. *See generally* Dkt. No. 118. Consequently, the Court cannot determine the length of time since she knew of her claimed interest in the case. However, because no scheduling order has been entered and discovery has not commenced, the Court concludes any delay between the time Leo learned of her claimed interest and the time she filed her motion to intervene will not prejudice the parties in this case. Notably, the United States does not argue otherwise.[6] Thus, the first factor considered in determining whether Leo may intervene as of right weighs in favor of intervention.

## B. Leo's Interest in this Litigation; Potential Impairment of that Interest

The Court considers the second and third factors in the intervention as a matter of right analysis together. *Utah Ass'n of Ctys. V. Clinton*, 255 F.3d 1246, 1253 (10th Cir. 2001) (recognizing that "the question of impairment is not separate from the question of the existence of an interest.") (internal quotation marks and citation omitted). To meet the interest requirement, a movant "must have an interest that could be adversely affected by the litigation." *San Juan Cty., Utah v. United States*, 503 F.3d 1163, 1199 (10th Cir. 2007). The Court applies "practical judgment" when "determining whether the strength of the interest and the potential risk of injury to that interest justify intervention." *Id.*

---

[6] The United States points out that by failing to address the timeliness of her motion to intervene, Leo has not met her burden to demonstrate that the motion is timely. Dkt. No. 125 at 3 n. 4. However, the United States does not argue that the motion is untimely or that any prejudice would result from a delay in the motion's filing. *Id.* The Court also notes that Defendants, by failing to respond to the motion to intervene, have waived their right to object to its timeliness. *See* LCvR 7.1(d) ("Each party opposing a motion or objection shall file with the Court Clerk and serve upon all other parties a response within fourteen (14) days, if applicable, from the date the motion or objection was filed . . . In the discretion of the Court, any nondispositive motion or objection which is not opposed within fourteen (14) days may be deemed confessed.").

5

Leo claims that she has an interest in the outcome of this litigation because she owns eight

exotic animals that have been boarded at Defendants' Wynnewood and Thackerville Locations.

Dkt. No. 108 at 1-2; Dkt. No. 118 at 1-2. In support of her claim, Leo has submitted:

1. Facebook messages between Leo and Joseph Maldonado-Passage ("Maldonado-Passage") regarding arrangements to transport and board exotic animals in 2017 [Dkt. No. 108 at 9-24];[7]

2. an affidavit by Maldonado-Passage regarding his agreement with Leo to transport and board exotic animals at the Wynnewood Location in 2017 [*Id.* at 26-31];[8]

3. Facebook messages Leo claims to have exchanged with the Lowes [*Id.* at 32-35];

4. text messages Leo claims to have exchanged with a transport company regarding the transport of exotic animals to the Wynnewood Location [*Id.* at 36-37];

5. documents Leo identifies as "Evidence of Ownership African Crested Porcupine/African Cape Porcupine," which include: an advertisement for the sale of a male African Crested Porcupine; emails purportedly between Leo and the seller of an African Crested Porcupine; a Facebook comment in which Leo claims to own one of the porcupines exhibited at the Wynnewood Location; and a copy of a Paypal transaction history showing three outgoing payments from "Caring for Cottontails Wildlife Rescue & Rehabilitation, Inc." [*Id.* at 38-44];

6. documents Leo identifies as "Evidence of Ownership Black-backed Jackal/Golden Jackal," which include: an advertisement for the sale of three Black Back Jackals; emails purportedly between Leo and the seller of a female Jackal; a still frame image purportedly from a video of a Jackal; a copy of a Paypal transaction history showing three outgoing payments and one credit to "Primate Babies;" and a Delta Airlines waybill for the transportation of one Jackal from "Exotics Unlimited" to Leo on May 12, 2016 [*Id.* at 45-56];

7. documents Leo identifies as "Evidence of Ownership Virginia Opossums," which include emails purportedly between Leo and an individual named Jan regarding two Opossums [*Id.* at 58-59];

---

[7] In an affidavit also submitted by Leo, Maldonado-Passage attests to authoring the Facebook messages submitted. Dkt. No. 108 at 26-31.

[8] A duplicate copy of Maldonado-Passage's affidavit was submitted and docketed at Dkt. No. 108 at 92-97.

8. documents Leo identifies as "Evidence of Ownership Fisher Cats", which include: emails purportedly between Leo and the seller of two Fisher Cats; an illegible document that appears to be a veterinary certificate; a document dated November 29, 2014 (referencing two Fisher Cats and listing two addresses, two phone numbers, and two USDA exhibitor license numbers); and one photograph of a Fisher Cat [*Id.* at 60-75];

9. documents Leo identifies as "Evidence of Ownership Arctic Fox", which include photographs of an Arctic Fox and a Facebook post by Leo regarding an Arctic Fox [*Id.* at 76-79];

10. documents Leo identifies as "Evidence of Ownership Red Fox", which include photographs of a Red Fox and a Facebook post by Leo regarding a Red Fox [*Id.* at 80-84];

11. copies of Leo's USDA exhibitor licenses from 2018-2021 [*Id.* at 85-89]; and

12. an APHIS inspection report indicating that on April 21, 2016, Leo was in possession of six Virginia Opossums, one (African) Cape Porcupine, two Fisher Cats, one Arctic Fox, and twelve Red Foxes [*Id.* at 90-91].[9]

This evidence shows that, beginning on April 20, 2017, one African Crested Porcupine, one Black Backed Jackal, two Virginia Opossums, one Fisher Cat, one Arctic Fox, and one Red Fox, owned by Leo were boarded at the Wynnewood Location. *Id.* at 27. The United States acknowledges that, of the animals surrendered by Defendants at the Thackerville Location on August 18, 2021, three match the general description of the animals identified above; one African Crested Porcupine, one Jackal, and one Fisher Cat. Dkt. No. 125 at 5. However, other than the animals' species, Leo has not provided the Court with any identifying information that would allow it to determine whether the animals boarded for her in April 2017 at the Wynnewood Location are the same animals surrendered to the United States in 2021 from the Thackerville location. Moreover, the record in this case makes clear that Defendants regularly acquire and dispose of

---

[9] The APHIS inspection report also indicates that Ms. Leo was in possession of two North American Porcupines, one Groundhog/Woodchuck, two Eastern Grey Squirrels, one Shadow Chipmunk, and one American Badger, which are not relevant for purposes of Ms. Leo's motion to intervene. Dkt. No. 108 at 91.

7

exotic animals without maintaining complete or accurate records. Dkt. No. 28-27; Dkt. No. 28-35; Dkt. No. 72 at 3-4; Dkt. No. 83 at 3-5; Dkt. No. 93 at 2-3; Dkt. No. 137 at 3-9. Without information linking Leo's animals to those now in the United States' custody, Leo has not sufficiently demonstrated an interest that would be adversely affected by this litigation. *See San Juan Cty.*, 503 F.3d at 1199. Applying "practical judgment," the Court concludes that the strength of Leo's claimed interest and any potential impairment of that interest is too speculative to justify intervention in this case. *See id.* Indeed, Leo has not provided the Court with any evidence that any interest she might have would be impaired by a decision in this case. In light of this conclusion, the Court need not address the fourth factor in the intervention as of right analysis—whether Leo's interest is adequately represented by the existing parties in the case.

**THEREFORE, IT IS ORDERED** that Leo's motion to intervene [Dkt. No. 118], is **DENIED**.

**IT IS FURTHER ORDERED** that future submissions sent by email to the clerk by Leo, a non-party to this litigation, will not be filed in this case.

Dated this 6th day of October 2021.

_Jal + Wem_

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

8

37

**Carrie M. Leo**
3199 Walworth Road
Walworth, NY 14568
(315) 538-8316
carrieleo15@gmail.com

November 1, 2021

**VIA USPS CERTIFIED MAIL #7021 0350 0002 1877 0751**
**WITH RETURN RECEIPT #9590 9402 6639 1060 5398 71**
**ATTN:** Patrick Kearney - Court/Law Clerk, Chambers of Judge F. Heil
U.S. District Court for the Eastern District of Oklahoma
Ed Edmondson United States Courthouse
101 North Fifth Street
Muskogee, OK 74401-6205
ph: (918) 684-7940

**RE: *U.S.A. v Lowe 6:2020-cv-00423***

Dear Mr. Kearney ,

Enclosed for filing please find a *Motion for Leave to File a Motion for Reconsideration*, a *Motion for Reconsideration* and a *Notice of Appeal* and its supporting affidavit with Exhibits for the Court of Appeals of the Tenth Circuit.

Please feel free to contact me should you have any questions or concerns. Thank you for your assistance in this matter.

Sincerely,

Carrie M. Leo
*Plaintiff-Appellant*

enclosures

cc: **VIA USPS AND EMAIL**
Mary Hollingsworth
(303) 844-1898
US Attorney (CO-Denver)
999 18th St, S Terrace Ste 370
Denver, CO 80202
(303) 844-1898
mary.hollingsworth@usdoj.gov
*ATTORNEY OR RECORD FOR THE*
*PLAINTIFF U.S.A.*

**VIA USPS AND EMAIL**
Briena L. Strippoli
Department of Justice
Environment and Nat'l Resources Division
PO Box 76110
Washington, DC 20044
(202) 598-0412
briana.strippoli@usdoj.gov
*ATTORNEY OR RECORD FOR THE*
*PLAINTIFF U.S.A.*

**VIA USPS AND EMAIL**
JASON D. MAY, ESQ.
May Law Office
9 W. Main Street
Ardmore, OK 73401
580-223-9184
580-798-3118 (fax)
jasonmayesq@yahoo.com
*ATTORNEY OF RECORD FOR THE*
*DEFENDANTS JEFFREY & LAUREN LOWE*

*"An injustice committed against one person threatens all of us."*

38

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

                             Plaintiff,

        v.

