IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

    *Plaintiff,*

        v.

JEFFREY LOWE,

LAUREN LOWE,

GREATER WYNNEWOOD EXOTIC ANIMAL PARK, LLC, and

TIGER KING, LLC,

    *Defendants.*

Case No. 6:20-cv-00423-JFH

## CONSENT DECREE

This Consent Decree is entered into by and between Plaintiff, the United States of America, and Defendants, Jeffrey Lowe and Lauren Lowe ("the Lowes"), (collectively, "the Parties")[1] who state as follows:

WHEREAS, on November 19, 2020, the United States filed a complaint in this action, alleging that Defendants Jeffrey Lowe, Lauren Lowe, Greater Wynnewood Exotic Animal Park, LLC, and Tiger King, LLC (collectively, "Defendants") violated the Endangered Species Act ("ESA"), 16 U.S.C. § 1538(a)(1), (g), and the Animal Welfare Act ("AWA"), 7 U.S.C. §§ 2134, 2159;

WHEREAS, the Complaint alleges Defendants own and operate a facility in

---

[1] Defendants Greater Wynnewood Exotic Animal Park, LLC and Tiger King, LLC are not parties to this agreement.

Thackerville, Oklahoma, which they have named "Tiger King Park;"

WHEREAS, the Complaint alleges that Defendants are "exhibitors" under the AWA and exhibited their animals without a valid AWA license issued by the U.S. Department of Agriculture ("USDA"), in violation of the AWA and its implementing regulations, 7 U.S.C. § 2134; 9 C.F.R. §§ 1.1, 2.1-2.12;

WHEREAS, the Complaint alleges that Defendants violated the AWA and its regulations and standards by having no qualified attending veterinarian retained under formal arrangements, failing to provide adequate veterinary care, failing to provide adequate nutrition, failing to maintain sanitary conditions, and failing to provide safe and adequate enclosures for their animals, Dkt. 2;

WHEREAS, the Complaint alleges that Defendants placed the health of their animals in "serious danger" in violation of the AWA, 7 U.S.C. § 2159, Dkt. 2;

WHEREAS, the Complaint alleges that Defendants harmed and harassed tigers, lions, and lion-tiger hybrids (collectively, "Big Cats"), a jaguar, and ring-tailed lemurs in violation of Section 9 of the ESA, 16 U.S.C. § 1538(a)(1), (g), Dkt. 2;

WHEREAS, on December 14, 2020, the Parties entered into a stipulation to resolve the United States' pending motion for preliminary injunction, Dkt. 23;

WHEREAS, on January 15, 2021, the Court ruled that the United States was likely to succeed on the merits of its claims and granted the United States' requested preliminary injunctive relief, including, among other things, requiring Defendants to relinquish all Big Cat cubs aged one year old or younger and their respective mothers to the United States for temporary placement in reputable facilities, Dkt. 65;

WHEREAS, pursuant to the Court's order, Dkt. 65, Defendants relinquished fourteen Big

Cats to the United States pending final resolution of this case;

WHEREAS, the United States executed two civil seizure warrants in May 2021 to seize a total of 68 Big Cats and one jaguar from Tiger King Park, *see United States v. Approximately 85 Big Cats, 1 Jaguar, and 11 Ring-Tailed Lemurs*, 21-CV-228-JFH;

WHEREAS, on May 14, 2021, the Court held Defendants in civil contempt for failing to comply with the Court's orders of January 15, 2021, Dkt. 65, and March 22, 2021, Dkt. 78, and imposed a civil contempt sanction of $1000 per day until Defendants come into compliance with the Court's orders, Dkt. 97;

WHEREAS, on July 26, 2021, the Court issued an order denying Defendants' Partial Motion to Dismiss the Complaint for failure to state a claim and determining: (1) that the United States had stated a claim under the AWA by plausibly pleading that Defendants are exhibitors under the AWA and had exhibited their animals without a license, (2) that the AWA does not violate the First Amendment of the U.S. Constitution by infringing upon Defendants' freedom of speech, and (3) that the United States stated a claim against Tiger King, LLC, Dkt. 114;

WHEREAS, on August 13, 2021, the Lowes executed an abandonment acknowledgement immediately abandoning their right, title, and interest in the 61 remaining animals at Tiger King Park (hereinafter "Abandoned Animals"), Dkt. 115; Dkt. 115-1 at 3 (animal inventory);

WHEREAS, on August 18, 2021, the United States took possession of 52 animals protected by the AWA and, in the case of the ring-tailed lemurs, also the ESA. According to the Lowes, the reason for the discrepancy in numbers was: (1) five of the seven raccoons had been released by a third party and were no longer at the facility; (2) the bush baby had died; and (3) the three dogs listed on the June 2, 2021 inventory were pets, despite, at times, being housed

3

within the Tiger King Park perimeter. The United States agreed to allow the dogs to remain with the Lowes.

