## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 20-cv-0423-JFH** |
| **JEFFREY LOWE, LAUREN LOWE, GREATER WYNNEWOOD EXOTIC ANIMAL PARK, LLC, and TIGER KING, LLC,** | |
| **Defendants.** | |

## OPINION AND ORDER

This matter is before the Court on the motion for default judgment, filed by the United States.  Dkt. No. 143.

### I.    BACKGROUND

This case arises from alleged violations of the Endangered Species Act, 16 U.S.C. §§ 1531-44, ("ESA") and the Animal Welfare Act, 7 U.S.C. §§ 2131-59, ("AWA") by Defendants Jeffrey Lowe ("Jeff Lowe"), Lauren Lowe, GWEAP, LLC and Tiger King, LLC (collectively, "Defendants").  *See generally* Dkt. No. 2.  From 2017 until approximately September 2020, Jeff Lowe and Lauren Lowe (collectively, the "Lowes"), along with Greater Wynnewood Exotic Animal Park, LLC ("GWEAP, LLC"), operated a roadside zoo in Wynnewood, Oklahoma (the

"Wynnewood Location").[1]  *See Big Cat Rescue*, No. CIV-16-155-SLP, 2020 WL 2842845, at *3 (requiring that the property be vacated 120 days from the June 1, 2020 Order).  Dkt. No. 28-30 at 3-14.

Inspectors from the Animal and Plant Health Inspection Services ("APHIS"), United States Department of Agriculture ("USDA"), performed inspections of the Wynnewood Location on June 22, 2020 and July 8, 2020.  Dkt. No. 28-15; Dkt. No. 28-21.  Reports from those inspections document numerous instances of animals at the facility being provided inadequate food, shelter, and veterinary care in violation of the AWA.  *Id*.  As a result of the documented violations, Jeff Lowe's AWA license was suspended on August 13, 2020.  Dkt. No. 28-29 at 2-3.  On August 17, 2020, the USDA filed an administrative complaint seeking permanent revocation of Jeff Lowe's AWA license and imposition of civil penalties.  Dkt. No. 28-30.  Jeff Lowe voluntarily terminated his AWA license on August 21, 2020.[2]

In an unrelated case, the United States District Court for the Western District of Oklahoma issued an order requiring Defendants to vacate the Wynnewood Location by October 1, 2020.  *See Big Cat Rescue Corp. v. Schreibvogel*, No. CIV-16-155-SLP, 2020 WL 2842845, at *3 (W.D. Okla. June 1, 2020).  The Lowes, along with a business associate Eric Yano ("Yano"), formed Tiger King, LLC for the purpose of marketing their zoo which was to be moved to, and operated from, a location in Thackerville, Oklahoma (the "Thackerville Location").  Dkt. No. 56-3 at 1.

---

[1]  The zoo at the Wynnewood Location, for a period of time, was also operated by Joe Maldonado-Passage, also known as "Joe Exotic," featured in the Netflix® series "Tiger King: Murder, Mayhem and Madness."

[2]  Lauren Lowe does not have a USDA issued AWA exhibitor license; she and Defendant GWEAP, LLC had operated under Jeff Lowe's license.  Dkt. No. 54 at 1.

On November 19, 2020, the United States initiated this case, alleging ongoing ESA and AWA violations and seeking declaratory and injunctive relief.  Dkt. No. 2.  Specifically, the United States sought an order:  (1) declaring that Defendants had violated the ESA and the AWA; (2) enjoining Defendants from interfering with USDA inspections of their properties, exhibiting animals without a license and placing the animals' health and safety at risk; and (3) requiring Defendants to relinquish possession of all ESA protected animals to the United States.  *Id.* at 46-47.  Counsel for Defendants executed waivers of the service of summons for each Defendant on January 8, 2021.  Dkt. No. 117-2.  Defendants filed a partial motion to dismiss on February 8, 2021, and a corrected partial motion to dismiss on February 15, 2021.  Dkt. No. 69; Dkt. No. 73.

On May 6, 2021 and May 17, 2021, two search and seizure warrants, issued by United States Magistrate Judge Steven P. Shreder, were executed.  *See* 21-MJ-218, Dkt. No. 7; 21-MJ-244, Dkt. No. 7.  Pursuant to these warrants, 68 Big Cats were seized from the Thackerville Location.  *Id.*

After the Court denied Defendants' corrected partial motion to dismiss on July 26, 2021 [Dkt. No. 114], no responsive pleading was filed.  On August 25, 2021, the United States filed a motion for entry of default by the Clerk.  Dkt. No. 117.  The motion was granted, and default was entered against Defendants on September 9, 2021.  Dkt. No. 124.  On October 13, 2021, the United States moved for default judgment.  Dkt. No. 143.  Defendants did not respond to the motion.[3]

On December 23, 2021, the Court approved a Consent Decree in which the Lowes agreed, in pertinent part, to:  (1) forfeit their right to and interest in the ESA protected animals in the United

---

[3]  Defendants' responsive pleading was due October 27, 2021.  *See* LCvR 7.1(d) ("Each party opposing a motion or objection shall file with the Court Clerk and serve upon all other parties a response within fourteen (14) days, if applicable, from the date the motion or objection was filed.").