JEFFREY LOWE, LAUREN LOWE, GREATER
WYNNEWOOD EXOTIC ANIMAL PARK, LLC,
and TIGER KING, LLC,

                             Defendants.

Case No. 20-cv-00423-JFH

CARRIE M. LEO

                    Plaintiff-Intervenor,

        v.

THE UNITED STATES OF AMERICA,
JEFFREY LOWE and LAUREN LOWE,

            Defendants-in-Intervention.

**MOTION FOR LEAVE
TO FILE MOTION FOR
RECONSIDERATION**

**MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION
REGARDING MOTION TO INTERVENE AS INTERESTED PARTY**

------------------------------------------------------------------------------------------------------------

       The undersigned party seeking to intervene was denied the entitlement of intervention by

order of this Court dated October 6, 2021, docket entry #142. The undersigned pro se party has

duly and thoughtfully reviewed, researched, and considered the Court's order and would move

this court to reconsider its interlocutory ruling based on the foregoing legal authority set forth in

order #142.

    1. The trial court stated in its order that it expected a "Reply" from the undersigned, and

       *not* an amended Motion. For this lapse on the undersigned's part, it was an unintended

       mistake. A humble apology is offered to the Court for this lapse.

       The Court cited to two (2) cases which constitute the uniform authority in the 10th

       Circuit regarding a party's entitlement to intervene. Proceeding with the verbatim,

       heart, spirit, and words of the Court's cited authority, specifically, *WildEarth*

1

*Guardians v National Park Service*, 604 F. 3d 1192 (10th Cir. 2010), the undersigned's request to said entitlement is wholly consistent with the authority.

2. Parties are apt to provide the Court with interpretations from cited cases. Quotes from the foregoing case will be provided as an easy means for the Court's edification. In asking the Court to reconsider this matter, the short of it is that I bought, own, have the documents/paperwork as to certain exotic animals and there are no denials of fact by the United States or the Defendants, Jeffrey Lowe and Lauren Lowe as to my claims. The Lowes do not presently have them nor do they assert a superior claim over my own nor have they asked for my claimed animals to be returned to them. The United States, the Plaintiff in this matter, has affirmed that it *does* have 3 animals that match the descriptions that I gave of my animals.

My request to intervene is to ONLY to get back my own animals, that I outright own. This Court is asked to reconsider the authority it relied upon in the order, DE#142, as it should be *stare decisis*, and therefore wholly determinative of this issue.

3. People in the 10th Circuit have been granted the right to intervene in national forestry cases when they have sought to be allowed the right/entitlement to participate in hunting elk in national forestry matters. Nicely put, a group of people who did not own a single antler on any of the heads of the elk in Rocky Mountain National Park did not agree with the way the National Park Services' planned to thin the elk herd. The Court said they (the Safari Club) had a **right** to intervene regardless of possible later/subsequent administrative proceedings. Taken directly from the case.

2

> *Safari Club moved to intervene as a defendant in WildEarth's suit against the NPS. In its motion to intervene and supporting memorandum, Safari Club elaborated on its interest in supporting the NPS's elk management plan, including*
>
> *(1) its endorsement of sustainable use wildlife management and conservation techniques,*
>
> *(2) its members' interests in hunting and otherwise enjoying wildlife in and near RMNP,*
>
> *(3) its approval of the use of volunteers in culling activities, and (4) its desire to prevent gray wolves from being used to control RMNP's elk population*

4. In the *WildEarth* Court's explanation of how it came to review the appeal of the Safari Club, it identifies the case of *Coal. of Ariz./N.M. Counties for Stable Econ. Growth v. DOI,* 100 F.3d 837, 839 (10th Cir.1996). In this case, the 10th Circuit said, "yes", you can intervene to argue for the protection of the Mexican Spotted Owl, and it does not matter that some kind of administrative process "might" later help you if you are not allowed to intervene. *WildEarth* at 1199-1200:

> *"In Coalition, we likewise held that the impairment element was satisfied, at least in part, based on environmental concerns. In that case, the prospective intervenor had a cognizable interest in the protection of the Mexican Spotted Owl. See Coalition, 100 F.3d at 838-39, 844. We found that interest would be impaired if the plaintiff was granted the relief it requested in its complaint-a declaration that the government failed to conduct a sufficient assessment of the owl's condition and an injunction removing the owl from the endangered species list. See id. at 844. In so concluding, we explained: The appellant could submit a new petition to protect the [o]wl; however, he would, "as a practical matter," be impaired by the stare decisis effect of the district court's decision."*

5. The 10th Circuit has considered the Mexican Spotted Owl, and whether or not its environment "might" be harmed, to be enough of a worthy basis to intervene. The

3

41

10th Circuit has considered whether hunters should be able to hunt and influence the Nat'l Park Services plan to thin out the abundant elk in a US national forest and concluded that it too was a worthy basis to intervene. The reason is that this standard is supposed to be "liberal". Not to assume that it is a liberal standard, but rather to lift the exact words from the case: "*We follow a somewhat liberal line in allowing intervention.: Wild Earth Guardians v. USFS, 573 F.3d 992, 995 10th Cir.2010).*

6. The next point from the case authority identifies as critical is the intervenor's interest and whether the trial court could dispose of all that issues with all of the interested parties assembled for handling it. In this case, the trial court need only allow me to look at the 3 animals the Plaintiff, the United States, agrees that it has that match my property/animal descriptions. Of course, the trial court could rule that I could go see these animals, where they are assembled, and if necessary take a Magistrate, third party, or collect photographic evidence in case the Plaintiff disputes animal markings, color, patterns, or other identifiable traits. This is clearly the easiest means for disposing of this matter. Doing so, at this time while these animals are at the Plaintiff's holding facility BEFORE any further separation or potential loss occurs, is the simple solution. Verbatim from *WildEarth* at 1198:

> "The 'interest' element is "a practical guide to disposing of lawsuits by involving as many apparently concerned persons **as is compatible with efficiency and due process**." The movant's claimed interest is measured in terms of its relationship to the property or transaction that is the subject of the action, not in terms of the particular issue before the district court." See *Utah Ass'n of Counties v. Clinton,* 255 F.3d 1246, 1252 (10th Cir.2001).

7. On pages 10-11 of the Court's order, DE #142, the only reason offered by the trial

court was that despite all of the photos, emails, pictures, receipts, and other items as set forth in the Court's order on pgs. 6-7, twelve (12) different enumerated items in support of these animals being owned by me, that the undersigned lacked additional convincing evidence about animals that have been unlawfully withheld from me since 2017. Said just a bit differently, someone has their 5 prized thoroughbred horses seized or taken in 2017, and though that person/party knows who has them, where they are, and they have shown that their horses have been kept away from them for four (4) years, the Intervenor should be able to offer still better more contemporaneous evidence and descriptions about horses not seen in 4 years…..
Extending this analogy, if a child was taken from a natural/biological parent 4 years ago, would the parent, an Intervenor, be denied the chance to get their child back because they cannot show more contemporaneous up-to-date photographs and evidence of their own child which they have not seen or been in the presence of in 4 years' time? Again, the idea and standard is "Liberal".

8. This Court determined that a flight and/or a hotel for an overnight stay, at my own expense, travel to the Plaintiff's facility to see 3 potential animals that are very likely mine, is too speculative, and therefore I have relinquished, abandoned, or otherwise lost my property by *de facto* adjudication. The jackal is a species which comprises less than 1% of AWA licensees animals. What are the odds the Lowes/Defendant zookeepers traded my jackal for another jackal, and therefore this same jackal taken by the Plaintiff/USA from the Lowes is probably mine?

9. These odds, in juxtaposition with my interests, are at least as clear as the desire to hunt over-populated elk or wanting to protect the Mexican Spotted Owl. Yet the desire to want to hunt elk or keep a Mexican Spotted Owl's environment unchanged

and/or keep the species name on the "Endangered Species" list *WAS* a sufficient interest. Following this legal precedent of *WildEarth* is *stare decisis*.

10. Lastly, the final pages of *WildEarth* made it clear that since the Plaintiff, the United States, has identified 3 possible/potential animals that might be mine, because they are the type/breed and were received from the Defendants, the UnitedStates can now do nothing more to protect my interest. Intervention is about theparty asking to intervene, being allowed to intervene because no other party or entity will or intends to protect the interests at stake and/or in jeopardy. The Defendants kept the undersigned's animals away from her without a legal or a lawful basis then relinquished them to the United States. The Lowes will not protect my interest in my property rights. That only leaves the Plaintiff to possibly protect my interest. *WildEarth* at 1200, below, says that is inadequate for me: "*We have repeatedly recognized that it is "on its face impossible" for a government agency to carry the task of protecting the public's interests and the private interests of a prospective intervenor*." Id.; See also *WildEarth Guardians,* 573 F.3d at 996; *Clinton,* 255 F.3d at 1255. Where a government agency may be placed in the position ofdefending both public and private interests, the burden of showing inadequacy of representation *is satisfied*.

11. The undersigned will be compelled to file an appeal directly to the 10th Circuit by November 6, 2021, if the order, docket entry #141, remains as it presently stands. With just 60 words, this Court need only say, "this Court orders the Plaintiff to provide a time and location within 30 days for Carrie Leo to be put in direct proximity with the three (3) animals-at her own cost and expense. If the Plaintiff and Ms. Leo agree they are her animals, then for them to be immediately relinquished to

6

her within 5 calendar days' time". If this Court would kindly consider the simplicity and reasonableness of my request prior to November 6, 2021, this would alleviate the need to continuing doing so much when the finish line is right there in sight. Examining and collecting the grounds that may support my ownership of these three (3) particular animals is no burden at all to me, and my interests align with the case that governs non-parties right to intervene.

The *Motion for Reconsideration* is attached as ***Exhibit 1***. Plaintiff asks this Court to allow the attached *Exhibit 1* be duly accepted, and rule on said Motion in expeditious fashion since it is unlikely that any of the parties' facts, relative to this Motion to Intervene, have changed.

Dated: <u>November 1, 2021</u>

Carrie M. Leo, Intervenor-*Plaintiff, Pro Se*
3199 Walworth Road
Walworth, New York 14568
(315) 538-8316 | carrieleo15@gmail.com

7

## CERTIFICATE OF SERVICE

I do hereby certify that, on this 3rd day of November, 2021, a true and correct copy of the foregoing motion for the case captioned *U.S.A. v Lowe,* distinguished by the alpha-numeric identifier 6:2020-cv-00423-JFH, was served upon counsel of record for the plaintiff, Mary Hollingsworth and Briena Strippoli, and counsel of record for the defendant, Jason Day, by way of each's respective email addresses as well as by the U.S. Mail, postage pre-paid, to each's office address listed below. The U.S. District Court for the District of Eastern Oklahoma was also served via USPS certified mail numerically identified by #**7021 0350 0002 1877 0751** with return receipt numerically identified by #**9590 9402 6639 1060 5398 71**.

**VIA USPS AND VIA EMAIL** mary.hollingsworth@usdoj.gov
**MARY HOLLINGSWORTH**
Senior Trial Attorney
(303) 844-1898
US Attorney (CO-Denver)
999 18th St, S Terrace, Ste 370
Denver, CO 80202
mary.hollingsworth@usdoj.gov

**VIA USPS AND EMAIL** briena.strippoli@usdoj.gov
**BRIENA L. STRIPPOLI**
Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
Wildlife & Marine Resources Section
P O Box 7611, Ben Franklin Station
Washington, DC 20044-7611
US Department of Justice (Civil-Commercial & Federal Programs)
1100 L St, NW
Washington, DC 20530
briana.strippoli@usdoj.gov | (202) 598-0412
Fax: (202) 305-0275
*Attorneys for Plaintiff the United States of America*

**VIA USPS AND EMAIL** jasonmayesq@yahoo.com
JASON D. MAY, ESQ.
MAY LAW OFFICE
9 W. Main Street
Ardmore, OK 73401
580-223-9184
580-798-3118 (fax)
jasonmayesq@yahoo.com
*Attorney of record for the*
*defendants Jeffrey & Lauren Lowe*

Carrie M. Leo, *Appellant pro se*
3199 Walworth Road
Walworth, NY 14568
(315) 538-8316
carrieleo15@gmail.com

4

# EXHIBIT 1

## *Motion for Reconsideration*

IN TH E UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

                       Plaintiff,

        v.

JEFFREY LOWE, LAUREN LOWE,
GREATER WYNNEWOOD EXOTIC
ANIMAL PARK, LLC, and TIGER KING,
L.L.C.,

                    Defendants.

CARRIE M. LEO,

                Plaintiff-Intervenor,

        v.

THE UNITED STATES OF AMERICA,
JEFFREY AND LAUREN LOWE,

           Defendants-in-Intervention.

**No.** 20-cv-00423-JFH

**MOTION FOR RELIEF
FROM ORDER PURSUANT
TO FED.R.CIV. P. 60(b)**

## MOTION FOR RELIEF FROM ORDER DE #141 DENYING INTERVENTION

## I.   Motion for Relief from Judgment Pursuant to FED. R. CIV. P. 60(b).

    Pursuant to FED. R. CIV. P. 60(b), Carrie M. Leo moves the Court for its Order

granting her relief from its Order, dated October 6, 2021, Dkt. No. 142, at pp. 8 (lines 1-12),

denying her an opportunity to intervene in the instant action. Leo requests the following:

    AN ORDER FROM THE COURT FOR PERMISSION TO INTERVENE BASED
    UPON *STARE DECISIS* AS DIRECTLY CITED BY THIS COURT IN DOCKET
    ENTRY #142 AS 10TH CIRCUIT PRECEDENT:
    *WildEarth Guardians v National Park Service*, 604 F. 3d 1192 (10th Cir. 2010)

### Procedure for Seeking Relief in the District Court

Federal Rule of Civil Procedure 60 (b) says that "on Motion and upon such terms are just the

court may relieve a party from a final judgment".

Page **1** of 6
*Intervenor's Motion for Reconsideration*
20-cv-00423-jfh                                  48

The 10th Circuit precedent set forth in *WildEarth Guardians* is applicable to this case in

important ways relative to the undersigned's entitlement to intervene as per the standards and

elements sought by this liberal legal standard. Denying the undersigned's Motion to Intervene,

rendered Docket Entry #142, into a final order subject to an immediate appeal in a similar regard

as a Final Judgment under Rule 60. This rule of law is reflected as such in *WildEarth* at 1194,

*infra* verbatim quote (*WildEarth* is cited on page four (4) of the court's order, docket entry 142).

> [a]n order denying intervention is final and subject to immediate review if it prevents
> the applicant from becoming a party to an action, *Coal. of Ariz./N.M. Counties for
> Stable Econ. Growth v. DOI,* 100 F.3d 837, 839 (10th Cir.1996)

The rule of thumb for the district court is that it may revisit, revise, modify, reverse, or amend

any adjudication prior to the time all of the claims have been disposed of by full adjudication.

> The Federal Rules of Civil Procedure do not recognize a "motion for
> reconsideration." But that is not to say that such motions are prohibited. After all, "a
> district court always has the inherent power to reconsider its interlocutory rulings"
> before final judgment is entered. Warren v. Am. Bankers Ins. of FL , 507 F.3d
> 1239, 1243 (10th Cir. 2007) ; see Fed. R. Civ. P. 54(b) ("any order ... that
> adjudicates fewer than all the claims ... may be revised at any time" before entry of
> final judgment). In considering such interlocutory motions, however, "the district
> court is not bound by the strict standards for altering or amending a judgment
> encompassed in Federal Rules of Civil Procedure 59(e) and 60(b)," which govern a
> district court's reconsideration of its final judgments.
> *Fye v. Okla. Corp. Comm'n* , 516 F.3d 1217, 1223 n.2 (10th Cir. 2008).

## II. Argument(s) Asserting Substantial Interest in Intervention Based Upon Liberal Standard

    a. Starting with the legal standard for intervention:

Rule 24(a)(2) entitles a movant to intervene as of right if: (**1**) the movant claims an interest
relating to the property or transaction that is the subject of the action; (**2**) the disposition of the
litigation may, as a practical matter, impair or impede the movant's interest; and (**3**) the
existing parties do not adequately represent the movant's interest. *See* Fed.R.Civ.P. 24(a)(2);
*WildEarth Guardians v. USFS,* 573 F.3d 992, 995 (10th Cir.2010)

The only legal requirement the trial court found to be insufficient with regard to the legal

prerequisites for moving to intervene was the undersigned's failure to be able to verify

Page **2** of **6**
*Intervenor's Motion for Reconsideration*
20-cv-00423-jfh    49

whether three (3) animals in the present custody of the Plaintiff/United States are without a doubt the property of the undersigned Intervenor. While this concern is somewhat outside and ahead of the three (3) enumerated factors concerning intervention, it must therefore fall withing the second factor, i.e., "the disposition of the litigation may, as a practical matter, impair or impede the movant's interest"

This Court deals with complex legal issues from parties and entities all over the world where each side boasts a minimum of six (6) attorneys as counsel receiving electronic service notifications. My issue, relative to these types of cases, seems like third grade math as compared to this court's ordinary docket of trigonometry. The undersigned has not seen her exotic animals since 2017; that is 4 years' time. The only answer *must be* that she be afforded an opportunity to see these 3 animals in person. If a father had not seen his son who was 7 years old at the time when he was taken from the father, 4 years later, his son would be 11 years old. It would be incredulous that the father's legal claim to being reunited with his son be premised upon whether he has a present and contemporaneous way of describing his son's present haircut; height; weight; and/or shoe size. However, a supervised visit to the one (1) and only orphanage or foster-home where all agree would be the most likely place that his son is living, seems like the only solution that reasonable people would offer towards disposing of this matter. I am proposing a commonsense answer to trying to protect my clear and unequivocal interests in my property, to wit, my exotic animals. I can handle the burden of my own travel expenses to the Plaintiff's facility where my/the animals are presently located.

b. Practicality Is Presently At Hand; Inappropriate to Defer to Unknown Subsequent Process

   Realizing that I had eight (8) animals that were boarded with the Lowes, and now it seems that three likely candidates amongst the 8 have been located would suggest that all due haste be made to re-uniting me with my property if these animals are indeed them. The Lowes are not going to assist me in any of my efforts with regard to my own property and the United States has already been adjudicated by this Circuit, Stare Decisis, as being unable to protect a private

individual's interest when the litigation involves the United States as a party, see infra:

> We have repeatedly recognized that it is "on its face impossible" for a government agency to carry the task of protecting the public's interests and the private interests of a prospective intervenor. *Id.; see also WildEarth Guardians,* 573 F.3d at 996; *Clinton,* 255 F.3d at 1255. Where a government agency may be placed in the position of defending both public and private interests, the burden of showing inadequacy of representation is satisfied

Proceeding from the foregoing holding that the United States cannot protect my property

interest as doing so is "on its face impossible", this is the only opportunity that I will have to

engage the Lowes in discovery to probe, ask questions, and make efforts to see if I can

ascertain the vendors, licensees, and other people whom they may have traded and/or sold my

animals. As a practical matter, if the United States, the Plaintiff, has the Defendant Lowes

facing front and center in the instant litigation, providing me and opportunity to question them

during this process, it is a matter of efficiency and sensibility. Again, *WildEarth* says it all:

> The second element- *impairment*-presents a **minimal** burden. 573 F.3d at 995. "[A] would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied."

> "[T]he mere availability of alternative forums is not sufficient to justify denial of a motion to intervene" because "at most," participating in a new proceeding "would not provide the level of protection to the intervenors' interests that the current plan offers." *Id.* In fact, for purposes of Rule 24(a)(2), sufficient impairment may result even from the "*stare decisis* effect" of a district court's judgment

The trial court understands that my window of time to participate in discovery concerning

the potential locations of my animals is at hand. The trial court also understands that the

Plaintiff may very likely have three (3) of my animals at the present time. The biggest burden

of the 3 factors, "impairment" is defined as "minimal", and the overall standard for

intervention is "liberal". I have shown as much if not a greater and more substantial interest

in my right and entitlement to intervene as was shown and accepted by this Circuit by people

who sought to hunt and kill elk for sport/hobby. I have filed and provided documents,

invoices, receipts, pictures, and together with Exhibits 1 and 2, attached-(reports assessing the statistical probability of the exotics being mine; and reports linking USDA animals to the undersigned and the Lowes), I cannot produce additional items because I have been unlawfully separated from them (my property) for 4 years. Yet, certainly this court must know that it has been shown at least as great of a substantial interest in my undisputed property as the people who wanted and successfully were allowed to interven to help ensure the sustainability of the Mexican Spotted Owl for aesthetic, humanitarian, and eco-friendly personal/private interests.

For the foregoing reasons, the undersigned Pro Se Intervenor requests a ruling allowing for Intervention of the undersigned. 60 or so words from this Court is all that it will take to initiate this process towards my unfettered reconciliation, equitable resolution, and the kind of understanding the law and a commonsense approach should afford.

Date: <u>November 1, 2021</u>

Respectfully Submitted,

Carrie M. Leo
*Plaintiff-Intervenor pro se*
3199 Walworth Road
Walworth, NY 14568
ph: (315) 538-8316
carrieleo15@gmail.com

## CERTIFICATE OF SERVICE

I do hereby certify that, on this 3rd day of November, 2021, a true and correct copy of the foregoing motion for the case captioned *U.S.A. v Lowe,* distinguished by the alpha-numeric identifier 6:2020-cv-00423-JFH, was served upon counsel of record for the plaintiff, Mary Hollingsworth and Briena Strippoli, and counsel of record for the defendant, Jason Day, by way of each's respective email addresses as well as by the U.S. Mail, postage pre-paid, to each's office address listed below. The U.S. District Court for the District of Eastern Oklahoma was also served via USPS certified mail numerically identified by #**7021 0350 0002 1877 0751** with return receipt numerically identified by #**9590 9402 6639 1060 5398 71**.

**VIA USPS AND VIA EMAIL** mary.hollingsworth@usdoj.gov
**MARY HOLLINGSWORTH**
Senior Trial Attorney
(303) 844-1898
US Attorney (CO-Denver)
999 18th St, S Terrace, Ste 370
Denver, CO 80202
mary.hollingsworth@usdoj.gov

**VIA USPS AND EMAIL** briena.strippoli@usdoj.gov
**BRIENA L. STRIPPOLI**
Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
Wildlife & Marine Resources Section
P O Box 7611, Ben Franklin Station
Washington, DC 20044-7611
US Department of Justice (Civil-Commercial & Federal Programs)
1100 L St, NW
Washington, DC 20530
briana.strippoli@usdoj.gov | (202) 598-0412
Fax: (202) 305-0275
*Attorneys for Plaintiff the United States of America*

**VIA USPS AND EMAIL** jasonmayesq@yahoo.com
JASON D. MAY, ESQ.
MAY LAW OFFICE
9 W. Main Street
Ardmore, OK 73401
580-223-9184
580-798-3118 (fax)
jasonmayesq@yahoo.com
*Attorney of record for the*
*defendants Jeffrey & Lauren Lowe*

Carrie M. Leo, *Appellant pro se*
3199 Walworth Road
Walworth, NY 14568
(315) 538-8316
carrieleo15@gmail.com

4

# EXHIBIT 1

**Report 1:** *The Affidavits of Joseph Maldonado-Passage*

# REPORT 1

*The Affidavits from Joseph Maldonado-Passage (Schreibvogel)*



## SUPPORTING AFFIDAVIT - VERIFIED

# May 10, 2019

*Written by Joseph Maldonado-Passage*

1

**OKLAHOMA STATE DISTRICT COURT**
**GARVIN COUNTY**

CARRIE M. LEO,

          PLAINTIFF.

-v-

JEFFREY L. LOWE and
LAUREN F.. LOWE.

          DEFENDANTS.

Case No. ___CJ 19-89___

**AFFIDAVIT**

STATE OF OKLAHOMA
GARVIN COUNTY } SS.
F I L E D
APR 1 3 2020
AT ||:0J O'CLOCK____M.
LAURA LEE, Court Clerk
BY____
DEPUTY

The following is a sworn, verified statement from a witness validating the contract with Carrie Leo.

## AFFIDAVIT

I, JOSEPH MALDONADO- PASSAGE have read and agree with the following facts:

1.    This statement is regarding a contract I made with the Plaintiff, CARRIE M. LEO on February 9, 2017.

2.    The contract was regarding the boarding of exotic animals belonging to her.

3.    I was an agent for the GREATER WYNNEWOOD EXOTIC ANIMAL PARK ("Park") owned by the Defendant, JEFFREY L. LOWE, at the time the said contract was made.

4.    I had standing authorization from the Defendant to engage in, make, and fulfill agreements and contracts on behalf of the Park. especially in terms of animals coming into the park for either temporary or permanent stay.

5.    In the aforementioned case, Leo v Lowe, I had full authority to make the terms of and solidify a boarding contract in which the Plaintiff kept ownership of her animals and would board them at the Park until further notice from her.

6.    I attest to authoring the messages under the profile entitled "Joseph A. Maldonado-Passage" using Facebook Messenger dated February 9, 2017 and are included in this affidavit as Exhibit A.

7.    I attest to the fact that an agreement was made between the Plaintiff, Carrie M. Leo, and I that the Park would pay for the upkeep of the animals daily while exhibiting them to the public.

8.    Ms. Leo planned on moving her residence and wildlife facility to the state of Oklahoma as soon as she could; hopefully in a year or so from the movement of her animals from her facility in New York to the Park in Oklahoma.

9.    On behalf of the Park, I agreed that she could work as an employee of the Park after moving to Oklahoma from her home state of New York.

1

10. I submitted a request to Oklahoma State for the proper authorization and import permits for Ms. Leo's animals.

11. I received consent from the Defendant, Jeffrey A. Lowe, to bring the animals into the Park and exhibit them.

12. I raised funds for the transport of the Plaintiff's animals which was $1600.00. Ms. Leo provided me with a promissory note (signed by her) of repayment of the amount needed to transport her animals as she was maintaining title over them.

13. On April 19, 2017, I contracted with M&J Exotic Transport from Memphis, TN to pick up the animals from Ms. Leo's facility in New York on Walworth Road, Walworth (township of Macedon 14502) and bring them to the Greater Wynnewood Exotic Animal Park.

14. I verified with Ms. Leo that the animals remained under her ownership in a facebook message dated April 19, 2017 – the day of the transfer of the animals.

15. The species of animals transported from Ms. Leo's Facility in Walworth, NY to the Park in Oklahoma were as follows: 1 female black-backed jackal, one pair of Virginia Opossum (1 male, 1 female), 1 male red fox, 1 female Arctic fox, 1 male African Crested Porcupine and 1 male fisher cat or "fisher".

16. The animals successfully arrived to the Park on April 20, 2017 and were housed inside the Park.

17. Ms. Leo consistently kept in touch with me for updates about the welfare of her animals and her plans on moving down to Oklahoma from New York State.

18. The agreement or contract to which I am attesting in this Affidavit was made in good faith.

DATE: _____5/10_____, 2019

Joseph A. Maldonado-Passage

I am the attorney retained to represent Joseph A. Maldonado-Passage in a separate case unrelated to the one noted in the caption of this Affidavit. I attest to the authentication of my client's signature below.

Witnessed by: _____
Attorney Signature

Dated: _____5 - 10_____, 2019

William P. Early
Printed Name of Attorney Signing Above

**RECEIVED**
JUN 1 0 2019

02/09/2017 6:31PM

Carrie
Joe, do you have a way of taking my animals temporarily?

02/09/2017 7:42PM


what kind

Carrie
4 foxes, 1 jackal, 1 badger, 2 fishers, 2 African porcupines, opossums, woodchuck, and squirrels.
The last few I can probably take with me wherever I am going. Unless I could work for u at your zoo
if u have some place for me to stay.

Carrie
My parents are allowing the town to force me to keep all of my animals within a 400 sq ft
My attorney betrayed me ... he keeps threatening my parents (he's their atty too) with huge fines
even though our side has never been heard and the two charges they have aren't even true.
They are allowing themselves to be pressured into signing the agreement that none of us can use
any more than a 409 sq ft area.
To me, that's so illegal and unethical

02/09/2017 11:32PM


Move here

Carrie
Yeah that's what I would end up doing but need way to provide for my animals and earn money

02/10/2017 10:15AM


I will pay you to work and the zoo will pay to care for the animals in order to put them on exhibit


Try to find a photo of you send one please

Carrie
a photo of what?


You so I know who im talking to
Your animals are awesome

Carrie   Thanks

**RECEIVED**

JUN 1 0 2019

I have read the text on this page and can authenticate
it as Facebook messages I sent to Carrie Leo.

Joseph A. Maldonado-Passage

59



I would have to get intry permits for the native animals

Carrie
Ok ... I'd like to maintain ownership of them



**You invited Joseph A Maldonado-Passage to Messenger.**
Sending messages is fast and more fun on Messenger. Get a link sent to your phone to install the app.



You will i just put them on my permit

Carrie
Ok I would need a written agreement to reflect that

02/10/2017 11:46AM

Carrie
Here I am ...



Hate that picture of me ...

But at least you have one now ☺
WhAt would I be doing at your zoo?



we pretty much all do everything, animal care, diets, build, tours, etc

Carrie
Awesome it's exciting to think about working at a zoo
Would you like to have a resume or some background on me? I'm an open book at least to you and a few others
I don't trust too many people

RECEIVED

JUN 10 2019

I have read the text on this page and can authenticate it as Facebook messages I sent to Carrie Leo.

Joseph A. Maldonado-Passage

6:20-cv-00423-JFH Document 153 Filed 04/30/21 Page 61 of 93
Case 6:20-cv-00423-JFH Document 153-1 Filed 04/30/21 Page 61 of 93

Leo v Lowe
Affidavit, Witness-Joseph A. Maldonado-Passage

**EXHIBIT A**

Page | 3/3



no thats ok, but when you make up your mind I will need at least a week or so to file for permits

Carrie
Why are you so trusting?



I built this place to give people a second chance in life, that is what my brother did for everyone before he got killed.

Carrie
Wow! You are too good to be true ... thank God you are
Would my animals be able to be housed close together so I can keep my "zoo" together?



we can do the best we can, but this place is huge and heated building animals are in other areas than others

Carrie
Ok which ones are those?

Carrie
I think I want to make this move Joe. I've been dreaming of getting out of the situation I've been in for years and I think I would be foolish not to leave when I have a job and place for my animals. Let's do it!
With you putting the animals on your license, does NY have to know anything about them? I'm afraid they are going to try and take the animals before I can leave the state



no just dissapear
I need a list so I know what I have to file for



just know I am 100% business, I run 110 mile an hour around here to keep this place a float

02/10/2017 2:23PM

Carrie
110 mile an hour?

02/10/2017 4:25PM



running a zoo this large, yes I run 110 miles an hour

02/10/2017 6:35PM

**RECEIVED**

JUN 10 2019

I have read the text on this page and can authenticate it as Facebook messages I sent to Carrie Leo.

Joseph A. Maldonado-Passage

Carrie
ok so it's fast paced I understand

March 8, 2019

The above social media messages were retrieved from Face Book and were not redacted or altered in any way other than the removal of the blue background and changing the color of the text font from white to black. This alteration was done in order to provide better quality printing of the document in black and white and grayscale.

Carrie M. Leo, Plaintiff
Leo v Lowe

Sworn to me before

This 8th day of March 2019

Public Notary

**AIMEE K PHILLIPS**
Notary Pub c • State of New York
No. 01PH6233122
Qualified in Wayne Count11
My Commission Expires December 27, 2018

RECEIVED

JUN 1 0 2019

I have read the text on this page and can authenticate it as Facebook messages I sent to Carrie Leo.

Joseph A. Maldonado-Passage



## SUPPORTING AFFIDAVIT - UNVERIFIED

# December 11, 2020

*Written by Joseph Maldonado-Passage (Schreibvogel)*



IN THE DISTRICT COURT
GARVEIN COUNTY, STATE OF OKLAHOMA

CARRIE M. LEO,
Plaintiff,

Case No. CJ-2019-00089

- v -

**AFFIDAVIT**

JEFFREY L. LOWE and LAUREN F. LOWE,
Defendants.

STATE OF TEXAS
COUNTY OF TARRANT    ss:

I, Joseph Maldonado-Passage, do attest to the following under oath:

When I left the zoo on June 16, 2018
All of Carrie Leos animals were at the
zoo and in good health. When I tried to
move them with my attorney Ryan Duffy
of OKC Jeff lowe held them ransom for
4 million dollars. This is his way of stealing
peoples stuff is to let you bring it on his
property then hold it ransom for money.
one day someone will find a Judge to put
him in Jail for theft and fraud.

10



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19

Date: ___12-11___ , 20 20

20
21

Sworn to before me this _____ day
of _____ 2020

22
23
24

_____
Public Notary/Attorney Signature

25
26

_____
Name in Print

27
28

Joseph A. Maldonado-Passage, *Affiant*
Register Number: 26154-017
FMC Fort Worth
3150 Horton Road
Fort Worth, TX 76119

11

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

                      Plaintiff,

       v.

JEFFREY LOWE, LAUREN LOWE, GREATER
WYNNEWOOD EXOTIC ANIMAL PARK, LLC,
and TIGER KING, LLC,

                   Defendants.

Case No. 20-cv-00423-JFH

CARRIE M. LEO

               Plaintiff-Intervenor,

       v.

THE UNITED STATES OF AMERICA,
JEFFREY LOWE and LAUREN LOWE,

           Defendants-in-Intervention.

**AFFIDAVIT IN SUPPORT
OF MOTION FOR LEAVE
TO FILE MOTION FOR
RECONSIDERATION**

STATE OF NEW YORK    } ss:
WAYNE COUNTY

      I, Carrie M. Leo, am the *Plaintiff-Intervenor-Appellant* for the above-captioned matter and offer the following statements under the penalty of perjury. These statements are in reference to the exhibit entitled *The Supporting Affidavits of Joseph Maldonado-Passage (Schreibvogel)* accompanying Plaintiff's-Intervenor's *Motion for Leave to File Motion for Reconsideration.*

1. The first photocopied document is a true and correct copy of the affidavit written by Joseph Maldonado-Passage and verified by his then-attorney, Associate Counsel for the Federal Public Defender's Office for the Western District of Oklahoma, Trial Unit, located at 215 Dean A. McGee Avenue, Suite 109, Oklahoma City, Oklahoma 73102, William P. Earley, on May 10, 2019.

2. The affidavit consists of pages 2 and 3 as well as the Facebook Messenger conversation, included as pages 4-7 between Joseph Maldonado-Passage and I, the Intervenor-Plaintiff,

1

Carrie M. Leo. Each page of the Messenger conversation is signed by Joseph Maldonado-Passage on the bottom to verify the accuracy and authentication of the messages to the best of his recollection.

3. A true and correct photocopy of the envelope in which it was returned to me is included on page 7[1] and shows the verified affidavit was received by me on June 10, 2019.

4. The affidavit was filed on April 13, 2020 with the Oklahoma District Court of Garvin County in the case identified as CJ 2019-00089 captioned as "*Carrie M. Leo v. Jeffrey Lowe and Lauren Lowe*" thereby being further authenticated as the document I state it is. The document is identified by the Court with #CC20041300000361.

5. The second photocopied document is a true and correct copy of the second affidavit and begins on page 9 and consists of two pages (pages 10 and 11) confirming the fact that neither Jeffrey nor Lauren Lowe allowed Joseph Maldonado-Passage to leave the facility in Wynnewood, Oklahoma with my animals and that all of the animals boarded by me were still residing at the zoo the day Joseph Maldonado-Passage permanently left the facility on June 16, 2018.

6. Although the affidavit was signed by Joseph Maldonado-Passage and dated for December 11, 2020.

7. The affidavit was filed with the Oklahoma District Court of Garvin County in the case identified as #CJ 2019-00089 and captioned as "*Carrie M. Leo v. Jeffrey Lowe and Lauren Lowe*" on January 4, 2021, as part of Plaintiff's submission entitled Amended Application for Contempt Citation referred on the Court docket by #CC21010400000064 thereby being further authenticated as the document it is stated to be.

Date: November 1, 2021

Carrie M. Leo, *Appellant pro se*
3199 Walworth Rd., Walworth, NY 14568
315-538-8316 | carrieleo15@gmail.com

---

[1] The pages may be unpaginated.

2

# **VERIFICATION**

I do hereby verify, under the penalty of perjury, that to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the foregoing affidavit.

1. is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

2. The claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

3. The factual contentions have evidentiary support or, if specifically, so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

4. The denials of factual contentions are warranted on the evidence or, if specifically, so identified, are reasonably based on belief or a lack of information.

Date:  November 1, 2021

Carrie M. Leo, *Appellant*
3199 Walworth Road
Walworth, NY 14568
Ph:  (315) 538-8316
Carrieleo15@gmail.com

Sworn to before me this 1st day of November 2021

*Notary Public*

LAUREN FRIEDL
Notary Public - State of New York
NO. 07FR6383306
Qualified in Wayne County
My Commission Expires Nov 13, 2022

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing affidavit was electronically mailed, and placed in the U.S. Mail, postage pre-paid, and eventually via CM/ECF upon the filing of document by the court, for counsel of record for the plaintiff and the defendants and sent to his office address listed below on November 3, 2021. All addresses used are as follows.

**VIA EMAIL AND CM/ECF**
**MARY HOLLINGSWORTH**
Senior Trial Attorney
(303) 844-1898
US Attorney (CO-Denver)
999 18th St, S Terrace
Ste 370
Denver, CO 80202
mary.hollingsworth@usdoj.gov | (202) 598-1042
*Attorney for Plaintiff the United States of America*

**VIA EMAIL AND CM/ECF**
**BRIENA L. STRIPPOLI**
Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
Wildlife & Marine Resources Section
P O Box 7611, Ben Franklin Station
Washington, DC 20044-7611
briana.strippoli@usdoj.gov | (202) 598-0412
Fax: (202) 305-0275
*Attorney for Plaintiff the United States of America*

**VIA EMAIL AND CM/ECF**
Jason D. May, Esq.
May Law Office
9 W. Main Street
Ardmore, OK 73401
580-223-9184
580-798-3118 (fax)
jasonmayesq@yahoo.com
*Attorney of record for the defendants Jeffrey & Lauren Lowe*

Carrie M. Leo, *Proposed Intervenor*
3199 Walworth Road
Walworth, NY 14568
(315) 538-8316
carrieleo15@gmail.com

4

# EXHIBIT 2

## Report 2: *Assessing the Probability*

# REPORT 2

# ASSESSMENT SUPPORTING INTERVENTION FOR THE PURPOSE OF REPOSSESSION OF HER ANIMALS

**Assessing the probability of Leo's Ownership of the Jackal Possessed by the Lowes at the Time of Their Abandonment of the Animals at Their Thackerville Facility.**

**+**

1.  **Second affidavit from former zoo director;**

2.  **Assessment of inspection reports showing static presence and recording of Leo's animals at both the Wynnewood and Thackerville facilities.**

1

The percentage of licensees and registrants under the AWA who are currently in possession of any species of "jackal" is less than 0.06%. Therefore, it is extremely unlikely the Lowes swapped out Leo's jackal for another jackal, especially considering would have to be female, further lowering the percentage of who the Lowes could have given them another female jackal to trade for the one they were boarding for Leo. According to the Lowes' inspection reports in which the USDA inspectors were the ones counting the animals at the Lowes' facility the day of the inspection, there was always one jackal.

🔒 https://aphis-efile.force.com/PublicSearchTool/s/inspection-reports

USDA Animal and Plant Health Inspection Service
U.S. DEPARTMENT OF AGRICULTURE

HOME | INSPECTION REPORTS | MORE ⌄

Inspection Reports Search

To locate inspection reports prepared by Animal Care inspectors, enter the known information in the License/Registration Type and/or State fields and then click the Search button.
Additional search options and information may be available for certain business entities, such as the names and addresses of corporations with commercial addresses.

Click on the link to the left of any entry to see the associated inspection report. To ensure that accurate information is received, the certificate number should be in XX-X-XXXX format.

License/Registration Type | City | State | Zip Code
Customer/Organization Name | Customer Number | Certificate Number
Certificate number should be in xx-x-xxxx format

Search | Clear

# licensees: 29,115
# registrants: 8,419
# reports: 72,348

# licensees
\+
# registrants = 37,534

Hence,

View Licensees | View Registrants | View Inspection Reports

Rows 1 - 100 of 29115

| Query Reports | Customer Information | | Address |
|---|---|---|---|
| Query Inspection Reports | Customer/Organization Name (DBA): | M & B PETS, INC. | P.O. BOX 30668 HONOLULU, HI 96820 COUNTY:Honolulu |
| | Customer Number: | 7 | |
| | Certificate Number: | 95-B-0001 | |
| | License Type: | Class B - Dealer | |
| | Certificate Status: | Cancelled | |
| | Status Date: | 12/6/2008 | |
| Query Inspection Reports | Customer/Organization Name (DBA): | UNIVERSITY OF ALASKA FAIRBANKS | 1033 Sheenjek Drive P O Box 756980 FAIRBANKS, AK 99775 COUNTY:Fairbanks |
| | Customer Number: | 15 | |
| | Certificate Number: | 96-C-0034 | |
| | License Type: | Class C - Exhibitor | |

<u>**78% of all certificate holders under the AWA, as of Oct. 24, 2021, are "licensees".**</u>

<u>**and 22% are registrants.**</u>

View Registrants | View Inspection Reports

Rows 1 - 100 of 8419

| Query Reports | Registrant Information | | Address |
|---|---|---|---|
| Query Inspection Reports | Customer/Organization Name (DBA): | Sadie Beck (Sadie Beck) | PO Box 1846 Manteca, CA 95336 COUNTY:San Joaquin |
| | Customer Number: | | |
| | Certificate Number: | 93-T-0255 | |
| | Registration Type: | Class T - Carrier | |
| | Certificate Status: | Active | |
| | Status Date: | 7/23/2024 | |
| Query Inspection Reports | Customer/Organization Name (DBA): | ANDREW KERLEY CONNIE KERLEY (KOMFY KATS) | 51436 LIHIMAUHA KAAAWA, HI 96730 COUNTY:Honolulu |
| | Customer Number: | 1 | |
| | Certificate Number: | 95-H-0041 | |
| | Registration Type: | Class H - Intermediate Handler | |

🔒 https://aphis-efile.force.com/PublicSearchTool/s/inspection-reports

**USDA** **Animal and Plant Health Inspection Service**
U.S. DEPARTMENT OF AGRICULTURE

| HOME | INSPECTION REPORTS | MORE ∨ |

**Inspection Reports Search**

To locate inspection reports prepared by Animal Care inspectors, enter the known information in the **License/Registration Type and/or State** fields and then click the **Search** button.
Additional search options and information may be available for certain business entities, such as the names and addresses of corporations with commercial addresses.

Click on the link to the left of any entry to see the associated inspection report. To ensure that accurate information is received, the certificate number should be in XX-X-XXXX format.

| License/Registration Type | City | State | Zip Code |
|---|---|---|---|
| ⬍ | | ⬍ | |
| Customer/Organization Name | Customer Number | Certificate Number | |
| | | Certificate number should be in xx-x-xxxx format | |

Search    Clear

---

(View Licensees)    View Registrants    View Inspection Reports

Rows 1 - 100 of (29115)    >

| Query Reports | Customer Information | | Address |
|---|---|---|---|
| Query Inspection Reports | **Customer/Organization Name (DBA):** | M & B PETS, INC. | P.O. BOX 30668 HONOLULU, HI 96820 COUNTY:Honolulu |
| | **Customer Number:** | 7 | |
| | **Certificate Number:** | 95-B-0001 | |
| | **License Type:** | Class B - Dealer ⓜ | |
| | **Certificate Status:** | Cancelled | |
| | **Status Date:** | 12/6/2008 | |
| Query Inspection Reports | **Customer/Organization Name (DBA):** | UNIVERSITY OF ALASKA FAIRBANKS | 1033 Sheenjek Drive P O Box 756980 FAIRBANKS, AK 99775 COUNTY:Fairbanks |
| | **Customer Number:** | 15 | |
| | **Certificate Number:** | 96-C-0034 | |
| | License Type: | Class C - Exhibitor | |

3



| | Registrant Information | | Address |
|---|---|---|---|
| **View Registrants** | **View Inspection Reports** | | |
| | Rows 1 - 100 of 8419 | | > |
| **Query Reports** | **Registrant Information** | | **Address** |
| Query Inspection Reports | Customer/Organization Name (DBA): | Sadie Beck (Sadie Beck) | PO Box 1846 Manteca, CA 95336 COUNTY:San Joaquin |
| | Customer Number: | | |
| | Certificate Number: | 93-T-0255 | |
| | Registration Type: | Class T - Carrier | |
| | Certificate Status: | Active | |
| | Status Date: | 7/23/2024 | |
| Query Inspection Reports | Customer/Organization Name (DBA): | ANDREW KERLEY CONNIE KERLEY (KOMFY KATS) | 51436 LIHIMAUHA KAAAWA, HI 96730 COUNTY:Honolulu |
| | Customer Number: | 1 | |
| | Certificate Number: | 95-H-0041 | |
| | Registration Type: | Class H - Intermediate Handler | |
| | Certificate Status: | Cancelled | |

4

By accessing the inspection reports tab, one will see over 72,000 inspection reports since there are normally more than one inspection report for each licensee and registrant.

Either the common name can be used when searching for an animal or one may use the more specific taxonomic name. For instance, for a black-backed jackal, one may use "jackal" as seen in the screen to one's right, "Black-backed jackal", or "Canis mesomelas". In both the *U.S.A. v Lowe* and *Leo v Lowe* (Garvin County District Court),



it was discovered that the jackal was erroneously referred to as a "golden jackal". Thus, the use of "jackal" may be easier to use than looking up both "Black-backed jackal" and "golden jackal". The latter more resembles a Western Coyote than a Black-backed jackal.

The image below shows the screen with the results for the search for "jackal". Since this particular search includes all sub-species of jackals, one may assume that even fewer licensees have a Black-backed jackal licensed for exhibition. Thus, out of the 72,348 inspection reports, only 111 reports list a "jackal" as a licensed part of the licensee's live inventory used for exhibition. Keeping in mind that there are likely more than one inspection report per licensee who has licensed a jackal under the AWA, one may assume that although the percentage of inspection reports listing jackals are (72,348/111) 0.00153%, the percentage of licensees who possess jackals is significantly less.

Therefore, it is highly unlikely that the jackal in the possession of the Lowes at the time they signed the acknowledgement of abandonment form on or around August 13, 2021, is less than $1/10^{th}$ of a percentage.



5



View Inspection Reports
Filter Options:
CFR
Direct
Repeat
Animal Name
jackal
Animal Category
Filter
Clear
Rows 1 - 100 of 72348
View Report
Licensee/Registrant In...
Inspection...
Non-Compliant Items
Site Name
Legal Name
View Inspection Report
Customer Number: 581
Certificate Number: 33-R-0022
9/24/2021
Direct: 0
Non-Critical: 0
Critical: 0
Teachable Moments: 0
COHN RESEARCH BUILDING
RUSH UNIVERSITY MEDICAL CENTER
View Inspection Report
Customer Number: 5744
Certificate 71-C-
9/24/2021
Direct: 0
Non-Critical: 0
MUSEUM OF DISCOVERY
MUSEUM OF DISCOVERY

When searching by Animal Name, results will include all species with your search term. Example: searching "dog" will return results that include dog (adult), dog (puppy), prairie dog, dog-faced fruit bat, and any other species whose common name includes dog. Please check your results to ensure they contain only the records which interest you.
View Licensees
View Registrants
View Inspe
Filter Options:
CFR
Direct
Repeat
Animal Name
jackal
Animal Category
Filter
Clear
Rows 1 - 100 of 111
View Report
Licensee/Registrant In...
Inspection...
Non-Compliant Items
Site Name
Legal Name
View Inspection Report
Customer Number: 326631
Certificate Number: 41-C-0280
9/15/2021
Direct: 0
Non-Critical: 0
Critical: 0
Teachable Moments: 0
CAARA BERGERON
CAARA BERGERON
View Inspection Report
Customer Number: 328087
9/15/2021
Direct: 0
Non-Critical: 0
BRANSONS WILD WORLD INC.
Bransons Wild World Inc

As one can see the following seven entries denoting seven Separate inspection reports also show three of them of The facility run by Jeff Lowe. This is just an example of what the the database holds in terms of inspection reports and how it would look to a user accessing the database's 111 entries of inspection reports listing "jackal" as a regulated animal recorded in the live inventory of specific facilities,

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Inspection Report | Number: 5431<br>Certificate 48-C-<br>Number: 0106 | | Non-Critical:<br>Critical:<br>Teachable Moments: | 0<br>0<br>1 | | |
| View Inspection Report | Customer Number: 332646<br>Certificate 73-C-<br>Number: 0230 | 2/19/2021 | Direct:<br>Non-Critical:<br>Critical:<br>Teachable Moments: | 0<br>8<br>0<br>0 | Jeffrey Lowe-002 | JEFFREY LOWE |
| View Inspection Report | Customer Number: 501214<br>Certificate 31-A-<br>Number: 0641 | 2/16/2021 | Direct:<br>Non-Critical:<br>Critical:<br>Teachable Moments: | 0<br>0<br>0<br>0 | RONNIE STRACK | RON STRACK |
| View Inspection Report | Customer Number: 328087<br>Certificate 43-C-<br>Number: 0342 | 2/2/2021 | Direct:<br>Non-Critical:<br>Critical:<br>Teachable Moments: | 0<br>0<br>0<br>0 | BRANSONS WILD WORLD INC | Bransons Wild World Inc |
| View Inspection Report | Customer Number: 332646<br>Certificate 73-C-<br>Number: 0230 | 1/20/2021 | Direct:<br>Non-Critical:<br>Critical:<br>Teachable Moments: | 1<br>5<br>1<br>0 | Jeffrey Lowe-002 | JEFFREY LOWE |
| View Inspection Report | Customer Number: 44266<br>Certificate 55-C-<br>Number: 0272 | 1/6/2021 | Direct:<br>Non-Critical:<br>Critical:<br>Teachable Moments: | 0<br>1<br>0<br>0 | ZOOTASTIC OF LAKE NORMAN INC | ZOOTASTIC OF LAK NORMAN INC |
| View Inspection Report | Customer Number: 332646<br>Certificate 73-C-<br>Number: 0230 | 12/15/2020 | Direct:<br>Non-Critical:<br>Critical:<br>Teachable Moments: | 3<br>11<br>0<br>0 | Jeffrey Lowe-002 | JEFFREY LOWE |

https://aphis-efile.force.com/PublicSearchTool/s/inspection-reports

6

Extracting unique records from the 111 database entries for inspection reports of those licensees and registrants who currently have a jackal on their possession, the following individuals are the only ones who currently or recently possess a license to exhibit one or more jackals.

**Licensees and Registrants with "Jackal" Listed in Live Inventories of Inspection Reports**

| Last Name | First Name | Certificate No. | Customer No. |
|---|---|---|---|
| Bergeron | Caara | 41-C-0280 | 326631 |
| BOULDER RIDGE RANCH LLC | | 34-C-0335 | 321836 |
| Bransons Wild World Inc. | | 43-C-0342 | 328087 |
| BRIGHTS ZOO | | 63-C-0229 | 37620 |
| CARSON SPRINGS WILDLIFE CONSERVATION | | 58-C-1084 | 323717 |
| COLUMBUS ZOO | | 31-C-0042 | 2204 |
| CLAWS N PAWS WILD ANIMAL PARK INC | | 23-C-0013 | 2246 |
| CORLEY | BETH | 73-C-0167 | 35182 |
| DEYOUNG | HAROLD | 34-C-0141 | 7256 |
| HARVEY | Tom | 48-C-0106 | 5431 |
| JOSEPH MALDONADO PASSAGE | | 73-C-0139 | 9658 |
| KEMMERER II | GRANT | 23-C-0203 | 15036 |
| LOLLI BROS LIVESTOCK MARKET INC. | | 43-B-0010 | 4327 |
| Lowe | Jeff | 73-C-0230 | 332646 |
| Lucas | Kimberly | 23-C-0046 | 2264 |
| OOSTVEEN | STEPHANIE | 73-B-1817 | 6406 |
| PLUMPTON PARK ZOOLOGICAL GARDENS INC | | 51-C-0108 | 2004 |
| RIENOW | JAMES | 35-B-0215 | 33579 |
| ROLLING HILLS SAFARI LLC | | 73-C-0219 | 331875 |
| STRACK | RONNIE | 31-A-0641 | 0641 |
| TIETZ | JEREMIAH | 34-B-0230 | 501287 |
| TOWBRIDGE CREEK ZOO LLC | | 41-C-0289 | 334843 |
| Vogel | Kevin | 41-C-0104 | 6515 |
| WILD HEARTS ZOOLOGICAL PARK LLC | | 31-C-0255 | 331865 |
| WILDLIFE WORLD ZOO INC. | | 86-C-0117 | 3448 |
| ZOOTASTIC OF LAKE NORMAN INC | | 55-C-0272 | 44266 |
| | | | |

Total of 26 facilities which have recently possessed or currently possess jackals for exhibition.

With jackals being so rare as a licensed animal for exhibition, it is likely they are even more unlikely and rarely, if ever, asked for, in the black market (they aren't endangered and are listed in the IUCN as a species of the least concern) or as residents in private collections which remain unlicensed.

Breeders who supply private collections with exotic animals are typically USDA-licensed.

7

# Black-backed Jackal/Golden Jackal



# Fisher/Fisher Cat





9

# Porcupine/African Crested Porcupine/African Cape Porcupine





10

# Virginia Opossum/Opossum





# Fox/Red Fox/Arctic Fox



# Red Fox



Standard red foxes always will have black stockings and a white tip on their tails. Therefore, any deviation from the standard color pattern is rare. Here is a picture of the red fox boarded at the Lowes' facility. He has a rare color deviation from the standard by way of a white patch on his toes on his left rear foot.

13

# Fisher



Many times, an owner of a fisher cat can tell it apart from others by the pattern of white found on its chest. Each fisher tends to have at the very least, a slightly different pattern and amount of white on its chest.

14

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

                          Plaintiff,

       v.

JEFFREY LOWE, LAUREN LOWE, GREATER
WYNNEWOOD EXOTIC ANIMAL PARK, LLC,
and TIGER KING, LLC,

                        Defendants.

Case No. 20-cv-00423-JFH

CARRIE M. LEO

                   Plaintiff-Intervenor,

       v.

THE UNITED STATES OF AMERICA,
JEFFREY LOWE and LAUREN LOWE,

            Defendants-in-Intervention.

**AFFIDAVIT IN SUPPORT
OF MOTION FOR LEAVE
TO FILE MOTION FOR
RECONSIDERATION**

STATE OF NEW YORK
WAYNE COUNTY    } ss:

      I, Carrie M. Leo, am the *Plaintiff-Intervenor-Appellant* for the above-captioned matter and offer the following statements under the penalty of perjury. These statements are in reference to the exhibit entitled Assessment Supporting Intervention for the Purpose of Repossession of Her Animals accompanying Plaintiff's-Intervenor's *Motion for Leave to File Motion for Reconsideration.*



1. The second page in the exhibit features true and correct reproductions of screens found on the usda website https:// aphis-efile.force.com/Public SearchTool/s/inspection-report. The middle image shows a screen shot from the database in which the tab "View Licenses" was selected. In contrast, the bottom image is a screen shot in which the tab "View Registrants" was selected. The images were downloaded from the website on October 24, 2021.



2. The third page in the exhibit features true and correct reproduction of a screen found on the usda website https:// aphis-efile.force.com/Public SearchTool/s/inspection-report showing the total number of USDA Licensees under the Animal Welfare Act to date.



3. The fourth page in the exhibit features true and correct reproductions of screens found on the usda website https:// aphis-efile.force.com/Public SearchTool/s/ inspection-report showing the total number of USDA Registrants under the Animal Welfare Act.



4. The fifth page in the exhibit features true and correct reproductions of screens found on the usda website https:// aphis-efile.force.com/Public SearchTool/s/inspection-report.



5. The sixth page in the exhibit features larger versions of the two screen shots found on the previous page in case the reader had problems reading the text on the screens of the former copies.



6. The seventh page in the exhibit features a true and correct reproduction of a screen found on the usda website https:// aphis-efile.force.com/Public SearchTool/s/inspection-report. It shows part of the list of inspection reports for current licensees under the Animal Welfare Act.



7. The eighth page in the exhibit features a true and correct chart created by the Plaintiff-Intervenor, Carrie Leo, featuring *all* the licensees and registrants who currently possess jackals for exhibition or other purposes (breeding, etc.). The list demonstrates a shortened version of the list of inspection reports and represents how deceiving it may look to a user who sees so many inspection reports yet have so few unique licensees and registrants. This information was pulled from the publicly accessible database located at the USDA website https://aphis-efile.force.com/PublicSearchTool/s/inspection-report.



8. The ninth page in the exhibit features true and correct reproductions of screens found on the usda website https:// aphis-efile.force.com/Public SearchTool/s/inspection-report. It's inclusions in the report allows for the reader to understand how the author derived the unique number and data regarding the licensees and registrants who currently possess jackals as part of their live inventories.



9. The tenth page in the exhibit features true and correct reproductions of screens found on the usda website https:// aphis-efile.force.com/Public SearchTool/s/inspection-report. The screens demonstrate the number of inspection reports listing "fisher" as an animal listed in the licensees'/registrants' live inventory. These are not the number of licensees and registrants who have fishers; but rather, the number of reports listing the species. The two screens also expose the difference in the use of the search terms "fisher" vs. "fisher cat" showing the value of using different common names for a species to ensure all records of interest result from the search.



10. The eleventh page in the exhibit features true and correct reproductions of screens found on the usda website https:// aphis-efile.force.com/Public SearchTool/s/inspection-report. The screens demonstrate the number of inspection reports listing "African Crested Porcupine" as an animal listed in the licensees'/registrants' live inventory. These are not the number of licensees and registrants who have African Crested Porcupines; but rather, the number of reports listing the species. The two screens on the top of the page also expose the difference in the use of the search terms "African Crested Porcupine" vs. "Porcupine" showing the value of using different common names for a species to ensure all records of interest result from the search. Keeping in mind, another common name "African Cape Porcupine", used erroneously by the authors of the Lowes' inspection reports remains another search term. However, when using the generic term "porcupine", one must perform the additional step of sorting through the various species of porcupines, such as, but not limited to, the North American porcupine, Palawan Porcupine, Prehensile-Tailed Porcupine, African Cape Porcupine, and African Crested Porcupine. One must also be cognizant of the various spelling of the names such as "African Crested Porcupine" as opposed to "African-Crested Porcupine". As one can notice, the two screen shots apparent on the bottom half of the page show no results when searching for "African Cape Porcupine" and "African Porcupine". This also brings up another point that with the inspectors falsely identifying the African Crested Porcupines at the Lowes' facility as "African Cape Porcupines", it is conceivable that, should a person not understand or know the mislabeling occurrence, which would then prompt the person to search for a more general search term, "porcupine", the searcher would get a false impression of whether or not African Crested Porcupines were in custody of any licensee or registrant with the USDA. This is a flaw in the set-up of the indexing for the database, in my opinion.

3



11. The twelfth page in the exhibit features true and correct reproductions of screens found on the usda website https:// aphis-efile.force.com/Public SearchTool/s/inspection-report. The screens demonstrate the number of inspection reports listing "opossum" as an animal listed in the licensees'/registrants' live inventory. These are not the number of licensees and registrants who have opossums; but rather, the number of reports listing the species. The two screens also expose the difference in the use of the search terms "opossum" vs. "Virginia Opossum" showing the value of using different common names for a species to ensure all records of interest result from the search. Similar to the porcupines on the previous page in the exhibit, there are a number of different species held in captivity which may skew the results for an unaware searcher. There are "Virginia Opossums", "Brushtail Opossums", "Short-Tailed Opossums", "Wooley Opossums", etc.



12. The thirteenth page in the exhibit features true and correct reproductions of screens found on the usda website https:// aphis-efile.force.com/Public SearchTool/s/inspection-report. The screens demonstrate the number of inspection reports listing "fox" as an animal listed in the licensees'/registrants' live inventory. These are not the number of licensees and registrants who have red foxes; but rather, the number of reports listing the species. The two screens below also expose the difference in the use of the search terms "red fox" vs. "fox" vs. "Arctic fox" showing the value of using different common names for a species to ensure all records of interest result from the search.



13. The fourteenth page in the exhibit features true and correct reproduction of a photograph taken by Carrie Leo at some time between the dates January 26, 2016 to April 23, 2017. It features a picture of "Houdini", the red-type fox she boarded at the Lowes' facility in April 2017. It is important to notice that it is rare for a standard red fox to have any markings on its black stockings or to be absent a white tip on the tail. In fact, as pups, it's these characteristics, especially the white tip, which help wildlife rehabilitators tell the difference between the two species upon intake.



14. The fifteenth page in the exhibit features a true and correct reproduction of a photograph taken by Carrie Leo at some time in the year 2016 of Jack the Fisher Cat while at his home at her facility in Walworth, New York. This photograph was included in the exhibit in order to show the unique markings of fisher cats, similar to mink, and how they may be used to identify an individual fisher. It's rare to have fishers have identical marks or to be a completely solid color without any marks at all.

Date: November 1, 2021

Carrie M. Leo, *Appellant pro se*
3199 Walworth Rd., Walworth, NY
315-538-8316 | carrieleo15@gmail.com

4

## VERIFICATION

I do hereby verify, under the penalty of perjury, that to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the foregoing affidavit.

1. is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

2. The claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

3. The factual contentions have evidentiary support or, if specifically, so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

4. The denials of factual contentions are warranted on the evidence or, if specifically, so identified, are reasonably based on belief or a lack of information.

Date: November 1, 2021

Carrie M. Leo, *Appellant*
3199 Walworth Road
Walworth, NY 14568
Ph: (315) 538-8316
Carrieleo15@gmail.com

Sworn to before me this 1st day of November 2021

*Notary Public*

LAUREN FRIEDL
Notary Public - State of New York
NO. 07FR6383306
Qualified in Wayne County
My Commission Expires Nov 13, 2022

5

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing affidavit was electronically mailed, and placed in the U.S. Mail, postage pre-paid, and eventually via CM/ECF upon the filing of document by the court, for counsel of record for the plaintiff and the defendants and sent to his office address listed below on November 3, 2021. All addresses used are as follows.

**VIA EMAIL AND CM/ECF**
**MARY HOLLINGSWORTH**
Senior Trial Attorney
(303) 844-1898
US Attorney (CO-Denver)
999 18th St, S Terrace
Ste 370
Denver, CO 80202
mary.hollingsworth@usdoj.gov | (202) 598-1042
*Attorney for Plaintiff the United States of America*

**VIA EMAIL AND CM/ECF**
**BRIENA L. STRIPPOLI**
Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
Wildlife & Marine Resources Section
P O Box 7611, Ben Franklin Station
Washington, DC 20044-7611
briana.strippoli@usdoj.gov | (202) 598-0412
Fax: (202) 305-0275
*Attorney for Plaintiff the United States of America*

**VIA EMAIL AND CM/ECF**
Jason D. May, Esq.
May Law Office
9 W. Main Street
Ardmore, OK 73401
580-223-9184
580-798-3118 (fax)
jasonmayesq@yahoo.com
*Attorney of record for the defendants Jeffrey & Lauren Lowe*

Carrie M. Leo, *Proposed Intervenor*
3199 Walworth Road
Walworth, NY 14568
(315) 538-8316
carrieleo15@gmail.com