WHEREAS, the Parties recognize, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith and will avoid litigation between the Parties and that this Consent Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

1. This Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. §§ 1331 and 1345, 16 U.S.C. § 1540(c) (actions arising under the ESA), and 7 U.S.C. § 2146(c) (actions arising under the AWA), and over the Parties. Venue lies in this District pursuant to 7 U.S.C. § 2159 and 28 U.S.C. § 1391(b), (c) because the violations alleged in the Complaint are alleged to have occurred in, and Defendants reside or are incorporated in, this judicial district. For purposes of this Decree, or any action to enforce this Decree, the Lowes consent to the Court's jurisdiction over this Decree and any such action and over them and consents to venue in this judicial district.

2. The obligations of this Consent Decree apply to and are binding upon the United States and upon the Lowes and any successors, assigns, or other entities or persons otherwise bound by law.

3. No transfer of ownership or operation of Tiger King Park shall relieve the Lowes of their obligation to ensure that the terms of this Consent Decree are implemented.

4. The Lowes shall provide a copy of this Consent Decree to all officers, employees, and agents whose duties might reasonably include compliance with any provision of this

Decree. In any action to enforce this Consent Decree, the Lowes shall not raise as a defense their failure to provide a copy of this Consent Decree to any officer, employee, or agent or the failure by any of its officers, employees, or agents to take any actions necessary to comply with the provisions of this Consent Decree.

5. As noted above, the United States has seized or otherwise taken possession of 82 Big Cats, 1 jaguar, and 11 ring-tailed lemurs protected by the ESA. The Lowes agree to consent to and not oppose or file any claim in any civil forfeiture action filed by the United States involving any of these animals or any offspring they have had or will have in the future. The Lowes agree to forfeit to the United States voluntarily and immediately all of their right, title, and interest in these animals, which they agree are subject to forfeiture pursuant to 16 U.S.C. § 1540(e)(4). They hereby waive their right to notice of any forfeiture proceeding involving the subject animals, and agree not to file a claim or assist others in filing a claim in any such forfeiture proceeding.

6. The Lowes agree to fully assist the United States in the forfeiture of the animals described in Paragraph 5 and to take whatever steps are necessary to pass clear title to the subject animals to the United States, including but not limited to, surrender of title and execution of any documents necessary to transfer their interest in any of the subject animals to the United States.

7. With regard to the Abandoned Animals, except the 11 ring-tailed lemurs which are subject to forfeiture and addressed separately in Paragraphs 5 and 6, the Lowes agree that the abandonment acknowledgement executed on August 13, 2021, was lawful and they will not bring any future legal challenges, either in their personal capacity or

as part of a business entity, against the government or any facility involved in the removal, transport, or care of these Abandoned Animals.

8. The Lowes shall permanently refrain from exhibiting any animals covered by the AWA. Exhibition includes making an animal available to a member of the public. *See* Dkt. 114 at 6. Exhibition can occur in person regardless of compensation or through any other platform, including online for compensation in exchange for viewing the animals or to promote an existing or future zoo. 7 U.S.C. § 2132(h); 9 C.F.R. § 1.1. The Lowes further agree to permanently refrain from applying for any AWA license or registration, either in their individual capacity or through any corporate entity.

9. The Order entering this Decree may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the Parties filed with and approved by the Court, or upon written motion filed by one of the Parties and granted by the Court. In the event that either party seeks to modify the terms of this Decree or in the event of a dispute arising out of or relating to this Decree, or in the event that either party believes that the other party has failed to comply with any term or condition of this Decree, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim or modification. The Parties agree that they will meet and confer at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court. The Parties agree that they may meet and confer by email. If the Parties are unable to resolve the claim themselves, either party may seek relief from the Court.

10. This Consent Decree in no way limits or affects any right of entry and inspection, or any right to obtain information, held by the United States pursuant to applicable federal laws, regulations, or licenses, nor does it limit or affect any duty or obligation of the Lowes to maintain documents, records, or other information imposed by applicable federal or state laws, regulations, permits, or Court orders.

11. This Consent Decree resolves the civil claims of the United States against the Lowes for the violations alleged in the Complaint filed in this action through the date the Consent Decree is filed with the Court.

12. Within 7 days of the Court approving the Consent Decree, the United States shall move to dismiss all counts of the Complaint in this action as raised against the Lowes and move to withdraw the United States' pending Motion for Damages, Dkt. 100.

13. The United States reserves all legal and equitable remedies available to enforce the provisions of this Consent Decree. This Consent Decree shall not be construed to limit the rights of the United States to obtain penalties or injunctive relief under the AWA, ESA, or implementing regulations, or under other federal laws, regulations, or license conditions, except as expressly provided herein.

14. The United States expressly reserves the right to seek any other relief it deems appropriate for the Lowes' violation of this Decree or applicable law, including but not limited to an action against the Lowes for statutory penalties, additional injunctive relief, and/or contempt.

15. The Lowes release and forever discharge the United States, including but not limited to the United States Department of Justice, USDA, and any other federal, state or local law enforcement agency, and their agents, contractors, and employees, acting in

their individual or official capacities, from any and all claims, rights or causes of action, damages, expenses and costs, known or unknown, which the Lowes have or may have against these government agencies and/or their employees, agents, and contractors arising from, related to, or as a result of, any actions with respect to this litigation.

16. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, civil penalties, other appropriate relief relating to the Lowes' violations, the Lowes shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case, except with respect to claims that have been specifically resolved pursuant to Paragraph 12.

17. Nothing in this Decree shall be construed or offered as evidence in any proceeding as an admission or concession of any wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Decree or any similar claims brought in the future by any other party. Except as expressly provided in this Decree, none of the Parties waives or relinquishes any legal rights, claims or defenses it may have. This Decree is executed for the purpose of settling the United States' Complaint as to the Lowes, and nothing herein shall be construed as precedent having preclusive effect in any other context.

18. This Consent Decree is not a license, or a modification of any license, under any federal, State, or local laws or regulations. The Lowes are responsible for achieving

and maintaining complete compliance with all applicable federal, State, and local laws, regulations, and licenses; and the Lowes' compliance with this Consent Decree shall be no defense to any action commenced pursuant to any such laws, regulations, or permits, except as set forth herein. The United States does not, by its consent to the entry of this Consent Decree, warrant or aver in any manner that the Lowes' compliance with any aspect of this Consent Decree will result in compliance with the AWA, the ESA, or with any other provisions of federal, State, or local laws, regulations, or licenses.

19. This Consent Decree does not limit or affect the rights of the United States against any third Parties, not party to this Consent Decree, nor does it limit the rights of third Parties, not party to this Consent Decree, against the Lowes, except as otherwise provided by law.

20. The Parties shall bear their own costs of this action, including attorneys' fees.

21. This Consent Decree shall be binding upon the Parties as of the date upon which this Consent Decree is signed and lodged with the Court, unless otherwise provided expressly herein. In the event that the Court declines to enter the Consent Decree, then the requirement to perform duties required by this Consent Decree shall terminate.

22. This Consent Decree constitutes the entire agreement among the Parties regarding the subject matter of the Decree and supersedes all prior representations, agreements and understandings, whether oral or written, concerning the subject matter of the subject matter of the Decree herein.

23. The undersigned Parties and/or their representatives certify that they are fully authorized by the party or Parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

24. Notwithstanding the dismissal of this action, however, the Parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify or enforce such terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

FOR THE UNITED STATES OF AMERICA:

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division


_____
BRIENA STRIPPOLI
Trial Attorney
MARY HOLLINGSWORTH
Senior Trial Attorney
DEVON LEA FLANAGAN
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
Mary.Hollingsworth@usdoj.gov | 202-598-1043
Briena.Strippoli@usdoj.gov | 202-598-0412
Devon.Flanagan@usdoj.gov | 202-305-0201
Fax: 202-305-0275

CHRISTOPHER J. WILSON
Acting United States Attorney
SUSAN BRANDON, Civil Chief
United States Attorney's Office
Eastern District of Oklahoma
520 Denison Avenue
Muskogee, OK 74401
Attorneys for the United States of America

FOR DEFENDANTS JEFFREY LOWE AND
LAUREN LOWE:

_____
JASON D. MAY
May Law Office
9 W Main Street
Ardmore, OK 73401
jasonmayesq@yahoo.com | 580-223-9184
Fax: 580-798-3118
Attorney for Defendants Jeffrey and Lauren Lowe

11

_Jeffrey Lowe_
JEFFREY LOWE
Defendant


_Lauren Lowe_
LAUREN LOWE
Defendant