States' possession;[4] (2) permanently refrain from exhibiting any animals covered by the AWA; (3) permanently refrain from applying for any AWA license or registration in their individual capacities or through a corporate entity [Dkt. No. 155 at 5-7].  Dkt. No. 156.  Under the Consent Decree, the United States agreed to dismiss all counts in the Complaint against the Lowes and to withdraw its pending motion for damages.  *Id.* at 7.[5]  The entry of the Consent Decree moots the United States' motion for default judgment as it pertains to the Lowes.  Dkt. No. 152 at 1. Therefore, this Order addresses the motion for default judgment only as it pertains to Defendants GWEAP, LLC and Tiger King, LLC (the "Defendant Entities").

## II.    DISCUSSION

"[E]ntry of a default judgment is committed to the sound discretion of the district court." *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016).  Defendants filed waivers of service of summons on January 13, 2021.  Dkt. No. 60; Dkt. No, 61.  They also filed a partial motion to dismiss on February 8, 2021 [Dkt. No. 69] and a corrected partial motion to dismiss on February 15, 2021 [Dkt. No. 73].  After the Court denied the corrected partial motion to dismiss, the responsive pleading deadline under Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure was August 9, 2021.  Neither of the Defendant Entities filed a responsive pleading.  The court clerk entered default upon Plaintiff's motion on September 9, 2021.  Dkt. No. 124.  Counsel for the Defendants moved to withdraw [Dkt. No. 121] and the Court granted the motion on September 16, 2021 [Dkt. No. 132].  The Court cautioned that if replacement counsel did not enter an appearance on behalf of the Defendant Entities by September 30, 2021, default judgment could be

---

[4]  According to the Consent Decree, this includes 82 big cats, 1 jaguar, and 11 rig-tailed lemurs. Dkt. No. 149 at 5.

[5]  Notwithstanding dismissal of the United States' claims, and the withdraw of its motion for damages, the issue remains concerning calculation of the contempt sanctions issued by the Court against the Lowes pursuant to the Court's May 14, 2021 Order.  *See* Dkt. No. 97; Dkt. No. 146.

entered against them. *Id.* To date, replacement counsel has not entered an appearance on behalf of either of the Defendant Entities.

As the Defendant Entities have failed to plead or otherwise defend their position in this lawsuit, the only remaining inquiry before the Court is whether the United States raises well-pleaded factual allegations to support judgment on the claims against them. *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) ("Once default is entered, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action." (internal quotation marks and citation omitted).

In its Complaint, the United States asserts claims relative to alleged ESA and AWA violations. Specifically, the United States claims that the Defendant Entities "own, possess, and/or exhibit" the animals that are the subject of this action, have violated and will continue to violate the ESA, unlawfully "taking" protected animals by: (1) failing to maintain an attending veterinarian and establish and maintain programs of adequate veterinary care [Dkt. No. 2 at 39-40]; (2) failing to provide food that was wholesome, palatable, and free from contamination and of sufficient quantity and nutritive value to maintain good health [*Id.* at 40]; (3) removing Big Cat cubs and Ring-Tailed Lemur pups from their mothers prematurely [*Id.* at 41-42]; (4) forcing Big Cat cubs and Ring-Tailed Lemur pups to engage in public playtime events [*Id.* at 41-43]; (5) failing to maintain sanitary conditions [*Id.* at 43]; and (6) failing to maintain adequate and safe enclosures [*Id.* at 44-45]. The United States also claims that the Defendant Entities violated and will continue to violate the ESA by possessing, delivering, carrying, and/or transporting unlawfully "taken" protected animals. *Id.* at 44-45. Finally, the United States claims that the Defendant Entities violated and will continue to violate the AWA by unlawfully exhibiting animals without a valid USDA exhibitor license and by placing the health of animals in serious danger. *Id.* at 45-46.

Taking all of the United States' allegations as true, the Court concludes that the allegations provide a sufficient factual basis for entry of default on the United States' claims against the Defendant Entities.  Therefore, the United States is entitled to default judgment on those claims.

**IT IS THEREFORE ORDERED** that:

1. The United States' motion for default judgment [Dkt. No. 143], is **GRANTED**;

2. A judgment will be entered declaring that the Defendant Entities:  (a) violated the ESA by illegally taking ESA-protected animals; (b) violated the ESA by possessing ESA-protected animals that were illegally taken; (c) violated the ESA by delivering, carrying, and/or transporting ESA-protected animals that were illegally taken; and (d) violated the AWA by exhibiting animals without a license;

3. The Defendant Entities are permanently enjoined from taking any ESA-protected animals, or possessing, carrying, transporting or delivering any ESA-protected animals that have been unlawfully taken;

4. The Defendant Entities are permanently enjoined from exhibiting animals to the public;

5. The Defendant Entities' possessory interest and ownership interests are permanently relinquished as to the AWA and ESA-protected animals that were:  (a) relinquished to the United States pursuant to the Court's January 15, 2021 Order [Dkt. No. 65]; (b) seized by the United States pursuant to the search and seizure warrants issued in 21-MJ-218 and Dkt. No. 7; 21-MJ-244; (c) the animals that were voluntarily relinquished to the United States on August 18, 2021 [Dkt. No. 116]; and (d) any offspring of the animals described in (a)-(c); and

6. The AWA-protected animals at issue shall be permanently placed in facilities selected by the United States.

Dated this 23rd day of December 2021.

_____

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE